Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave. Ste. B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, **WILDEARTH GUARDIANS**, and **NATIVE FISH SOCIETY**, | Case No.  3:18-cv-00437-JR |
| Plaintiffs, | **MOTION TO LIFT STAY OF DEADLINES** |
| v. | |
| **U.S. ARMY CORPS OF ENGINEERS** and **NATIONAL MARINE FISHERIES SERVICE**, | **Expedited Hearing Requested** |
| Defendants, | |
| and | |
| **CITY OF SALEM** and **MARION COUNTY**, | |
| Defendant-Intervenors, | |

MOTION TO LIFT STAY OF DEADLINES                                                                                              0

Plaintiffs respectfully request the Court lift the stay of deadlines imposed on the briefing of Plaintiffs' Motion for Preliminary Injunction and order new deadlines in light of the need for a remedy order from the Court this spring.  Plaintiffs' motion involves claims under the Endangered Species Act concerning ongoing harm to threatened salmon and steelhead in the Willamette River.  ECF No. 36.  Their motion seeks relief to reduce that harm by, among other things, changing the Army Corps of Engineers' ("Corps") operation of dams in the Upper Willamette basin to improve fish passage past the dams this fall, as well as reduce fall water temperatures below the dams.  *Id.* at 34-35 & Ex. 44.  To accomplish these beneficial measures for the fish, the Corps would need to implement changes to dam and reservoir operations starting this spring and summer.  Thus, an order from the Court is needed this spring to achieve the requested relief, and Plaintiffs seek a new schedule to accommodate that timing.

Plaintiffs filed their preliminary injunction materials on November 30, 2018, Defendants' responses were due by January 18, 2019, and Plaintiffs' reply due by February 15, 2019.  ECF Nos. 31.  Plaintiffs initially agreed to extend the deadline for Federal Defendants' response brief in consideration of Department of Justice employees being on furlough, and the Court stayed the deadlines in the case until Department of Justice attorneys resume work.  ECF Nos. 47, 48.  At that time, Plaintiffs did not envision the furlough becoming the longest in history and believed an extension of a couple weeks would not undermine their requested relief.  However, given the extended length of the Federal Government shutdown, with no end in sight, the indefinite stay of Plaintiffs' preliminary injunction motion may thwart actions needed to help these critically imperiled fish species.

As explained in Plaintiffs' preliminary injunction motion and accompanying materials, these two species are at extremely low numbers, with many populations at high risk of

MOTION TO LIFT STAY OF DEADLINES                                                                                                 1

extirpation, and the primary threat to their survival is the Corps' dams on the Middle Fork Willamette, North Santiam, South Santiam, and McKenzie rivers. ECF Nos. 36-39. These dams block access to much of the historic spawning habitat for both species and impair downstream water temperatures, water flows, and habitat. Plaintiffs filed this preliminary injunction motion seeking immediate changes in the operation of these dams and reservoirs to help these species in the short-term while the Corps and the National Marine Fisheries Service complete a new long-term plan for the dams that will ensure the survival and recovery of the fish. These short-term improvements focus in particular on two of the biggest problems for the species—poor downstream passage past the dams for juvenile fish and high water temperatures below the dams during fall spawning periods. To address these problems, Plaintiffs seek fall drawdowns of reservoirs at Cougar, Detroit, and Lookout Point dams to help juvenile fish migrate downstream past the dams, and changes to water releases in late summer and fall to reduce water temperatures below the dams. To provide these benefits for the fish, the Corps will need to change its storage and release of water from Cougar, Detroit, and Lookout Point reservoirs in the summer and fall and begin planning for those changes this spring.

Plaintiffs recognize that Department of Justice attorneys are on furlough, but this Court announced on January 16, 2019 that the ongoing lapse in appropriations does not justify a blanket stay of all civil cases. D. Or. Standing Order No. 2019-3. Instead, this Court will evaluate whether good cause exists to support a delay in proceedings. *Id*.

Since issuing Standing Order No. 2019-3, this Court has denied stays of civil litigation similar to this. *E.g., Nw. Envt'l Advocates v. Animal & Plant Health Inspection Serv.*, 3:18-cv-01777-HZ, ECF No. 12 (Jan. 17, 2019); *Bark v. U.S. Forest Serv.*, No. 3:18-cv-01645-MO, ECF No. 28 (Jan. 18, 2019). In *Bark v. U.S. Forest Service,* Chief Judge Mosman relied on Standing

Order No. 2019-3 to deny the Federal Government's request for an indefinite stay where environmental plaintiffs asserted their interests in wildlife would be irreparably harmed by the challenged action scheduled to begin in May 2019.  No. 3:18-cv-01645-MO, ECF Nos. 25, 28.  As in that case, Plaintiffs have alleged that the Corps' ongoing operation of the Willamette dams and reservoirs will continue to irreparably harm their interests in protecting these two fish species absent intervention from this Court.  ECF. No.  36.  This situation demonstrates good cause to lift the stay and allow proceedings on Plaintiffs' Motion for Preliminary Injunction to continue.

