JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al.

Plaintiffs,

v.

U.S. ARMY CORPS OF ENGINEERS, et al.

Defendants,

and

CITY OF SALEM and MARION COUNTY,

Defendant-Intervenors.

Case No.: 3:18-cv-00437-JR

**MOTION TO DISQUALIFY AND EXCLUDE THE TESTIMONY OF RICHARD A. DOMINGUE (ECF 38) AND JOHN K. JOHNSON (ECF 39) AND MEMORANDUM IN SUPPORT**

## I. MOTION

Plaintiffs rely on declarations of two former Federal employees in seeking emergency relief against the U.S. Army Corps of Engineers' operation of Willamette Valley Project (WVP). Mr. Richard A. Domingue (ECF 38) and Mr. John K. Johnson (ECF 39) testify that they worked personally and substantially on the WVP while employed with the National Marine Fisheries Service (NMFS). They now provide testimony against NMFS and the U.S. Army Corps of Engineers (Corps) on the same matters they worked on while employed by the government. The Ethics in Government Act of 1978 (Ethics Act), 18 U.S.C. § 207(a)(1), prohibits this conduct. It permanently bars former government employees from using information acquired on a particular matter during their government service on behalf of any other person except the United States. While the Act can be enforced through criminal and civil penalties, Section 216(c) allows the Court to enforce the Ethics Act's prohibitions. 18 U.S.C. § 216(c). The Court should do so by disqualifying Mr. Domingue and Mr. Johnson and striking their declarations.

Pursuant to LR 7-1, Federal Defendants conferred with counsel for Plaintiffs in a good faith effort to resolve this motion, requesting that Plaintiffs withdraw the declarations filed in contravention of Section 207(a)(1). Counsel for Plaintiffs indicated that they do not agree the declarants' testimony violates Section 207 and further indicated that, if Federal Defendants file this motion, then Plaintiffs would consider subpoenaing NMFS and Oregon Department of Fish and Wildlife employees and requesting an evidentiary hearing. Federal Defendants disagree that Plaintiffs' contemplated actions are properly linked with this motion, and the parties thus were unable to resolve the dispute.

## II. MEMORANDUM IN SUPPORT

Federal Defendants provide the following statement of facts and law in support of the Motion, which shows that the Court should exclude Mr. Domingue's and Mr. Johnson's testimony:

1. Mr. Domingue and Mr. Johnson should be disqualified from testifying because the Ethics Act, 18 U.S.C. § 207(a)(1), prohibits the declarants' testimony on matters they personally and substantially worked on while employed with NMFS.

2. Congress passed the Ethics Act to prevent certain acts that are detrimental to public confidence in the Government. S. Rep. No. 95–170, at 31 (1977), reprinted in 1978 U.S.C.C.A.N. 4216, 4247 (statute's purpose to "insure government efficiency, eliminate official corruption, and promote even-handed exercise of administrative discretion"). Section 207(a)(1) prohibits former government employees from providing an expert opinion over a particular matter in which the United States has a direct and substantial interest, in which the employee personally participated in his official capacity, and which involved a specific party. 18 U.S.C. § 207(a)(1), (j)(6)(A). The prohibition prevents "revolving door" engagements by former government employees, *United States ex rel. Sieuwick v. Jarnieson Sci. & Eng'g,* 214 F.3d 1372, 1374 (D.C. Cir. 2000), because "even the appearance of public office being used for personal or private gain" undermines the "the public confidence in the integrity of government." S. Rep. No. 95-170, at 32, 1978 U.S.C.C.A.N. 4248.

3. For purposes of Section 207(a)(1), Congress defined "particular matter" broadly to include the same "request for a ruling or determination, rulemaking, contract, controversy, claim, charge, accusation, arrest, or judicial or other proceeding." 18 U.S.C. § 207(i)(3). Congress also defined "participated" broadly to include "the rendering of advice, investigation, or other such action." 18 U.S.C. § 207(i)(2).

4. Mr. Domingue's and Mr. Johnson's declarations establish that Section 207(a)(1)'s prohibition applies to their testimony. This case involves a particular matter—NMFS's 2008 Endangered Species Act (ESA) consultation and the Corps' ESA compliance efforts for the WVP. ECF 1 ¶¶ 1-2, 81-95; ECF 36 (entire). This particular matter also is not a matter of general applicability but involves "specific" parties (Federal and State agencies). *Id.*; *see* 5 C.F.R. §

2641.301(a), Example 3 ("specific" party matters include those between government agencies). And the ESA consultation and implementation actions for the WVP constitute the same matters that Mr. Domingue and Mr. Johnson admit they "participated" in while employed with NMFS. *See* ECF 38 ¶ 5-6 (Mr. Domingue testifying that he worked for NMFS on "the ESA consultation for the Corps' Willamette Project," including developing the 2008 Biological Opinion and Reasonable and Prudent Alternative (RPA) action and evaluating the Corps' ongoing ESA compliance activities associated with providing "water releases" and conducting "fish passage"); ECF 39 ¶ 9 (Mr. Johnson testifying that he worked for NMFS to develop the 2008 WVP Biological Opinion and RPA).

5. None of the Ethics Act's narrow exceptions to Section 207(a)(1)'s prohibitions apply. The Ethics Act, for example, does not prohibit individuals from providing court testimony under oath. 18 U.S.C. § 207(j)(6) ("Nothing in this section shall prevent an individual from giving testimony under oath, or from making statements required to be made under penalty of perjury."). Section 207(j)(6)(A), however, contains an exception to that exception for expert witnesses, 18 U.S.C. § 207(j)(6)(A). The declarants admit they are providing expert testimony, ECF 38 ¶ 2; ECF 39 ¶ 2, meaning Section 207(j)(6)'s general exception does not apply, *see Goodeagle v. United States*, No. Civ-09-490-D, 2010 WL 3081520, at *3 (W.D. Okla. Aug. 6, 2010) (distinguishing between fact and expert testimony under the Ethics Act).

6. The Ethics Act also contains a narrow exception when an individual has specialized scientific or technical knowledge unobtainable from any other source. 18 U.S.C. § 207(j)(5). In those situations, extraordinary circumstances could justify overriding the statutory bar and justify use of Section 207(j)(6)(A)'s exemption allowing for a "court order" granting permission for an expert to testify. *See* 5 C.F.R. § 2641.301(e), (f), & Example 4 (explaining only "extraordinary circumstances [could] justify overriding the specific statutory bar to such [expert] testimony;" such as situations "where no other equivalent expert testimony can be obtained and an employee's prior involvement

in the matter would not cause her testimony to have an undue influence on the proceedings"). But "[w]ithout such extraordinary circumstances, ordering such expert testimony would undermine [Section 207's] bar on such testimony." *Id.*[1]

7. Plaintiffs cannot show that the declarants possess such specialized expertise or that extraordinary circumstances exist. At this stage of the proceedings,[2] Plaintiffs' reliance on Mr. Schroeder's declaration (ECF 37) proves that Plaintiffs are able to proceed without use of testimony that violates the Ethics Act. Plaintiffs' failure to take any of the available steps to secure an administrative exemption to Section 207(a)(1)'s prohibition against Mr. Domingue's and Mr. Johnson's testimony further betrays any claim that Plaintiffs lacked options on how to proceed. *See* 18 U.S.C. § 207(j)(5) (administrative steps available to explore exemptions or waivers to Section 207(a)(1)'s prohibitions); 5 C.F.R. §§ 2641.105; 2636.103 (same).

8. Plaintiffs, moreover, advance the testimony of these former government employees precisely to have an improper, "undue influence on [these] proceedings." 5 C.F.R. § 2641.301(f), Example 4. Both declarants opine that they are "experts" in part because of the knowledge and information obtained while working with NMFS on ESA consultation and compliance actions for the WVP. ECF 38 ¶¶ 4-6; ECF 39 ¶¶ 4-5. Plaintiffs, in turn, seek to capitalize on the declarants' prior affiliations by holding out the testimony as more credible and entitled to more weight because they switched sides. The Ethics Act addresses this very conduct—that "public confidence in

---

[1] The regulation's reliance on extraordinary circumstances flows directly from the structure of this statute. Congress' inclusion of a broad general prohibition (§ 207(a)(1)) and a specific prohibition subject to an exception (§ 207(j)(6)(A)) shows that court orders authorizing former public officials to testify as expert witnesses about matters on which they formerly participated should only issue in exceptional or unusual circumstances.

[2] The merits of the case ultimately are reviewed pursuant to the administrative record under the judicial review provisions of the Administrative procedure Act, 5 U.S.C. § 706. Expert testimony is therefore not relevant in reviewing the merits. *San Luis & Delta Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602-04 (9th Cir. 2014).

government has been weakened by a widespread conviction that federal officials use public office for personal gain, particularly after they leave government service," and explaining that this conduct is "repulsive to universally held principles of public service." S. Rep. No. 95-170, at 32, 1978 U.S.C.C.A.N. at 4248.

9. Plaintiffs should not be permitted to rely on alleged prejudice to circumvent Section 207(a)(1)'s prohibitions. As noted, former government employees have many statutory and regulatory avenues to protect themselves from potential ethics conflicts, including seeking the "advice from a designated agency ethics offiical." 5 C.F.R. §§ 2641.105, 2636.103. By using these administrative avenues and acting in good faith, a former employee is protected from civil and criminal penalties. 5 C.F.R. §§ 2641.105(c), 2636.103. Neither the declarants nor Plaintiffs availed themselves of these processes or protections. Nor could Plaintiffs legitimately argue they lacked the time to do so. Plaintiffs argue the alleged legal violations in this case were "clear" "several years ago," ECF 36 at 24-25, and they waited eight months to seek "emergency" relief, ECF 1. Plaintiffs thus had ample time to secure testimony of experts whose testimony would not violate Federal Ethics laws. *Koch Refining Co. v. Jennifer L. Boudreau M/V,* 85 F.3d 1178, 1183 (5th Cir. 1996) (in the context of expert witness disqualification, explaining that "courts have considered whether another expert is available and whether the opposing party had time to hire him or her before trial").

10. Aside from Section 207(a)(1), courts have inherent authority to disqualify experts with conflicts of interest to protect the integrity of the adversarial process and promote public confidence in the legal process. *Hewlett-Packard Co. v. EMC Corp.*, 330 F.Supp.2d 1087, 1092 (N.D. Cal. 2004). "Although courts reserve the power to disqualify an expert for rare or extreme cases, courts will exercise it to achieve important 'policy objectives ... includ[ing] preventing conflicts of interest and maintaining the integrity of the judicial process.'" *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHX), 2014 WL 10894452, at *4 (C.D. Cal. Oct. 31, 2014) (quoting *English Feedlot, Inc.*

*v. Norden Labs., Inc.*, 833 F. Supp. 1498, 1504 (D.Colo.1993)). As courts have explained, experts previously employed or retained by the adverse party that received confidential information and are side-switching should be disqualified. *See, e.g.*, *Erickson v. Newmar Corp.,* 87 F.3d 298, 300 (9th Cir. 1996); *In re C.R. Bard, Inc.*, MDL No. 2187, 2014 WL 6960396, at *7 (S.D. W.Va. Dec. 8, 2014).

11. Mr. Domingue and Mr. Johnson each testify that they worked on NMFS's 2008 Biological Opinion and RPA, which was subject to litigation, *see Willamette RiverKeeper & Nw. Envtl. Def. Ctr. v. U.S. Army Corps of Eng'rs*, CV-07-1399 (D. Or.). Mr. Domingue also testifies that he was actively involved with the ESA compliance actions relating to the Federal Columbia River Power System (FCRPS) while employed with NMFS. ECF 38 ¶ 4. As Plaintiffs themselves point out, the government's actions for the FCRPS have been in continuous litigation since the early 2000s. ECF 36 at 31 (drawing parallels and relying heavily on the FCRPS litigation). Both declarants thus worked on matters while employed with NMFS that were in active litigation, meaning the declarants had access to confidential and privileged government information.

12. The normal disqualification rules for experts switching sides address this situation; they are "designed to guard against even the *potential* breach of confidences by experts who had a confidential relationship with the party seeking disqualification." *United States v. Larkin, Hoffman, Daly & Lindgren*, Civ. No. 3-92-789, 1994 WL 627569, at *2 (D. Minn. Apr. 12, 1994) (emphasis added); *Alien Tech. Corp. v. Intermec, Inc.*, No. 06-51, 2007 WL 4261972, at *2 (D.N.D. Nov. 30, 2007) ("[T]he danger is that no one may know how the information [the expert] learned from [a party] may affect his opinion and [the expert] may inadvertently use confidential information.").[3]

[3] Similar concerns exist under the Rules of Professional Conduct, which prohibit attorneys from using discussions with former employees—such as Mr. Domingue and Mr. Johnson—to invade upon the United States' privileged information. Or. Rule of Prof. Conduct 4.4(a); *Brown v. Oregon Dep't of Corrections*, 173 F.R.D. 265, 268 (D. Or. 1997) ("[An attorney] may neither ask *nor permit* a current or former employee to disclose privileged communications" (emphasis added)).

The declarations of Mr. Domingue and Mr. Johnson contravene the Ethics Act, and the Court should strike the declarations and exclude the declarants from testifying in this case.

Dated: February 25, 2019

JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

*/s/ Michael R. Eitel*
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Telephone: (303) 844-1479
Fax: (303) 844-1350
Email: michael.eitel@usdoj.gov

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I certify that on February 25, 2019, the foregoing was electronically filed through the Court's electronic filing system, which will generate automatic service on all Parties enrolled to receive such notice.

*<u>/s/ Kaitlyn Poirier</u>*
Kaitlyn Poirier
Trial Attorney, U.S. Department of Justice