Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave. Ste. B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, **WILDEARTH GUARDIANS**, and **NATIVE FISH SOCIETY**, | Case No. 3:18-cv-00437-HZ |
| Plaintiffs, | **PLAINTIFFS' SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **U.S. ARMY CORPS OF ENGINEERS** and **NATIONAL MARINE FISHERIES SERVICE**, | |
| Defendants, | |
| and | |
| **CITY OF SALEM** and **MARION COUNTY**, | |
| Defendant-Intervenors, | |

**INTRODUCTION**

Plaintiffs submit this sur-reply brief to respond to the new argument raised in Federal Defendants' reply brief that the Court cannot consider one of Plaintiffs' legal arguments because they did not raise it in their notice of intent to sue, complaint, or opening brief. Def. Reply Br. at 15-16 (ECF No. 104). Federal Defendants' assertion is unavailing, however, because Plaintiffs did not need to reveal in their notice letter or complaint every legal argument they might make later. Instead, they simply had to provide notice of the legal violation and adequate factual allegations to support their claim, which they did. Furthermore, Plaintiffs' response/reply brief merely elaborated on the legal arguments raised in their opening brief, which was entirely appropriate, and Federal Defendants had ample opportunity to address all argument in their two briefs. Therefore, this Court should consider all of Plaintiffs' arguments.

**ARGUMENT**

**A.    Plaintiffs' Notice Letter was Sufficient.**

The Endangered Species Act (ESA) requires plaintiffs to give defendants notice of their ESA legal violations 60 days before filing a lawsuit. 16 U.S.C. § 1540(g). Federal Defendants assert Plaintiffs' notice letter was insufficient because it did not include the claim that the U.S. Army Corps of Engineers (Corps) had exceeded the level of "take" estimated in the Incidental Take Statement (ITS) for the Willamette Project. Def. Reply Br. at 15-16. Cases discussing ESA notice letter requirements show that Defendants' assertion is incorrect.

Federal Defendants rely on a Clean Water Act case to argue that Plaintiffs' notice letter was insufficient, ignoring more applicable cases about ESA notice letters, even though the Ninth Circuit has noted that ESA notice letter requirements are less demanding. *See* Def. Reply Br. at 15-16 (citing *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 801 (9th Cir.

2009)); *Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 650 (9th Cir. 2015). In fact, the Ninth Circuit has broadly interpreted ESA notice letter requirements, holding the notice adequate as long as "the letter as a whole provided notice sufficient to afford the opportunity to rectify the asserted ESA violations." *Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1073 (9th Cir. 1996) (letter that briefly described an agency's duty under ESA Section 7 was enough to put party on notice of Section 7 violation). As explained further in *Conservation Congress v. Finley*, "a notice need not provide the exact details of the legal arguments that the plaintiffs intend to eventually make." 774 F.3d 611, 618 (9th Cir. 2014). Failing to include a specific argument as to why the ESA consultation was flawed did not render the notice letter insufficient. *Id.*

Other cases have likewise broadly interpreted ESA notice letters. *See Klamath-Siskiyou Wildlands Ctr.*, 797 F.3d at 650-54 (noting that notice letter is not required to list every specific aspect or detail of every alleged violation, it only must provide enough information for the defendant to identify and address the alleged violations); *Cascadia Wildlands v. Scott Timber Co.*, 328 F. Supp. 3d 1119, 1129-31 (D. Or. 2018) (holding that notice letter was specific enough for defendants to understand the nature of the violation); *Wildlands Defense v. Seesholtz*, No. 1:17-cv-408-BLW, 2018 WL 1512593 (D. Idaho March 27, 2018) (holding notice letter sufficient even though it did not contain exact argument raised later).

Here, Plaintiffs notified the Corps that it was violating ESA Section 9 by causing "take" of Upper Willamette River (UWR) Chinook salmon and steelhead through its operation of the Willamette Project. ECF No. 104-1 at 16-17. The notice letter explained in detail the various forms of harm to these fish and habitat degradation caused by the Corps' operation and maintenance of the Willamette Project. *Id.* at 3-5, 8-9, 11-14. While the notice letter may have focused on other aspects of noncompliance with the ITS based on Plaintiffs' knowledge at the

time, the overall conclusion in the letter certainly put the Corps on notice of the legal violation at issue and how to rectify it: "The continued harm to UWR Chinook and steelhead and significant degradation of their habitat caused by operation of the Willamette Project that is not authorized by the ITS is unlawful under the ESA. . . . These substantive violations of ESA Sections 7 and 9 require the Corps to alter its operations and maintenance to reduce adverse impacts to UWR Chinook and steelhead." *Id.* at 17. Plaintiffs did not need to include every specific legal argument as to why the ITS was invalid, it merely had to put the Corps on notice of the legal violation at issue—violation of ESA Section 9—and how it could rectify that violation—reduce adverse impacts to the fish from its operation of the Willamette Project. *Marbled Murrelet*, 83 F.3d at 1073; *Conservation Congress*, 774 F.3d at 618; *Wildlands Defense*, 2018 WL 1512593, at *1-2. Plaintiffs' notice letter was sufficient to cover all of their legal arguments.

**B.      Plaintiffs' Complaint was Sufficient.**

Similarly, Plaintiffs' complaint included the necessary factual allegations to satisfy the notice pleading requirements under Federal Rule of Civil Procedure 8(a)(2). As the Supreme Court explained in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal*, a complaint must include enough factual allegations to state a claim to relief that is plausible on its face. 550 U.S. 544, 555 (2007); 556 U.S. 662, 678 (2009). Plaintiffs' complaint here included extensive factual allegations about how operation and maintenance of the Willamette Project was causing "take" of UWR Chinook and steelhead through mortality and injury of fish and significant habitat degradation. ECF No. 1 at ¶¶ 25-27, 38-45, 57-71, 80, 86-87, 89, Prayer for Relief C. These allegations were adequate to plausibly state a claim for relief under Section 9 of the ESA.

As Plaintiffs explained in their response/reply brief, all they were required to allege was that the Corps' operations of the Willamette Project are causing "take" of UWR Chinook salmon

PLAINTIFFS' SUR-REPLY BRIEF                                                                                           3

and steelhead; it is then the Corps' burden *as an affirmative defense* to show it is exempt from such violations. Pl. Resp/Reply Br. at 26-27 (ECF No. 103) (citing 16 U.S.C. § 1539(g); *United States v. Charette,* 893 F.3d 1169, 1174-75 (9th Cir. 2018); *Native Fish Soc'y v. Nat'l Marine Fisheries Serv.*, No. 12-cv-431-HA, 2013 WL 12120102, at * 9, 11 (D. Or. May 16, 2013)). Plaintiffs' complaint contained ample factual allegations to support their Section 9 claim.

**C.      Plaintiffs Adequately Raised Relevant Issues in their Opening Brief.**

Finally, Plaintiffs adequately raised the argument that the Corps was exceeding its take authorization in their opening brief. Plaintiffs explained that the ITS estimated the amount or extent of "take" expected to occur from implementation of the RPA and concluded that such amount was not likely to jeopardize the species, but failure to implement key measures from the RPA meant the amount of mortality and injury was higher than expected. Pl. Opening Br. at 11-12, 34-35 (ECF No. 96). Plaintiffs noted that take that exceeds the conditions of an ITS invalidates the safe harbor provision of the ITS. *Id.* at 34. In their response/reply brief, Plaintiffs provided further details relating to the Corps' estimates and exceedence of the authorized take in the ITS. Pl. Resp/Reply Br. at 27-28. Thus, Plaintiffs did not raise an entirely new argument, they simply added more facts to support the argument they raised in their opening brief that the Corps had exceeded the conditions of the ITS.

Moreover, Federal Defendants had the opportunity to fully address all of Plaintiffs' arguments in their final reply brief and therefore suffered no prejudice even if Plaintiffs did present a new issue in their response/reply. Indeed, Federal Defendants spent seven pages attempting to refute Plaintiffs' take argument, and could have spent more given their final reply was under the page limit. There is no reason for the court to ignore any of Plaintiffs' arguments when Federal Defendants had ample opportunity to address everything in Plaintiffs' briefs.

Dated: January 30, 2020                         Respectfully submitted,

                                                  /s/*Lauren M. Rule*
                                                  Lauren M. Rule (OSB #015174)
                                                  Elizabeth H. Potter (OSB #105482)
                                                  ADVOCATES FOR THE WEST
                                                  3701 SE Milwaukie Ave, Suite B
                                                  Portland, OR  97202
                                                  Tel: (503) 914-6388
                                                  lrule@advocateswest.org
                                                  epotter@advocateswest.org

                                                  Attorneys for Plaintiffs