Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave. Ste. B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL DEFENSE CENTER, WILDEARTH GUARDIANS**, and **NATIVE FISH SOCIETY**, | Case No. 3:18-cv-00437-HZ |
| Plaintiffs, | **PARTIES' PROPOSED SCHEDULES FOR REMEDY PHASE** |
| v. | |
| **U.S. ARMY CORPS OF ENGINEERS** and **NATIONAL MARINE FISHERIES SERVICE**, | |
| Defendants, | |
| and | |
| **CITY OF SALEM** and **MARION COUNTY**, | |
| Defendant-Intervenors, | |

The Court ordered the parties to file a proposed schedule for remedy proceedings by August 31, 2020 (ECF No. 112). The parties disagree regarding the schedule for remedy proceedings and so provide their separate proposals for the Court's consideration.

**Plaintiffs' Proposal:**

Plaintiffs do not disagree with Federal Defendants' general framework for the remedy proceedings, but are concerned that their proposed schedule and potential discovery procedures will delay a remedy in this case and prevent much-needed help to Upper Willamette River (UWR) Chinook salmon and steelhead, as has been the U.S. Army Corps of Engineers' tactic for the last decade.   In order to move forward expeditiously to try and achieve implementation of new measures as soon as possible to attempt to alleviate harm to UWR Chinook and steelhead, Plaintiffs propose the following schedule:

- Plaintiffs file remedy proposal — Sept. 25, 2020
- Federal Defendants file a notice identifying the items in Plaintiffs' proposal that they agree to implement, if any — Oct. 9, 2020
- Plaintiffs file opening brief — Oct.16, 2020
- Status conference with the Court to discuss FRE 706 expert(s). Parties will then confer about experts and provide names to the Court within three weeks of the status conference. — Oct. 19-23, 2020.
- Defendants and Defendant-Intervenors file response briefs — Nov. 20, 2020
- Plaintiffs file reply brief — Dec. 18, 2020
- Deadline for parties to complete discovery, including depositions of FRE 706 expert(s). — Feb. 19. 2021
- Status conference with the Court to discuss outstanding matters — Feb. 26 2021
- Evidentiary Hearing — mid-March

PARTIES' PROPOSED SCHEDULES FOR REMEDY PHASE

Plaintiffs believe this schedule will move the remedy phase forward expeditiously while allowing for limited discovery prior to a possible evidentiary hearing. First, if Plaintiffs provide their remedy proposal by September 25, Defendants would have it almost two months prior to their response deadline. This timing would match what Defendants have proposed for that interval (October 9 to November 30). And Defendants would have five weeks between Plaintiffs' opening brief and their response. In contrast, Defendants are allowing only 2.5 weeks for Plaintiffs' reply brief and rebuttal declarations. Plaintiffs' schedule is more equitable while still allowing for completion of briefing by the end of the year.

Second, Federal Defendants object to notifying the Court which of Plaintiffs' proposed measures the Corps intends to implement. They do not explain why such a response is inequitable or burdensome if the Corps actually intends to implement some of Plaintiffs' measures. Indeed, that would alleviate the need for the parties to include those measures in their briefing. Given the Corps' history here, Plaintiffs want to be sure that anything the Corps commits to do is documented under oath and incorporated into a Court Order.

Third, Plaintiffs recognize that depositions are likely warranted prior to an evidentiary hearing, but also want to ensure that discovery is not used as a delay tactic. Therefore, they request the Court order that any discovery be narrowly tailored to address remedy. Plaintiffs do not object to a deadline for an expert report from the FRE 706 expert but leave up to the Court and the appointed expert(s) the deadline for that report, providing that it is at least four weeks prior to the close of discovery. Finally, Plaintiffs request the Court set dates for an evidentiary hearing in mid-March to be sure that these remedy proceedings do not stretch into next summer. Plaintiffs expect up to one week may be needed for such a hearing. If after briefing is completed the parties determine they prefer having oral argument rather than an evidentiary hearing, it

PARTIES' PROPOSED SCHEDULES FOR REMEDY PHASE

would be easy to convert time from the hearing into an oral argument.

In sum, Plaintiffs do not disagree with most of Federal Defendants' general proposal but believe that earlier deadlines and a set date for an evidentiary hearing are necessary to prevent this phase from stretching on longer than necessary and delaying actions needed to benefit UWR Chinook and steelhead.

**Federal Defendants' Proposal:**

Plaintiffs initially proposed a briefing schedule followed by the option or potential for discovery. As outlined below, Federal Defendants disagreed and believed that the schedule should account for both discovery and an evidentiary hearing, particularly in light of the Court's decision to appoint a Federal Rule of Evidence 706 expert(s). Plaintiffs subsequently revised their position, which reduces the differences between the parties' schedules. Federal Defendants nonetheless request that the Court adopt their proposed schedule because the schedule: (1) does not artificially compress the time Federal Defendants need to respond to Plaintiffs' remedy proposal and therefore prejudice the government's ability to fully and fairly respond to Plaintiffs' remedy filings; (2) accounts for mandatory procedures applicable to Rule 706 experts, including a deadline for the expert to advise the parties of its findings (a procedure absent from Plaintiffs' schedule); and (3) provides a reasonable time for expert and standing discovery, without unduly delaying the proceedings.

A few additional points merit discussion. First, while Plaintiffs initially reserved their right to seek discovery and now ask for discovery to be limited, the use of a Federal Rule of Evidence 706 expert requires an opportunity for expert discovery.[1] Federal Defendants do not

---

[1] As stated at the August 27, 2020 status conference, Federal Defendants object to the use of a Federal Rule of Evidence 706 expert or experts in this case. Among other reasons, the concerns that often trigger the use of Rule 706 experts are absent in this case, which involves sophisticated

waive the procedural protections afforded by Rule 706 and thus request an opportunity to seek discovery of any Rule 706 expert. Federal Defendants also request the opportunity to conduct discovery on Plaintiffs' experts and standing declarants during remedy proceedings. Expert and standing discovery allows both parties to obtain information and test the credibility of the parties' witnesses before the evidentiary hearing, and Federal Defendants believe these procedures are important to the full and fair resolution of any remedy request. Federal Defendants proposed schedule also is reasonable. The declarations and evidence submitted with the parties' briefs function as the expert reports, witness lists, and exhibit lists required under Federal Rule of Civil Procedure and therefore will streamline remedy procedures while also providing the Court and any Rule 706 expert with information and evidence required to evaluate Plaintiffs' remedy request.

Second, Federal Defendants' schedule contemplates an evidentiary hearing. An evidentiary hearing would allow the parties to present live testimony for the Court's consideration and also will provide an opportunity for the Court to question the witnesses. This process will enable the Court to better understand the significant issues that will be presented during remedy proceedings. Moreover, Federal Defendants do not waive the right to cross-examine any Federal Rule of Evidence 706 expert(s). Therefore, an evidentiary hearing may be necessary. While it is possible that the parties and Court conclude after briefing that an evidentiary hearing is not required, Federal Defendants believe it is prudent to plan for an

---

government and non-governmental parties. Further, the parties and their experts are capable of engaging in procedures that can be inform and educate the Court without the added costs and resources associated with Rule 706 experts. *See, e.g.*, FJC, Manual for Complex Litigation § 11.51 (4d Ed.) (a court "should consider whether there are adequate alternatives to such an appointment, such as directing the parties to clarify, simplify, and narrow the differences between them").  The Court overruled these objections. Federal Defendants therefore are providing a proposed schedule that contemplates the use of Rule 706 experts, while preserving its objections to the use of the experts.

PARTIES' PROPOSED SCHEDULES FOR REMEDY PHASE

evidentiary hearing now.

Federal Defendants' proposed schedule:

1. October 9, 2020 - Plaintiffs file a proposed remedy order with the Court detailing the exact injunction/remedy Plaintiffs are seeking in this case.[2]

2. October 16, 2020 - Plaintiffs file their opening remedy brief with the Court, with any supporting declarations or evidence.

3. _____, 2020 - status conference on Federal Rule of Evidence 706 experts. The parties will then confer about names of such expert(s) and supply names to the Court within three weeks of the October status conference.[3]

4. November 30, 2020 - Defendants and Defendant-Intervenors file response briefs with the Court, including any supporting declarations or evidence.

5. December 18, 2020 - Plaintiffs will file their reply brief.

6. Jan. 15, 2020 - The Federal Rule of Evidence 706 Court-appointed expert(s) will advise the parties of any findings the expert(s) have made in a written report.

7. March 2, 2021 - deadline for the parties to complete standing and expert discovery as well as depose the Federal Rule of Evidence 706 Court-appointed expert(s).

8. March 8, 2021 or as soon thereafter as convenient for the Court – status conference to address timing for final exhibit and witness lists, any motions in limine, evidentiary hearing dates and procedures, and deadlines for any post-hearing briefs.

---

[2] In their revised schedule, Plaintiffs propose a separate process whereby they file a proposed remedy and Federal Defendants respond with measures they intend to implement. But before the Court even ruled on the merits, the Corps had developed numerous interim measures with the National Marine Fisheries Service that govern during the remainder of the consultation process. As such, there is no need for additional judicial procedures to discern the measures the Corps will implement during the remainder of the consultation and environmental review processes.

[3] Federal Defendants respectfully request the opportunity to nominate more than one expert (depending on the specialties that may be needed to review and resolve Plaintiffs' motion for relief). Further, Federal Defendants request that the Court establish procedures for the parties to formally object to any contested appointment if the parties cannot agree on whether a potential expert is "neutral" and review and comment on the procedures applicable to, and conveyed to, the Court-appointed expert(s).

PARTIES' PROPOSED SCHEDULES FOR REMEDY PHASE

Dated:  Aug. 31, 2020          Respectfully submitted,


 /s/Lauren M. Rule
Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave, Suite B
Portland, OR  97202
Tel: (503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs


JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief

/s/ Kaitlyn Poirier
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 307-6623
Fax: (202) 305-0275
kaitlyn.poirier@usdoj.gov

/s/ Michael R. Eitel
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Telephone: (303) 844-1479
Fax: (303) 844-1350
Email: michael.eitel@usdoj.gov

Attorneys for Federal Defendants


PARTIES' PROPOSED SCHEDULES FOR REMEDY PHASE