ELLEN F. ROSENBLUM
Attorney General
CHRISTINA L. BEATTY-WALTERS  #981634
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Tina.BeattyWalters@doj.state.or.us

Attorneys for *Proposed* Amicus Curiae State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, WILDEARTH GUARDIANS, and NATIVE FISH SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | Case No.  3:18-cv-00437-HZ<br><br>STATE OF OREGON'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE |

### *LR 7-1 Certification*

Counsel for proposed amicus curiae State of Oregon, by and through the Oregon Department of Fish and Wildlife, has conferred by telephone with counsel for all parties to this case about the relief requested in this motion.  Plaintiffs do not object.  Defendants US Army Corps of Engineers and National Marine Fisheries Service reserve the right to object to these motions.  Defendant Intervenors do not object.

Page 1 -   STATE OF OREGON'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE
    TBW/jl9/10478342

## MOTIONS

First, the State of Oregon, by and through the Oregon Department of Fish and Wildlife, respectfully moves for an order granting leave to file the attached brief amicus curiae and the accompanying declarations of experienced Oregon Department of Fish and Wildlife fish biologists Jeffrey S. Ziller and Dr. Elise Kelley.  This motion is supported by the following memorandum of law as well as the proposed amicus brief and two declarations that are attached hereto as Exhibits A, B, and C, respectively.

Second, the State respectfully moves for leave to file a second brief amicus curiae addressing the Defendants' response to the proposed remedy on the date the plaintiffs' reply brief is due (or such other date ordered by the Court) along with declarations of the same two declarants, to the extent the State determines such filings would be helpful.

Third, the State also seeks permission to address the Court at the scheduled oral argument on proposed remedies and offer the testimony of its declarants to the extent it would be helpful to the Court.[1]

## MEMORANDUM OF LAW

The State of Oregon, by and through the Oregon Department of Fish and Wildlife ("ODFW"), seeks to be heard in this case because it has the primary interest in and responsibility for maintaining and managing the fish that are the subject of this case.  As a result of its extensive experience managing Oregon's fish, the State, through ODFW, can provide a unique perspective and information that the parties cannot provide.

The State of Oregon, through ODFW, is the government with the primary responsibility for protecting and managing the state's fish and wildlife resources.  "The powers not delegated to the United States by the Constitution ... are reserved to the States respectively, or to the people."  U.S. Const., Am. 10.  The powers reserved to the states in our constitutional form of

---

[1] Should the Court grant the State's motions in full, the State anticipates that one or more parties may wish to depose the State's declarants.  The State will make the declarants available for that purpose on the schedule approved by the Court.

Page 2 -    STATE OF OREGON'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE
            TBW/jl9/10478342
                          Department of Justice
                          100 SW Market Street
                          Portland, OR 97201
                          (971) 673-1880 / Fax: (971) 673-5000

government are inherent in their sovereignty and are often referred to as police powers. *See, e.g., Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 535–36 (2012). The Supreme Court has described police powers as the "general power of governing" that includes "many of the vital functions of modern government." *Id*. As relevant here, protection of fish and wildlife is within the field of traditional state police power. *See Union Fishermen's Co. v. Shoemaker*, 98 Or. 659, 660 (1920) ("The preservation of fish and game has always been considered to be within the proper domain of the police power \*\*\*"); *see also Exxon Mobil Corp. v. U.S. E.P.A.*, 217 F.3d 1246, 1255 (9th Cir. 2000) ("Environmental regulation traditionally has been a matter of state authority.").

Despite its authority and police power, the State of Oregon has no authority to control the actions the federal government has taken that harm fish. It is primarily federal action taken over a period of decades—specifically, the operation of dams that block fish passage and create unhealthy habitat conditions—that caused fish in the Willamette Basin to be threatened with extinction and listed under the Endangered Species Act. The primary manager of the state's fish and wildlife resources has simply been forced to manage the dwindling resources that have remained. And that is what the State of Oregon has done and continues to do.

Within state government, the Oregon legislature has delegated to ODFW the statutory duties, among other things, to protect, preserve, propagate, and promote all the fish in the waters of the state. ORS 506.036; *see also* ORS 496.012; ORS 496.138; ORS 496.118. To that end, the Department has adopted policies and taken action for decades to protect, preserve, and propagate native fish in Oregon. Specifically, the Fish and Wildlife Commission has adopted a Native Fish Conservation Policy, which is intended to

> provide a basis for managing hatcheries, fisheries, habitat, predators, competitors, and pathogens in balance with sustainable production of naturally produced native fish. The policy has three areas of emphasis. The first is defensive to ensure the avoidance of serious depletion of native fish. The second is more proactive to restore and maintain native fish at levels providing ecological and societal benefits. The third ensures that, consistent with native fish conservation,

Page 3 -   STATE OF OREGON'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE
          TBW/jl9/10478342

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

opportunities for fisheries and other societal resource uses are not unnecessarily constrained.

OAR 635-007-0502; OAR 635-007-0503.  Under this policy, ODFW has adopted conservation plans for each fish species, including the species at issue in this case.  In particular, ODFW developed the Upper Willamette River Conservation and Recovery Plan for Chinook Salmon and Steelhead in collaboration with scientists from the National Marine Fisheries Service ("Recovery plan").  That plan serves as both the ODFW conservation plan under its Native Fish Conservation Policy and a federally-approved recovery plan under the Endangered Species Act.[2] Under its Native Fish Conservation Policy, ODFW has also developed and implemented management plans for each species tailored to the watersheds in which those species are found, and engaged in extensive monitoring in order to evaluate the success of the suite of management actions identified in the Recovery plan.  ODFW has been doing much of this on-the-ground work for decades, even before the development of the Recovery plan.  For example, ODFW has been counting fish at Willamette Falls since 1961 and at Leaburg Dam since 1993.  And ODFW has been conducting spawning surveys in the Willamette Basin for decades as well.  Over that time, ODFW and the expert biologists who run the agency have developed extensive and granular knowledge and expertise about the species at issue here, the factors that have limited their recovery to date, and strategies that have succeeded, not succeeded, and are most likely to succeed in preserving the fish and promoting their survival.

This Court has "broad discretion" to allow third parties to file amicus briefs.  *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995).  "An amicus brief should normally be allowed when * * * the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Cmty. Ass'n for Restoration of Env't (CARE) v.*

---

[2] The Upper Willamette River Conservation and Recovery Plan for Chinook Salmon and Steelhead is available to be downloaded at
https://www.fisheries.noaa.gov/resource/document/upper-willamette-river-conservation-and-recovery-plan-chinook-salmon-and.

Page 4 -    STATE OF OREGON'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE
            TBW/jl9/10478342

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999). "In addition, participation of amicus curiae may be appropriate where legal issues in a case have potential ramifications beyond the parties directly involved." *Nat'l Petrochemical & Refiners Ass'n v. Goldstene*, No. CVF10-163 LJO DLB, 2010 WL 2228471, at *1 (E.D. Cal. June 3, 2010). Courts have considered evidence submitted by amicus parties on disputed factual issues. *See, e.g., White v. Estelle*, No. 89–15256, 1990 WL 260, at *3 (9th Cir. Jan. 4, 1990) (citing an amici curiae brief and supporting declaration in analyzing claim); *People Not Politicians Oregon v. Clarno*, No. 6:20-CV-01053-MC, 2020 WL 3960440, at *3 n. 2 (D. Or. July 13, 2020) (considering evidence submitted by amici curiae); *National Wildlife Federation et al. v. National Marine Fisheries Service et al.*, No. 3:01-cv-00640-SI (Docket #2167) (example of declaration submitted by amicus curiae Nez Perce Tribe).

Leave should be granted to the State of Oregon here because the State is in a singular position, as the species' managing agency and as experts on these fish, to advise the Court about the implications of proposed remedies. The State can provide information and context that no party is in a position to provide. Moreover, any remedies imposed by the Court here will have broad and long-term implications for the survival of the fish that the state is charged with preserving and managing. In short, the State of Oregon will bear the biggest impact of the Court's remedies and their implementation by the federal agencies.

Page 5 -   STATE OF OREGON'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE
TBW/jl9/10478342

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).  "In addition, participation of amicus curiae may be appropriate where legal issues in a case have potential ramifications beyond the parties directly involved."  *Nat'l Petrochemical & Refiners Ass'n v. Goldstene*, No. CVF10-163 LJO DLB, 2010 WL 2228471, at *1 (E.D. Cal. June 3, 2010).  Courts have considered evidence submitted by amicus parties on disputed factual issues.  *See, e.g., White v. Estelle*, No. 89–15256, 1990 WL 260, at *3 (9th Cir. Jan. 4, 1990) (citing an amici curiae brief and supporting declaration in analyzing claim); *People Not Politicians Oregon v. Clarno*, No. 6:20-CV-01053-MC, 2020 WL 3960440, at *3 n. 2 (D. Or. July 13, 2020) (considering evidence submitted by amici curiae); *National Wildlife Federation et al. v. National Marine Fisheries Service et al.*, No. 3:01-cv-00640-SI (Docket #2167) (example of declaration submitted by amicus curiae Nez Perce Tribe).

Leave should be granted to the State of Oregon here because the State is in a singular position, as the species' managing agency and as experts on these fish, to advise the Court about the implications of proposed remedies.  The State can provide information and context that no party is in a position to provide.  Moreover, any remedies imposed by the Court here will have broad and long-term implications for the survival of the fish that the state is charged with preserving and managing.  In short, the State of Oregon will bear the biggest impact of the Court's remedies and their implementation by the federal agencies.

Page 5 -   STATE OF OREGON'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE
TBW/jl9/10478342

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

For these reasons, the State of Oregon, through ODFW, respectfully requests leave to file the attached brief, leave to file a second brief in response to the Defendants' brief on remedies, and permission to address the Court at the scheduled April hearing, including by calling its declarants as witnesses if helpful to the Court.

DATED October   22  , 2020.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Christina L. Beatty-Walters*
CHRISTINA L. BEATTY-WALTERS #981634
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Tina.BeattyWalters@doj.state.or.us
Of Attorneys *Proposed* Amicus Curiae State of Oregon

Page 6 -    STATE OF OREGON'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE
TBW/jl9/10478342
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000