JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al., | Case No.: 3:18-cv-00437-HZ |
| Plaintiffs, | FEDERAL DEFENDANTS' OPPOSITION TO THE STATE OF OREGON'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | |
| Defendants, | |
| and | |
| CITY OF SALEM and MARION COUNTY, | |
| Defendant-Intervenors. | |

## INTRODUCTION

The State of Oregon ("the State") seeks leave to appear as amicus curiae in the remedy phase

of this litigation so that it may: (1) file a brief in support of Plaintiffs' proposed remedy; (2)

Federal Defendants' Opposition to the State of Oregon's Motion for Leave to Appear as Amicus - 1

introduce new evidence from two additional witnesses; (3) submit a second brief with more declarations after Federal Defendants have filed their sole brief in this matter if the "State determines such filings would be helpful"; and (4) participate in any hearing the Court may have during the remedy phase of this litigation and offer the testimony of its declarants at that hearing. State's Motion for Leave to Appear as Amicus Curiae, ECF 124 at 2. The Federal agencies work with the State collaboratively on a variety of salmon conservation and management activities and ordinarily we would not object to constructively-structured State amicus participation. However, we cannot do so in this instance because it is evident here that the State is not seeking to act as a friend of the Court, but rather as an adversary party in interest in this litigation. In addition, the State will not fulfill the proper role of an amicus and its requests are beyond the scope of how an amicus should be able to participate in litigation. Accordingly, the State's motion for leave to appear as amicus curiae should be denied.

## DISCUSSION

The Court has broad discretion to permit or deny the appearance of amicus curiae. *Greater Hells Canyon Council v. Stein*, Case No. 2:17-cv-00843-SU, 2018 WL 438924, at *1 (D. Or. Jan. 16, 2018) (citations and quotation marks omitted); *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). Here, the Court should deny the State's motion.

**I.    The State is Not Acting as a Friend of the Court, but as an Adversary Party in Interest**

The meaning of the term "amicus curiae" is a friend of the court. 4 Am. Jur. 2d Amicus Curiae § 1. While an amicus need not be totally disinterested or impartial, they are not a party to the litigation and cannot act as an adversary party in interest. *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986); *Miller–Wohl Co. v. Comm'r of Lab. & Indus., State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982); *see also Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d

1062, 1063 (7th Cir. 1997) ("The term 'amicus curiae' means friend of the court, not friend of a party.").

It is apparent from its motion for leave to file an amicus brief that the State intends to act as a de facto adversarial party in the litigation rather than as an amicus. First, the State has submitted the declarations of two Oregon Department of Fish and Wildlife employees with their proposed brief and may submit additional declarations after Federal Defendants submit their opposition to Plaintiffs' remedy proposal. ECF 124 at 2. In addition, the State will have the declarants available for live testimony at any hearings the Court may have on the remedy issues. *Id.* But "[a]n amicus curiae is not a party to litigation, and courts rarely give[ ] party prerogatives to those not formal parties." *WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1228 (D. Or. 2019) (citation and quotation marks omitted). The State is not a party to the litigation "and therefore cannot offer evidence on their own." *Orion Wine Imports, LLC v. Applesmith*, 440 F. Supp. 3d 1139, 1146 (E.D. Cal. 2020), *appeal filed*, 20-15447 (9th Cir.) (refusing to consider declaration attached to amicus brief). Although the State has given examples of courts within the Ninth Circuit considering declarations submitted by amicus, here the State's declarants are expressing their support for Plaintiffs' proposed measures—providing nothing materially different than what Plaintiffs and their declarants have already submitted. *See* Ziller Decl., ECF 124-2; Dr. Kelley Decl., ECF 124-3; 4 Am. Jur. 2d Amicus Curiae § 8 (a "court will strike an amicus brief that simply restates arguments advanced by a party, providing no unique perspective or information to aid in resolving the appeal, and providing no insights into the merits of the case beyond those provided by the party").

Second, the State has proposed submitting another brief *after* Federal Defendants submit their brief opposing Plaintiffs' remedy proposal. ECF 124 at 2. In other words, the State is asking for an opportunity to both respond to Federal Defendants' brief (leaving no opportunity for Federal Defendants to reply) and submit a reply in support of their amicus brief. Filing oppositions and

replies are the prerogative of the parties, not an amicus. *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) (finding that when an amicus files a motion for leave to file an "opposition" that indicates that the amicus is exceeding its role; "[s]uch motions will not be considered by this [c]ourt"); *see, e.g., WildEarth Guardians*, 370 F. Supp. 3d at 1228 n.2 (stating that an amicus' reply brief was "unpermitted").

The State's requests demonstrate that it does not intend to appear as an amicus, but rather as an adversary party in interest. "When the party seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear [as] amicus curiae should be denied." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993); *see also Ryan*, 125 F.3d at 1063. If the State wanted to participate as a party, they could have intervened any time in the preceding two and half years. To allow the State to insert itself as an adversary party at this late juncture clearly prejudices the Federal Defendants and is inconsistent with amicus status. For these reasons, the Court should deny the State's motion for leave to appear as an amicus.

## II.    The State is not Seeking to Fulfill the Role of an Amicus

Similarly, the Court should deny the State's motion for leave to file an amicus brief because the State is not seeking to actually fulfill the role of an amicus. "[T]he classic role of amicus curiae" is that of "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co.*, 694 F.2d at 204; *see also Ryan*, 125 F.3d at 1064 ("An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); 4 Am. Jur. 2d Amicus Curiae § 1 ("The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties."). Courts within the Ninth Circuit have allowed movants to participate as amicus when the

movant presented "unique arguments" regarding an issue or when the movant "may be able to highlight arguments and/or relevant law that may otherwise escape the [c]ourt's consideration." *California v. Bureau of Land Mgmt.*, Case No. 18-cv-00521-HSG, 2020 WL 1492708, at *17 n.15 (N.D. Cal. Mar. 27, 2020), *appeal filed*, 20-16157 (9th Cir.), *appeal filed*, 20-16158 (9th Cir.); *Miracle v. Hobbs*, 333 F.R.D. 151, 157 (D. Ariz. 2019).

The State's proposed brief does not fit within these categories and therefore does not qualify as an amicus brief. Here, the State is not drawing the Court's attention to law that escaped consideration. *See Miller-Wohl Co.*, 694 F.2d at 204. In fact, the States' proposed brief is devoid of legal discussion. *See* Brief of Amicus Curiae State of Oregon in Support of Plaintiffs' Proposed Remedies, ECF 124-1. Nor is the State supplementing the efforts of counsel with different or unique arguments. *See id.* Rather, the State has submitted a proposed brief that supports Plaintiffs' remedy proposal and parrots Plaintiffs' briefs and declarations. *See id.* at 3-8 (agreeing with Plaintiffs' proposed measures).

Moreover, the State argues that its interest in this litigation stems from maintaining and managing the Endangered Species Act ("ESA")-listed salmonids at issue in the remedy proceedings.[1] *See* ECF 124 at 2. Of course, the Federal agencies too are interested in the proper management and conservation of ESA-listed species. In any event, the State's stated interest is not materially different from Plaintiffs' interest as evidenced by the State's proposed brief: Plaintiffs have asked the Court to implement proposed measures that will allegedly benefit the salmonids—and the State endorses those measures. *See* ECF 124-1.

---

[1] The State presumably has other interests in the Willamette Project such as flood control, recreation, and ensuring that the project complies with State water quality standards. But the State's amicus brief does not address those issues or explain how Plaintiffs' remedy proposal could impact those interests. Nor does the State address its own activities in the Willamette Valley that potentially interfere with salmon conservation.

Federal Defendants' Opposition to the State of Oregon's Motion for Leave to Appear as Amicus - 5

In other words, the State's proposed brief is "in effect merely extending the length of [Plaintiffs'] brief." *Ryan*, 125 F.3d at 1063. This is outside the bounds of what an amicus brief can, and should, do. *See ForestKeeper v. Elliott*, 50 F. Supp. 3d 1371, 1380 (E.D. Cal. 2014) (denying motion to appear as amicus curiae when proposed brief "contains no material that is useful to the court or that is not set forth adequately by the parties"); *see also Ryan*, 125 F.3d at 1063 (stating that briefs that duplicate arguments already in a litigants' brief "should not be allowed"). The State's proposed amicus brief does not tell the Court anything it does not know already or that Plaintiffs could not present themselves and does not add "to the already amply proportioned brief of" the Plaintiffs. *See Ryan*, 125 F.3d at 1064. As the Seventh Circuit has explained, "[s]uch amicus briefs should not be allowed. They are an abuse." *Id.* at 1063.

## CONCLUSION

For the reasons discussed above, Federal Defendants oppose the State's motion for leave to appear as an amicus.

Dated: November 5, 2020

JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Fax: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

*/s/ Michael R. Eitel*
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division

Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Telephone: (303) 844-1479
Fax: (303) 844-1350
Email: michael.eitel@usdoj.gov

Attorneys for Federal Defendants

Federal Defendants' Opposition to the State of Oregon's Motion for Leave to Appear as Amicus - 7

## CERTIFICATE OF SERVICE

I certify that on November 5, 2020, the foregoing was electronically filed through the Court's electronic filing system, which will generate automatic service on all Parties enrolled to receive such notice.

/s/ Kaitlyn Poirier
Kaitlyn Poirier
Trial Attorney, U.S. Department of Justice

Federal Defendants' Opposition to the State of Oregon's Motion for Leave to Appear as Amicus - 8