ELLEN F. ROSENBLUM
Attorney General
CHRISTINA L. BEATTY-WALTERS  #981634
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Tina.BeattyWalters@doj.state.or.us

Attorneys for Proposed Amicus Curiae State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, WILDEARTH GUARDIANS, and NATIVE FISH SOCIETY,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. ARMY CORPS OF ENGINEERS and NATIONAL MARINE FISHERIES SERVICE,<br><br>    Defendants. | Case No.  3:18-cv-00437-HZ<br><br>REPLY BRIEF OF PROPOSED AMICUS CURIAE STATE OF OREGON IN SUPPORT OF MOTION TO APPEAR AS AMICUS CURIAE |

  The Federal Defendants (and only the Federal Defendants) filed an opposition to the State of Oregon's motion to appear as amicus curiae.  They primarily raise two arguments: (1) that in their view the State is proposing to participate in this case to a degree that would prejudice them and not be consistent with amicus status; and (2) that the State has no unique information

Page 1 - REPLY BRIEF OF PROPOSED AMICUS CURIAE STATE OF OREGON IN SUPPORT
   OF MOTION TO APPEAR AS AMICUS CURIAE
  TBW/jl9

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

that could be helpful to the Court beyond the information the parties will provide.  Federal Defendants' arguments are wrong and should be rejected.

**I.      The State's proposed amicus participation is appropriate.**

The Federal Defendants do not dispute that this Court has broad discretion to allow the participation of the State of Oregon as amicus curiae in the remedy portion of this proceeding to whatever degree and in whatever form it finds would be helpful.  *See, e.g., Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass.), *aff'd*, 807 F.3d 472 (1st Cir. 2015) ("As *amici curiae,* the Students will be permitted to submit their own declarations, file substantive briefs on dispositive motions, and participate in oral arguments on those motions."); *State v. Dir., U.S. Fish & Wildlife Serv.*, 262 F.3d 13, 14 (1st Cir. 2001) (noting that district court allowed non party to participate in "an amicus-plus status," under which they could "submit briefs . . . call and cross-examine witnesses, and . . .receive notice and service of all documents and events as if they were parties in the case." ).  Federal Defendants oppose any form of participation by the State, and they particularly oppose the State's presentation of evidence and submission of a second brief.  They argue the State is seeking to participate as a party in interest rather than an amicus participant and suggest the State should have instead moved to intervene long before now.  Federal Defendants' Opposition (Docket #126) at 4.  But the State had little interest in participating in the liability phases of this litigation.  Nor does the State seek the right to participate as a party now.

The Oregon Department of Fish and Wildlife ("ODFW") does, as the Federal Defendants noted, work cooperatively with the National Marine Fisheries Service ("NMFS") and with the Army Corps of Engineers ("ACE") on multiple initiatives throughout the Willamette Basin for the benefit of the species at issue in this case and has done so for decades.[1]  Given this long-term

---

[1] Among other things, ODFW drafted the Upper Willamette River Conservation and Recovery Plan for Chinook Salmon and Steelhead in collaboration with the National Marine Fisheries Service, operates hatcheries on facilities that are owned by the Corps of Engineers, and operates hatcheries and fish collection facilities under contract with the Corps of Engineers.

Page 2 -   REPLY BRIEF OF PROPOSED AMICUS CURIAE STATE OF OREGON IN SUPPORT
            OF MOTION TO APPEAR AS AMICUS CURIAE
       TBW/jl9

working relationship, the State's strong preference has been to work collaboratively with the federal agencies using scientific research and reasoning and to push the federal agencies (primarily the ACE) to take actions that benefit fish through established professional channels and processes.  The State seeks to participate in this case as amicus curiae now that it has become obvious that the State's collaborative efforts are not going to be successful.  The State does not take this step lightly.  Yet the State does not desire to intervene because it has no need to file motions, seek relief, secure its own remedies, or generally exercise control over the litigation.  Rather, the State is an outside interested party whose scientific and fish management expertise could be useful to the Court and whose participation is intended to benefit the fish that the State manages as well as the public interest.

Federal Defendants also appear to assume from the content of the State's initial proposed filing that the State will uniformly oppose their proposed remedies or their response to the Plaintiffs' proposed remedies.  That may be the case but is not necessarily true.  It is also possible that the State's scientists and fish managers, based on their long history managing the fish and working cooperatively with the federal agencies, could have insights into possible remedial measures that would benefit the fish and also the ACE that the plaintiffs did not consider.  The State is not and does not seek to be the opponent of the Federal Defendants but, rather, a managing agency willing and able to collaborate with the Court, the parties, and the appointed expert on remedies to benefit fish.

## II.     The State has a unique role and institutional knowledge that no party has.

Federal Defendants also oppose the State of Oregon appearing as amicus curiae in this case on the ground that the State is allegedly "not seeking to actually fulfill the role of an amicus." Federal Defendants' Opposition at 4.  They also contend the State is merely acting as an "adversary party in interest." *Id.* at 2.  The Federal Defendants are incorrect. The State would fulfill the role of amicus.  And there is no requirement that an amicus participant be neutral.

Page 3 -    REPLY BRIEF OF PROPOSED AMICUS CURIAE STATE OF OREGON IN SUPPORT
            OF MOTION TO APPEAR AS AMICUS CURIAE
    TBW/jl9

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The State of Oregon easily fulfills role of an appropriate amicus curiae here. As noted by Federal Defendants, amicus participants "'assist[] in a case of general public interest, supplement[] the efforts of counsel,'" offer "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide'" and offer "'aid to the court and [] insights not available from the parties.'" Federal Defendants' Opposition at 4 (quoting *Miller-Wohl Co. v. Comm'r of Labor and Industries*, 694 F.2d 203, 204 (9th Cir. 1982); *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997); 4 Am. Jur. 2d Amicus Curiae § 1). The State of Oregon, through ODFW, meets all those qualifications here. State interests are generally regarded as so significant, in fact, that Federal Rule of Appellate Procedure 29(a)(2) grants states the right to file amicus briefs in appellate courts without seeking leave or consent of the parties. And that's true in every case on appeal. But the State's interests and perspective are especially unique here. ODFW is a resource management agency that coordinates with other state agencies and federal, tribal, and other governmental partners in the basin. None of the plaintiffs play that role or can speak from that perspective. ODFW routinely conducts monitoring and studies of the species at issue, such as winter steelhead and spring Chinook spawning surveys. Unlike ACE—which is concerned primarily with operation of and avoiding risks at the dams—ODFW studies the whole life history and population dynamics of the species and has done so for years in an effort to achieve recovery. It has a depth of scientific and institutional knowledge that is unmatched by active participants in this case.

Federal Defendants point out that they are also concerned with the conservation of the species. Federal Defendants' Opposition at 5. But it is primarily the actions and inactions of the Federal Defendants, and specifically those relating to the operation of the dams, that have threatened and continue to threaten the survival of the species. Nevertheless, the State agrees that NMFS is a well-qualified co-managing partner in the basin whose scientists are, like

Page 4 -   REPLY BRIEF OF PROPOSED AMICUS CURIAE STATE OF OREGON IN SUPPORT
           OF MOTION TO APPEAR AS AMICUS CURIAE
    TBW/jl9

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ODFW's scientists, driven by species conservation. NMFS scientists do not appear to have directly participated in this litigation by submitting evidence, however, so the Court has not had the direct benefit of their expertise. Among the active participants in this case, the State's role as a managing agency, its experience, and its depth of scientific and institutional knowledge are unique.

It is not inappropriate for an amicus to support the position of a party. As one court explained in response to a similar argument, amicus participants can support the position of a party and be helpful to the court:

> The appellants suggest, however, that the very term "amicus curiae" suggests a degree of impartiality. The appellants quote the comment that "[t]he term 'amicus curiae' means friend of the court, not friend of a party." Opp. at 3 (quoting *Ryan,* 125 F.3d at 1063). The implication of this statement seems to be that a strong advocate cannot truly be the court's friend. But this suggestion is contrary to the fundamental assumption of our adversary system that strong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend.

*Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002). The Ninth Circuit has also been clear that "there is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986); *see, e.g., Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995) (affirming district court order appointing U.S. Department of Justice as amicus curiae where "United States Attorney acted exclusively on behalf of the points of view taken by the inmates [and] participated fully in the discovery, trial, and appeal of this case"). The fact that the State of Oregon has supported the position of the plaintiffs in this case is proper and consistent with the role of an amicus curiae.

Page 5 -   REPLY BRIEF OF PROPOSED AMICUS CURIAE STATE OF OREGON IN SUPPORT
OF MOTION TO APPEAR AS AMICUS CURIAE
TBW/jl9

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## III.   Conclusion

Because the State of Oregon has a unique role and information that could be useful to the Court in establishing an appropriate suite of remedies in this case, the State's motion should be granted.

DATED November   16  , 2020.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


   *s/ Christina L. Beatty-Walters*
CHRISTINA L. BEATTY-WALTERS #981634
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Tina.BeattyWalters@doj.state.or.us
Of Attorneys for Proposed Amicus Curiae State of Oregon

Page 6 -   REPLY BRIEF OF PROPOSED AMICUS CURIAE STATE OF OREGON IN SUPPORT OF MOTION TO APPEAR AS AMICUS CURIAE
TBW/jl9

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000