JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al., | Case No.: 3:18-cv-00437-HZ |
| Plaintiffs, | MOTION FOR A PROTECTIVE ORDER |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | |
| Defendants, | |
| and | |
| CITY OF SALEM and MARION COUNTY, | |
| Defendant-Intervenors. | |

Federal Defendants respectfully request that the Court enter a protective order for information that is responsive to Dr. Tullos' request regarding the condition of regulating outlets at Detroit, Cougar, Lookout Point, and Fall Creek dams. ECF 148-1 at 1. Dr. Tullos requested specific

Federal Defendants' Motion for a Protective Order - 1

information, and the Corps can provide that information to Dr. Tullos and the parties. But the information is sensitive and great harm can occur if the Corps releases the information publicly. Federal Defendants therefore sought to work with the parties to develop a protective order that provides the information to Dr. Tullos while also protecting the public. Defendant-Intervenors indicated that they do not oppose a motion for a protective order, but Plaintiffs have indicated that they will oppose this motion. The parties made a good faith effort to resolve this dispute but have been unable to do so.

Through party conferral efforts, Plaintiffs have expressed objections and concerns to a protective order, with the concerns ranging from whether the information is actually sensitive, to administrative burdens associated with a protective order, to whether non-party participants (i.e., amicus the State of Oregon) should be able to access the information. None of these concerns justify denial of this motion. The information is sensitive and should be protected. *See* Second Askelson Decl. (filed separately). The administrative burdens associated with the protective order are limited, and the parties are capable of managing these burdens. Indeed, similar protective orders are used in many other cases without issue. And Plaintiffs are not prejudiced by the State of Oregon's access (or lack thereof) to the information under the proposed protective order because Plaintiffs will have access to the information. Because Plaintiffs' concerns were unfounded and were delaying efforts to provide the information to Dr. Tullos, Federal Defendants ceased party conferral efforts and filed this motion. As further stated below, the Court should grant the motion and enter the proposed protective order:

1.      On January 16, 2021, the Court ordered Plaintiffs and Federal Defendants to respond to Dr. Tullos' informational request. ECF 148. In the informational request, Dr. Tullos asked the Corps: "Do you have any record of the frequency of use and condition of ROs at Detroit,

Federal Defendants' Motion for a Protective Order  - 2

Cougar, Lookout and Fall Creek? Can inspection reports for the gates be made available?" ECF 148-1 at 1.

2.  As Federal Defendants stated in their response to Dr. Tullos' informational request (ECF 152-1 at 3), the Corps does have information on the physical condition of the regulating outlets at Detroit, Cougar, Lookout Point, and Fall Creek dams. The information includes documents referred to as condition assessment reports and periodic inspection reports. However, the Corps did not provide the reports in their response to Dr. Tullos' questions because those reports contain critical infrastructure security information. ECF 152-1 at 3; Second Askelson Decl. ¶ 2-3.

3.  The reports contain sensitive information about critical infrastructure because they include detailed descriptions, drawings, and photos of the Corps' dams and their components, their capabilities, reliability, and vulnerabilities (including failure modes), and the consequences of system failure. Second Askelson Decl. ¶ 3. Without a protective order, this information could "potentially be exploited by malignant actors to disrupt operation of the system or cause partial or complete system failure." *Id.* If successful, such malignant action "could cause substantial life and property loss in downstream communities due to flooding and result in significant impacts to populations that rely upon the continued operation of the Willamette Valley Project for flood risk mitigation, water supply, and power supply." *Id.* For these reasons, a protective order is warranted. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (a motion for protective order requires the party to show that "specific prejudice or harm will result if no protective order is granted").

4.  Federal Defendants have attached a proposed protective order that is modeled after the Court's sample Tier 1 Protective Order. *See* Attachment 1. Federal Defendants have also attached a track changes version of the proposed protective order so that the Court can discern the

Federal Defendants' Motion for a Protective Order - 3

difference between Federal Defendants' proposed protective order and the Court's sample Tier 1 Protective Order. *See* Attachment 2. If the protective order is entered, the Corps could disseminate the reports within five to six business days.

5. Just like the Court's model Tier 1 Protective Order, Federal Defendants' proposed protective order limits the distribution of documents containing sensitive information about critical infrastructure to "parties." *See* Attachment 2. This limitation necessarily excludes amicus the State of Oregon. *WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1228 (D. Or. 2019) ("An amicus curiae is not a party to litigation, and courts rarely give[] party prerogatives to those not formal parties."). Plaintiffs' objection to this limitation is meritless for two main reasons.

6. First, Plaintiffs are not prejudiced or harmed by limiting the protective order to the named parties. Plaintiffs, Plaintiffs' counsel, and Plaintiffs' experts will all have access to the reports. Attachment 1 ¶ 7.

7. Second, the State of Oregon intentionally sought to participate in this case as an amicus rather than a party, and structured its participation in a narrow, defined way. ECF 124. The Court granted the motion as requested by Oregon. ECF 135. Oregon did not request (and the Court did not grant) leave for Oregon to participate as a full party in these proceedings. Oregon does not have the right to respond to Dr. Tullos' written report on dam safety issues, depose Dr. Tullos, or cross-examine Dr. Tullos at any evidentiary hearing. Federal Rule of Evidence 706, moreover, provides discovery and cross-examination rights to "parties," not amicus. Fed. R. Evid. 706. Therefore, Oregon does not require the reports containing sensitive information about critical infrastructure Dr. Tullos requested, and Oregon's inclusion in a protective order is not necessary or appropriate.[1]

---

[1] To be clear, Federal Defendants would object to including any other interested non-party, like a member of the public, in a protective order.

For the foregoing reasons, Federal Defendants respectfully request that the Court enter the attached proposed protective order. *See* Attachment 1.

Dated: February 5, 2021        JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Fax: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

*/s/ Michael R. Eitel*
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Telephone: (303) 844-1479
Fax: (303) 844-1350
Email: michael.eitel@usdoj.gov

Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I certify that on February 5, 2021, the foregoing was electronically filed through the Court's electronic filing system, which will generate automatic service on all Parties enrolled to receive such notice.

*/s/ Kaitlyn Poirier*
Kaitlyn Poirier
Trial Attorney, U.S. Department of Justice
