Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave. Ste. B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL DEFENSE CENTER, WILDEARTH GUARDIANS**, and **NATIVE FISH SOCIETY**, | **Case No.  3:18-cv-00437-HZ** |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| v. | |
| **U.S. ARMY CORPS OF ENGINEERS** and **NATIONAL MARINE FISHERIES SERVICE**, | |
| Defendants, | |
| and | |
| **CITY OF SALEM** and **MARION COUNTY**, | |
| Defendant-Intervenors, | |

Plaintiffs submit this response to Federal Defendants' motion for a protective order and proposed protective order, filed at ECF 154, 154-1.  Plaintiffs do not oppose a protective order generally but object to the breadth and scope of the proposed order, which will make it difficult to enforce.  Federal Defendants provided their proposed protective order to Plaintiffs the same day they intended to file, which did not provide the parties with enough time to resolve concerns about the content of the order.  Therefore, Plaintiffs could not stipulate to the proposed protective order with the limited time and limited information that Federal Defendants gave them to confer.  Now that Plaintiffs have seen the motion and Askelson Declaration, they better understand the basis for the order but still have several concerns regarding the breadth and scope of the order.

First, Federal Defendants have not explained why the entire documents must be labelled as confidential rather than just identifying the information within the documents that poses the security risk and redacting that information from the publicly available version.  It seems improbable that the entire report constitutes confidential information for each of the eleven reports based on the descriptions in the Askelson declaration ¶¶ 2-3.  Federal Defendants assert these reports "contain" or "include" confidential information but they do not assert that all information in the reports constitutes a security risk and redactions cannot adequately address the risk.  Askelson Decl. ¶ 3.  As a result, they fail to address Local Rule 26-4(a), which requires the party seeking a protective order to "articulate why, as an alternative to filing under a protective order, the information sought to be protected could not be redacted."

Plaintiffs' second concern stems from this overly broad request to make the entire reports confidential.  Under such an order, if Dr. Tullos even mentions these documents in her FRE 706 expert report, her report will have to be filed under seal or redacted.  ECF No. 154-2 at 3. Likewise, any response briefs or response declarations to the FRE 706 report that mention these

PLAINTIFFS' RESPONSE TO MOTION FOR PROTECTIVE ORDER                    1

inspection documents would have to be filed under seal or redacted.  Parties participating in an

oral argument or evidentiary hearing would have to avoid referencing the documents, or the

Court would have to remove any non-parties from the hearing to discuss the documents.  If

Federal Defendants labelled just the confidential information within the documents, Dr. Tullos

and the parties could freely reference the documents and any non-confidential information,

which might avoid the need for filing under seal or significantly limit the amount of material that

needs to be redacted.  Given the public importance of this case, the Court should limit the

amount of material shielded from the public as much as possible.  *See Vesta Corp. v. Amdocs*

*Mgmt. Ltd.*, 312 F. Supp. 3d 966, 969 (D. Or. 2018) ("The party seeking to seal a judicial record

must articulate compelling reasons supported by specific factual findings that outweigh the

general history of access and the public policies favoring disclosure, such as the public interest in

understanding the judicial process.") (internal citations and quotations omitted).

   Plaintiffs' final concern relates to Federal Defendants' position regarding the State.

Plaintiffs' understanding up until this protective order was that the State would be participating

in the remainder of the case and are therefore confused about Federal Defendants' sudden change

in position.  Plaintiffs' primary concern is that, assuming the State can participate in the

remainder of the remedies phase of the case, the protective order will make proceedings less

efficient if the State is excluded from the order.  Because the State will not fall under the order, it

will have to leave the room during a deposition, oral argument, or an evidentiary hearing if these

confidential documents are mentioned or discussed.  It is more likely that an inadvertent

disclosure occurs during such proceedings if the State is not subject to the order.

   To conclude, Plaintiffs do not oppose a protective order to protect information in the

inspection reports that is truly sensitive and must be kept confidential, but do oppose the broad

PLAINTIFFS' RESPONSE TO MOTION FOR PROTECTIVE ORDER      2

order proposed by Federal Defendants without further explanation as to why the entire reports

must be subject to the order and cannot be redacted to address the problem.  Plaintiffs also

believe the State should be subject to the order if the Court allows the State to participate in the

remainder of the case.

Dated: February 9, 2021                    Respectfully submitted,


 /s/Elizabeth H. Potter
Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave, Suite B
Portland, OR  97202
Tel: (503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs