JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al., | Case No.: 3:18-cv-00437-HZ |
| Plaintiffs, | FEDERAL DEFENDANTS' COMBINED REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER (ECF 154) AND OPPOSITION TO THE STATE OF OREGON'S MOTION FOR LEAVE TO FILE AN OPPOSITION (ECF 157) |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | |
| Defendants, | |
| and | |
| CITY OF SALEM and MARION COUNTY, | |
| Defendant-Intervenors. | |

   Federal Defendants filed a motion for a protective order because the Court's Federal Rule of

Evidence 706 expert, Dr. Tullos, has requested sensitive information about critical infrastructure. If

released publicly, this information could reveal vulnerabilities about dam infrastructure located

Federal Defendants' Reply in Support of Motion for a Protective Order and Opposition to the State
of Oregon's Motion for Leave - 1

throughout the State of Oregon and, thus, give rise to a substantial risk of harm to human life and property if the information was used by malignant actors. *See* ECF 154 (Motion for a Protective Order). Plaintiffs do not seriously disagree. They, in fact, do not oppose a protective order. *See* ECF 156 at 1 (Plaintiffs' Response). Instead, Plaintiffs raise three "concerns" about Federal Defendants' proposed protective order. *Id.* at 1-2. None of Plaintiffs' concerns are well-taken and the Court should enter the protective order as proposed.

First, the reports cannot be redacted because the very information that Dr. Tullos has requested is sensitive information about critical infrastructure and cannot be released to the public. *See* ECF 155 ¶ 2-3 (Second Declaration of Sean Askelson) (describing contents of the reports and why that information is sensitive). Accordingly, redacting the sensitive information would mean that Dr. Tullos would not receive the information she requested. While Federal Defendants could redact the small amount of information in the reports that is not responsive to Dr. Tullos' request, doing so would only delay production of the requested information.

Second, Plaintiffs and Oregon are correct that that the proposed protective order could require Dr. Tullos to file her expert report under seal, or redact portions of the report, if she references the sensitive information about critical infrastructure. ECF 154-1 ¶ 5 (Federal Defendants' Proposed Protective Order). Any response briefs or declarations to that expert report would need to be treated similarly. *Id.* Moreover, non-parties would need to be excluded from the portions of depositions or evidentiary hearing (if any) that discuss the sensitive information. *See id.* ¶ 10.

Protective orders are used to protect information from being disseminated to the public. It would be counterproductive to enter a protective order for the sensitive information in the Corps' reports (something Plaintiffs and Oregon do not oppose) but then intentionally release that same information to the public via the expert report, rebuttal reports or declarations, or through

Federal Defendants' Reply in Support of Motion for a Protective Order and Opposition to the State of Oregon's Motion for Leave  - 2

testimony. *See* ECF 156 at 1-2 (Plaintiffs' concern that documents mentioning the sensitive information would need to be filed under seal or redacted and the Court would have to remove any non-parties from the hearing when the sensitive information is discussed); ECF 157-1 at 3-4 (Oregon's Opposition, proposing a modification to the Court's Tier 1 Protective Order so that "papers containing or making reference to" confidential materials do not need to be filed under seal, only documents that quote or reproduce the sensitive information). Indeed, it would be wholly irresponsible to do as Oregon advocates—modify the standard language used in the Court's model Tier 1 Protective Order to allow sensitive information to be made public as long as it is not directly "quoted or reproduced" in filings, depositions, hearings, and so on. *See* ECF 157-1 at 3-4.[1] There is a reason that the Court's Tier 1 Protective Order has the scope it does: releasing sensitive information in any form (whether that information has been summarized, included in some form in a filing, discussed, referenced, reproduced, or quoted) could have the same dire consequences as releasing the sensitive information itself. *See* ECF 155 ¶ 3 (describing potential consequences if sensitive information about critical infrastructure is released to the public). Contrary to Plaintiffs' and Oregon's arguments, the Court's standard protective order is not overly broad and does not create unreasonable burdens on the parties or Dr. Tullos. The protective order actually lessens any burden on Dr. Tullos, as it will allow Dr. Tullos to obtain information she thinks is necessary for the expert report from the Corps.

Third, Federal Defendants opposed the State of Oregon's motion for leave to appear as an amicus in this litigation because Oregon was seeking to participate in ways contrary to the role of amicus curiae. ECF 126 at 2-6 (Federal Defendants' Opposition to Amicus Motion). Oregon has

---

[1] The State of Oregon itself has disagreed with its current legal position. In other cases before this Court, the Oregon has argued that the Court should adopt a protective order that includes the precise language it now argues should be stricken from the Court's standard protective orders. *See Vanvalkenburg v. Oregon Dep't of Corrections*, 3:14-cv-00916-MO, ECF 6-7.

Federal Defendants' Reply in Support of Motion for a Protective Order and Opposition to the State of Oregon's Motion for Leave  - 3

continued efforts to be a party in all but name by seeking to be included in the protective order. *See* ECF 157 (Oregon's Motion for Leave to File Opposition). But an "amicus curiae is not a party to litigation." *WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1228 (D. Or. 2019). Because Oregon affirmatively chose to participate in this case in a narrow way and as a non-party, Oregon should not have access to the sensitive information about critical infrastructure security under Federal Defendants' proposed protective order (just as all other members of the public are excluded from the protective order). *See* ECF 154-1 ¶ 1.

The fact that Oregon will not have access the sensitive information should not be problematic as the information relates to dam safety, not fish. Oregon sought leave to participate in this case on behalf of the Oregon Department of Fish and Wildlife, expressing an "interest in and responsibility for maintaining and managing the fish that are the subject of this case." ECF 124 at 2 (Oregon's Motion for Leave to Appear as Amicus); *see also* ECF 157-1 (Oregon expressing an interest in this case as a "fish management agency"). Oregon did not seek to participate on behalf of the Oregon Water Resources Department or other State agencies or groups that deal with the safety of non-Federal dams. Nor has Oregon otherwise expressed in this case any interest in dam safety. In short, Oregon has no reason to access the sensitive information about critical infrastructure security.

Plaintiffs' and Oregon's concerns are unfounded. Therefore, Federal Defendants respectfully request that the Court enter the proposed protective order, as proposed. ECF 154-1.

Dated: February 11, 2021     JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611

Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Fax: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

*/s/ Michael R. Eitel*
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Telephone: (303) 844-1479
Fax: (303) 844-1350
Email: michael.eitel@usdoj.gov

Attorneys for Federal Defendants

Federal Defendants' Reply in Support of Motion for a Protective Order and Opposition to the State of Oregon's Motion for Leave  - 5

## CERTIFICATE OF SERVICE

I certify that on February 11, 2021, the foregoing was electronically filed through the Court's electronic filing system, which will generate automatic service on all Parties enrolled to receive such notice.

*/s/ Kaitlyn Poirier*
Kaitlyn Poirier
Trial Attorney, U.S. Department of Justice
