JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al., | Case No.: 3:18-cv-00437-HZ |
| Plaintiffs, | FEDERAL DEFENDANTS' OPPOSITION TO MOVANT PUBLIC POWER COUNCIL'S MOTION TO CONSOLIDATE AND/OR COORDINATE PROCEEDINGS |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | |
| Defendants, | |
| and | |
| CITY OF SALEM and MARION COUNTY, | |
| Defendant-Intervenors. | |

## INTRODUCTION AND BACKGROUND

Federal Defendants respond to movant Public Power Council's ("PPC") Motion for Consolidation and/or Coordination of Proceedings in Related Cases, ECF 164.

PPC filed a lawsuit in this Court challenging the Corps' implementation of Interim Measure No. 5. *Public Power Council v. U.S. Army Corps of Eng'rs*, 3:21-cv-00032-HZ, ECF 1 (Complaint); ECF 9 (Amended Complaint). Interim Measure No. 5 is an operation that the U.S. Army Corps of Engineers began implementing at Detroit Dam as part of its efforts to protect listed salmonids during the reinitiated Endangered Species Act ("ESA") consultation and ongoing National Environmental Policy Act ("NEPA") review for the Corps' operation and maintenance of the Willamette Valley Project. *See* Willamette Valley Project Interim Measures Implementation Plan, ECF 134-3 at 2. PPC asserts three claims in its lawsuit: (1) Interim Measure No. 5 violates the Flood Control Acts of 1938, 1948, and 1950 because of its impact on hydropower production at Detroit Dam; (2) the Corps acted arbitrarily and capriciously in violation of the Administrative Procedure Act ("APA"); and (3) the Corps violated NEPA by failing to evaluate the potential environmental effects of Interim Measure No 5. *Public Power Council*, ECF 9 ¶¶ 61-77.[1]

PPC is concerned that remedy proceedings in the present case may impact the arguments it wishes to make in the *Public Power Council* case. *See* ECF 164 at 1-2. Rather than move to intervene in this case, PPC filed Motions seeking consolidation and/or coordination under Rule 42(a) of the Federal Rules of Civil Procedure in both cases. PPC asks that the Court adopt one of two "Frameworks," under which it would (1) prematurely impose a schedule in the *Public Power Council* case that will ensure that its claims are litigated *before* the Court resolves remedy in this three-year old

---

[1] The Corps disputes that PPC has adequately demonstrated that Interim Measure No. 5 will result in cognizable injury to its claimed interest for its claims and will be filing a motion to dismiss PPC's amended complaint in the *Public Power Council* case for, *inter alia*, lack of standing.

case; or alternatively, (2) declare certain limitations on any rulings that the Court may make in this

case. *See id.* at 14-16.

Neither framework constitutes a "consolidation" of the two cases—if anything, both

Frameworks seek to ensure that PPC's claims and concerns are addressed separately, not jointly. As

such, Rule 42(a) does not authorize PPC's requested procedures. But even if the requested

procedures were authorized by the Federal Rules, PPC fails to demonstrate that consolidation is

appropriate or that their Frameworks are warranted. The Court should deny PPC's Motion.

## STANDARD OF REVIEW

Rule 42(a) provides as follows:

> **Consolidation**: if actions before the court involve a common question of law or
> fact, the court may: (1) join for hearing or trial any or all matters at issue in the
> actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary
> cost or delay.

Fed. R. Civ. P. 42(a). Upon finding a common question of law or fact, a district court "has broad

discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S.*

*Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). To determine whether consolidation

is appropriate, "a court weighs the interest in judicial convenience against the potential for delay,

confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F.

Supp. 2d 1027, 1028 (N.D. Cal. 2003) (internal citation omitted). "Factors such as differing trial

dates or stages of discovery usually weigh against consolidation." *Sapiro v. Sunstone Hotel Invs., L.L.C.*,

03-cv-1555-PHX-SRB, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006) (citing Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 2383 (1995)).

**ARGUMENT**

A. **PPC' Motion does not seek consolidation and so the Court should deny the motion to consolidate proceedings.**

PPC invokes Rule 42(a) of the Federal Rules of Civil Procedure and asks the Court to consolidate and/or coordinate proceedings or issues in this case and the *Public Power Council* case. *See* ECF 164 at 10-12. However, neither of the Frameworks it proposes can be viewed as "consolidating" the two cases. Moreover, PPC provides no authority that Rule 42(a) authorizes the Court to implement the specific procedures that PPC proposes under either of the Frameworks.

By its own terms, Rule 42(a) addresses "Consolidation." Fed. R. Civ. P. 42(a). Upon the determination of a common question of fact or law, the rule provides that a court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). PPC never identifies which of these specific authorities it is asking the Court to apply—it certainly does not ask the Court to join the two cases for any hearing or trial under Rule 42(a)(1) or completely consolidate the cases under Rule 42(a)(2).

It may be that PPC relies upon Rule 42(a)(3)—although it never cites to that specific provision—because PPC argues that it seeks to "avoid unnecessary delay and duplication of proceedings." ECF 164 at 3. However, while Rule 42(a)(3) provides authority to issue "any other orders to avoid unnecessary cost and delay," it cannot be divorced from the action that Rule 42 actually authorizes, namely "consolidation." As the Supreme Court has explained, "this Court, along with the courts of appeals and leading treatises, interpreted that term to mean the *joining together*—but not the complete merger—of constituent cases." *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) (emphasis added); *see also Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) ("'Consolidation' as a term of legal procedure is generally used in three different contexts: (1) when several actions are stayed while one is tried, and the judgment in the case tried will be conclusive as to the others; (2)

when several actions are combined and lose their separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together, but each suit retains its separate character, with separate judgments entered."). Indeed, this Court's Local Rule 42 makes it clear that consolidation should comprise the joining together of the two cases, even if only for some limited purpose. LR 42-3(7) (requiring motion for consolidation to identify the "scope of consolidation requested, *e.g.*, for hearing on a motion; for pretrial and discovery; or for all further proceedings, including trial.").

PPC does not ask the Court, in any manner, to "join[] together" this case with the *Public Power Council* case. PPC does not ask that the Court address a particular issue in a consolidated hearing or briefing, to consolidate the cases for purposes of pretrial and discovery proceedings, or anything else that remotely resembles "consolidation." Instead, the PPC asks the Court to (1) expedite the merits briefing in the *Public Power Council* case alone, under Framework A, so that it might address PPC's arguments *before* it addresses the remedy in this case; or in the alternative, (2) to declare that it will not consider Interim Measure No. 5 in this case, and *not* apply any ruling it makes in this case when it rules in *Public Power Council*, under Framework B. These requests are the opposite of consolidation. In Framework A, PPC seeks to ensure that the Court resolve the issue of Interim Measure No. 5's legality separately—by addressing it first in the *Public Power Council* case. Under Framework B, PPC seeks to ensure that the Court not address Interim Measure No. 5 *at all* in the present case. In both circumstances, PPC asks, not that the Court *join* consideration of the issue in the two cases, but that it do so *separately*.

Not surprisingly, PPC cites to no case where a court issued an order under Rule 42(a) adopting anything like either of the Frameworks that PPC proposes. It cites to a single case, *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994), for its broad argument that Rule 42(a) provides "ample authority and wide latitude" to adopt its proposals. ECF 164 at 10 (capitalization

Federal Defendants' Opposition to Motion to Consolidate and/or Coordinate - 4

removed). But *Saettele* did not authorize the use of unusual proceedings under Rule 42(a). To the contrary, the Eighth Circuit emphasized that a "district court's broad discretion in ordering the consolidation of matters is *not unbounded*" and proceeded to find that the district court's consolidation in that matter was an abuse of discretion. *Saettele*, 21 F.3d at 235 (emphasis added). PPC provides no authority supporting its requests, and its Motion should be denied.

> **B.       In any event, PPC fails to demonstrate that consolidation is appropriate.**

Even if the Court could conclude that PPC is actually asking it to consolidate the two cases, the Motion should still be denied because PPC cannot demonstrate that consolidation is proper. *See Lewis v. City of Fresno*, 08-cv-1062-OWW-GSA, 2009 WL 1948918, at \*1 (E.D. Cal. July 6, 2009) ("The moving party bears the burden of showing consolidation is appropriate").

PPC fails to demonstrate that there is a common issue of law or fact, a necessary showing before a Court may consolidate two actions. *See Saettele*, 21 F.3d at 236; *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (a court lacks authority to consolidate unless it finds at least one common issue of law or fact present between the two cases). PPC argues that a common question of law is present because Federal Defendants conceded that the legal issue "regarding whether the Corps has the statutory authority to conduct certain dam operations appears to overlap with the legal issue raised by Public Power Council's first claim." ECF 164 at 10. But this statement merely reflects that similar legal questions generally are at issue in two cases—something that exists in a multitude of cases (indeed, any time *stare decisis* is applied). The statement does not identify a specific legal issue that is allegedly at issue in both cases warranting consolidation—and PPC does not otherwise do so in its Motion.

PPC does not—and cannot—argue that the specific legal issue of whether Interim Measure No. 5 is a lawful exercise of the Corps' authority is being litigated in the present case. *See Habitat Educ. Ctr, Inc.* 250 F.R.D. at 394 ("Although neither Rule 42 nor case law defines 'common question

of law or fact,' the plain meaning of this phrase indicates that a common question is one that must be answered identically in each case in which it is presented.") To the contrary, PPC's argument is that the issue *should* be addressed in this case—and that without PPC it will *not be.* ECF 164 at 13 (arguing is that "the parties have left a gaping how in the spectrum of positions on the issue of the Corps' authority.") While this argument might provide grounds for PPC to seek to intervene, it is fatal to PPC's request for consolidation. *See Saettele*, 21 F.3d at 235 (consolidating a case without a common issue of law or fact is an abuse of discretion).

PPC's fallback arguments—that there are common issues related to its second and third claims—fail for the same reason. PPC argues that a key issue in the remedy briefing in this case is whether the various "'interim measures' the Corps itself has adopted during its reinitiated ESA consultation are sufficient to avoid irreparable injury to listed species." ECF 164 at 11. But PPC will not be addressing the adequacy of the various measures to protect the listed species in the *Public Power Council* case. Nor does the present case implicate whether the Corps' decision to implement Interim Measure No. 5 was somehow arbitrary and capricious under the Administrative Procedure Act (PPC's second claim) and whether the Corps complied with NEPA in electing to implement Interim Measure No. 5 (PPC's third claim). Accordingly, PPC identifies no common question of law or fact from the two cases.

Moreover, the mere peripheral presence or overlap of legal issues between two cases does not support consolidation. *CSX Transp., Inc. v. Alban Waste, LLC*, 13-cv-1770-JKB, 2014 WL 1340041, at *2 (D. Md. Apr. 2, 2014) ("If the common issue is not central to the resolution of the cases or if consolidation will lead to delay in the processing of one of the individual cases, then consolidation may be denied.") (citing 9A C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383, at 40–43 (3d ed.2008)). And consolidation is often improper when cases are at disparate stages. *Sapiro*, 2006 WL 898155 at *1. *Colt Int'l Clothing Inc. v. Quasar Sci., LLC*, 16-cv-3040-AB

(JEMX), 2018 WL 6252448, at *2 (C.D. Cal. Aug. 21, 2018) ("Consolidation may properly be denied

in instances where the cases are at different stages of preparedness for trial.") (quoting *Mills v. Beech

Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989)).  Here, the two cases are at substantially different

stages.  This case was filed over three years ago, the Court has already resolved both preliminary

injunction and summary judgment motions, and is set to conclude *remedy* proceedings.  *See* 164 at 4-

8.  The *Public Power Council* case is in the very initial stages—the deadline for Federal Defendants to

respond to PPC's Amended Complaint is not until April 1.  *See Public Power Council*, ECF 9.

Under these circumstances, even if PPC could show a common question of law or fact, it

cannot show that consolidation is appropriate and its Motion should be denied.[2]

**C.      PPC's proposed Frameworks are inappropriate and unworkable.**

Should the Court nonetheless consider adopting Framework A or Framework B, Federal

Defendants provide the following objections to each.

1.  Framework A

Framework A constitutes PPC's request for the Court to issue its preferred scheduling order

in the *Public Power Council* case, over the objections of the Corps.  This request is premature.  Once

the Court has resolved the motion to dismiss and the Corps has answered the amended complaint in

---

[2] PPC also argues that its refusal to proceed under Rule 24 (intervention) does not give grounds to
deny its motion to consolidate.  Regardless of its merit, the argument does not help PPC because its
decision not to intervene in this case means that the Court's decision will not directly affect PPC's
legal rights. *See Chase Nat'l Bank v. City of Norwalk, Ohio* 291 US 431, 441 (1934) ("The law does not
impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a
suit to which he is a stranger."); *Martin v. Wilks*, 490 U.S. 755, 763 (1989) ("Unless duly summoned
to appear in a legal proceeding, a person not a privy may rest assured that a judgment recovered
therein will not affect his legal rights."); *Kourtis v. Cameron*, 419 F.3d 989, 998 (9th Cir. 2005)
(decision not to intervene avoids exposing nonparty to proceedings' preclusive effects).  And
because its legal rights are unaffected, it cannot substantiate its claims that consolidation is required
to protect its legal rights.

that case,[3] the parties should be required to attempt to negotiate a proposed case management order, and if unsuccessful in doing so, present to the Court their competing proposals.

Moreover, PPC's proposed schedule in the *Public Power Council* case is facially inadequate. It allows only PPC to file a motion for summary judgment—without allowing for a cross-motion for summary judgment by the Corps. Because the case is governed by the APA's judicial review provisions and will not be set for trial, the schedule should provide for cross-motions. *See, e.g.,* Scheduling Order, ECF 85; *Deer Creek Valley Nat. Res. Conservation Ass'n v. U.S. Bureau of Land Mgt.*, 1:12-CV-1596-CL, 2014 WL 458288, at *2 (D. Or. Feb. 4, 2014) ("when this court reviews an agency decision, however, there will be no trial" and that the parties "have properly filed cross-motions for summary judgment"); *Bark v. Northrop*, 3:13-CV-01267-HZ, 2014 WL 1414310, at *2 (D. Or. Apr. 11, 2014) (recognizing cross-motions for summary judgment, while also recognizing that summary judgment is "only a convenient label for the judicial review of challenged agency actions"); *Klamath Siskiyou Wildlands Ctr. v. Gerritsma*, 962 F. Supp. 2d 1230, 1233 (D. Or. 2013) (same); *No Casino in Plymouth v. Jewell*, 2:12-CV-01748-TLN, 2014 WL 3939585, at *3 (E.D. Cal. Aug. 11, 2014) (agreeing with Federal Defendants that "the appropriate process for resolving this matter is through cross-motions for summary judgment" and setting schedule). And, as is customary for such briefing schedules, PPC, as plaintiff, should file its summary judgment motion first, with the Corps' cross-motion following. *See id.*

Because PPC's proposed schedule for the *Public Power Council* case fails to comport with these authorities and normal practices with respect to the dispositive briefing of claims under the APA, the Court should not enter it. Rather, the parties should instead endeavor to reach a joint schedule, at the appropriate time and certainly after the resolution of the motion to dismiss.

---

[3] As the Corps previously informed PPC's counsel, it was intending to file a motion to dismiss the original complaint in this action. PPC subsequently amended its complaint. *Public Power Council*, ECF 9. The Corps will move to dismiss the amended complaint for, *inter alia*, lack of standing.

2. Framework B

Under Framework B, PPC makes the extraordinary request of asking the Court to issue "declarations" as to how it will proceed in the future. PPC asks that the Court "declare that it will decide the remedy phase of [the present case] without any reliance on Interim Measure No. 5" and that it "will not regard as 'settled law' or 'binding precedent' in this case any determinations it makes in its final remedy order." ECF 164 at 15-16. It further asks that the Court adopt a schedule in the *Public Power Council* case that would allow for the resolution of PPC's claims "before November 1, 2021, on or around when the Corps has indicated it intends to begin implementing Interim Measure No. 5 again." *Id.* These requests are inappropriate and unwarranted.

The first condition of Framework B—PPC's request that the Court essentially pretend that Interim Measure No. 5 does not exist when addressing remedy in this case—is inappropriate. Plaintiffs' burden in seeking injunctive relief includes demonstrating that "irreparable injury is likely *in the absence of an injunction.*" *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis added). Thus, courts addressing remedies must account for new or interim mitigation measures that would proceed in the absence of an injunction—here, Interim Measure No. 5. *See id.* Therefore, the Court cannot properly address whether the Plaintiffs have demonstrated irreparable harm without considering the Corps' implementation of interim measures such as Interim Measure No. 5. PPC cites no authority to the contrary.[4]

For the second condition, PPC requests that the Court declare that it "will not regard as 'settled law' or 'binding precedent' in this case any determinations it makes in its final remedy order." *See* ECF 164 at 15-16. PPC's request restates the law. "A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to

---

[4] In addition, Plaintiffs have proposed an injunction measure that is similar to Interim Measure No. 5 and may decrease power production at Detroit Dam. Therefore, under Framework B, the Court presumably would also need to decide the appropriate remedy without considering Plaintiffs' injunction measure.

those proceedings." *Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 798 (1996) (quoting *Martin v. Wilks*, 490 U.S. 755, 761–62 (1989)). *See also Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir.1990) ("a person cannot be bound by a judgment in litigation to which he was not a party."). PPC provides no reason why the Court should issue a prophylactic declaration that it will follow existing law.

PPC's third condition requests a briefing schedule in the *Public Power Council* case, and the condition is unnecessary and premature—just as with Framework A. The parties in *Public Power Council* and the Court can establish a case management schedule in due course and, in doing so, address PPC's timing concerns. While PPC argues that it wants to "ensure that the Court can set aside Interim Measure No. 5 at some point before it is scheduled to go into effect again in November 2021," this is not a unique circumstance. *See* ECF 164 at 16 n.1. To the extent PPC believes that continued implementation of the measure may threaten it with irreparable harm, it can seek preliminary injunctive relief under Rule 65.

In summary, because Framework B is both inappropriate and unnecessary, the Court should not adopt it either.

## CONCLUSION

PPC's Motion, while invoking Rule 42(a), does not actually ask the Court to consolidate this case and the *Public Power Council* case and thus fails outright. But even if PPC's requests were proper under Rule 42(a), it fails to demonstrate that there is a common question of law or fact allowing consolidation, or that it would otherwise be appropriate. Finally, even apart from these fundamental defects to PPC's Motion, both of PPC's proposed frameworks are unwarranted under the facts and circumstances. PPC has the ability to protect its rights, including by seeking to intervene. The Court should not adopt PPC's case management maneuvers made under the guise of a motion to consolidate.

Dated: April 1, 2021                    JEAN E. WILLIAMS, Acting Assistant Attorney General
                                        SETH M. BARSKY, Section Chief
                                        S. JAY GOVINDAN, Assistant Section Chief

                                        /s/ Kaitlyn Poirier
                                        KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
                                        U.S. Department of Justice
                                        Environment & Natural Resources Division
                                        Wildlife & Marine Resources Section
                                        Ben Franklin Station, P.O. Box 7611
                                        Washington, D.C. 20044-7611
                                        Telephone: (202) 307-6623
                                        Fax: (202) 305-0275
                                        Email: kaitlyn.poirier@usdoj.gov

                                        Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I certify that on April 1, 2021, the foregoing was electronically filed through the Court's electronic

filing system, which will generate automatic service on all parties enrolled to receive such notice.

/s/ Kaitlyn Poirier
Kaitlyn Poirier
Trial Attorney, U.S. Department of Justice