Other courts have denied stays of litigation as well, particularly where environmental protections or human safety were at issue.  *See Klamath-Siskiyou Wildlands Ctr. v. Grantham,* Case No. 2:18-cv-2785-TLN-DMC, ECF No. 43 (E.D. Cal. Jan. 4, 2019) (denying stay of preliminary injunction proceedings due to potential irreparable harm to the environment); *Board of County Comm'rs of the Cnty of San Miguel, Colo. v. U.S. Bureau of Land Mgmt.,* Case No. 1:17-cv-2432-RPM, ECF No. 48 (D. Co. Jan. 4, 2019) (denying stay of ESA case); *Waterkeeper Alliance, Inc. v. Wheeler,* Case No. 1:18-cv-2230-JDB, ECF No. 31 (D.D.C. Jan. 14, 2019) (denying stay in case challenging coal ash disposal permits); *Nat'l Audubon Soc'y v. U.S. Army Corps of Eng'rs,* Case No. 7:17-cv-162-FL, ECF No. 52 (E.D. N.C. Jan. 14, 2019) (denying stay in case challenging Clean Water Act 404 permit); *United States v. Baltimore Police Dep't,* Case No. 1:17-cv-99-JKB, ECF No. 173 (D. Maryland, Dec. 26, 2018) (denying stay in case involving public safety issues); *Kornitzky Group, LLC v. Elwell,* 2019 U.S. App. LEXIS 929, Case No. 18-1160 (D.C. Cir. Jan. 9, 2019) (denying stay in case against Federal Aviation Administration, citing numerous other cases denying stays during prior Government shutdown); *Am. Civil Liberties Union v. Dep't of Defense,* Case No. 9:18-cv-154-DWM, ECF No. 22 (D. Mont. Jan.

MOTION TO LIFT STAY OF DEADLINES                                                                                      3

10, 2019) (denying stay of Freedom of Information Act case); *In re petition for a general order holding civil matters in abeyance in which the United States is a party due to lapse of Congressional appropriations funding the Department of Justice and the United States Attorney's Office,* Case No. 2:18-mc-196, ECF No. 3 (S.D. W. Virginia, Jan. 2, 2019) (exempting cases from general stay order because shutdown "is a dispute internal to one party") (all attached as Exhibits 1-8). Courts have significant discretion in managing their dockets, and as seen in the above cases, have found in many instances that a lapse of appropriations for Government attorneys does not justify staying a case.

Preliminary injunctions in particular warrant extra consideration with regard to staying deadlines. *See e.g. New Mexico General Order* at 2 (exempting injunction requests and temporary restraining orders from general stay order) (attached as Exhibit 9). Such motions are requested only in situations where there is an imminent threat of likely irreparable harm, requiring expedited review by courts. In such circumstances, extended stays of a case may allow for the irreparable harm to occur or at least begin, prejudicing plaintiffs through no fault of their own, and thus should be rejected.

At the time Plaintiffs agreed to a stay, they hoped a short stay would allow Department of Justice attorneys to return to work and file their response in time for the Court to hold a hearing by late winter. That now appears unlikely. Plaintiffs therefore request that the Court lift the stay of the deadlines in this case and reset the preliminary injunction deadlines as follows:

Defendants/Intervenors must file their responses no later than February 8, 2019.

Plaintiffs must file their reply no later than March 8, 2019.

Plaintiffs request the Court hold a hearing before the end of March.

This timing would hopefully allow the Court to rule in time to achieve Plaintiffs' requested

MOTION TO LIFT STAY OF DEADLINES                                                                 4

relief, including reservoir drawdowns and water temperature improvements for Fall 2019. The precarious status of these salmon and steelhead species evidenced by their very low numbers the past two years demands immediate reduction of harm from the operation of these dams. Accordingly, the Court should lift the stay of this case and order the deadlines requested by Plaintiffs so that this case moves forward on a timeline that can provide the requested preliminary injunction remedy.

Federal Defendants have stated they oppose this motion. Plaintiffs have not received a response from Defendant-Intervenors as to their position.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court lift the stay of deadlines on Plaintiffs' Motion for Preliminary Injunction and order the deadlines requested by Plaintiffs above.

Dated: January 21, 2019          Respectfully submitted,

        /s/Lauren M. Rule
Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave, Suite B
Portland, OR  97202
Tel: (503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs