JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants, <br><br> and <br><br> CITY OF SALEM and MARION COUNTY, <br><br> Defendant-Intervenors. | Case No.: 3:18-cv-00437-HZ <br><br> FEDERAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' RESPONSE TO FRE 706 EXPERT REPORT, REVISED REMEDY PROPOSAL, AND FIFTH DECLARATION OF RICHARD DOMINGUE |

Federal Defendants object to Plaintiffs' belated revision to their remedy proposal for permanent injunctive relief. *See* Plaintiffs' Response to FRE 706 Expert Report, ECF 185; Plaintiffs' Revised Remedy Proposal, ECF 185-4; Fifth Declaration of Richard Domingue, ECF 186. Plaintiffs' revised remedy proposal constitutes a new motion for permanent injunctive relief, one that has not

Federal Defendants' Objections to Plaintiffs' Response to FRE 706 Expert Report - 1

been responded to by Federal Defendants or subjected to the adversarial process. The revised remedy proposal therefore is procedurally improper and highly prejudicial to Federal Defendants. As explained below, the Court should disregard Plaintiffs' revised remedy proposal and decide remedy in this case based on Plaintiffs' second revised remedy proposal (ECF 143-7). Alternatively, the Court should reschedule the hearing on May 6, 2021, and afford Federal Defendants with at least two weeks to address and respond to Plaintiffs' latest proposal for permanent injunctive relief. In support of this objection, Federal Defendants state as follows:

1.   Plaintiffs have identified at least three different proposals for permanent injunctive relief. Plaintiffs submitted their first remedy proposal on October 9, 2020. ECF 117. In the response to Plaintiffs' remedy proposal, Federal Defendants explained that some of Plaintiffs' proposed injunction actions could harm fish and dam components or structures. *See, e.g.*, Taylor Decl., ECF 133 at ¶ 32, 49. Plaintiffs subsequently submitted a second remedy proposal with their reply brief purporting to account for some of these harms. ECF 143-7.

2.   The Court's independent expert, Dr. Desiree Tullos, then notified Plaintiffs that "[s]everal of [their] modifications were not specific enough to even qualitatively evaluate the effect on human life and safety." ECF 148-1 at 1. Plaintiffs responded by adding "clarifying details" to several of their proposed injunction actions. ECF 151-1 at 2. After analyzing Plaintiffs' proposed injunction actions, Dr. Tullos concluded that several of the injunction actions presented a risk to human life and safety. ECF 176 at 14-16. At Dr. Tullos' deposition, Plaintiffs inquired about proposed modifications to their proposed injunction actions to mitigate for the human life and safety risk and asked for Dr. Tullos' opinions on those proposals. *See* Deposition Testimony Transcript pg. 32 at line 7 to pg. 33 line 15; *id.* pg. 53 at line 3 to pg. 54 at line 25; *id.* pg. 66 at line 1 to pg. 68 at line 19; *id.* pg. 41 at line 1 to pg. 45 at line 8. Based on Dr. Tullos' initial reactions to those proposals at the deposition, Plaintiffs have modified their remedy proposal for a third time. ECF 185-4.

3. Plaintiffs' latest revised remedy proposal comes in response to Dr. Tullos' expert report, four business days before oral argument on Plaintiffs' remedy proposal, and without affording Federal Defendants a reasonable opportunity to respond to the proposal.

4. Plaintiffs bear the burden of establishing that permanent injunctive relief is required. *Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013). As with any matter where the movant bears the burden of proof, Plaintiffs were required to meet their burden in their opening submission, "in order to afford Defendants a full and fair opportunity to respond." *See In re Flash Memory Antritrust Litig.*, No. 07-cv-86-SBA, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010) (declining to consider reply "evidence [that] should have been proffered with Plaintiffs' moving papers").

5. Plaintiffs failed to initially meet their burden, as evidenced by their second and third attempts to restructure their proposal for permanent injunctive relief. But rather than withdraw their original motion, Plaintiffs have chosen to offer ad hoc variants on a rolling basis. "Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court," *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003), and the "adversarial testing process works to produce a just result under the standards governing decision," *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Plaintiffs' efforts to shield their injunction proposal from the rigors of the adversarial process are improper, prejudicial, and should not be allowed.

6. Courts, in fact, have consistently confirmed that Plaintiffs' serial modifications to injunction requests are improper. *See, e.g., Or. Wild v. United States*, 107 F. Supp. 3d 1102, 1116 n.9 (D. Or. 2015) (where new relief requested in a reply brief, the reply violates L.R. 7-1(a) and L.R. 7-1(b); thus, "Plaintiff's motion is not properly before the Court and I decline to consider it"); *Harley-Davidson Credit Corp. v. Turudic*, No. 3:11-cv-01317-HZ, 2012 WL 5411771, at *1 (D. Or. Nov. 6, 2012) (same); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Calence, LLC v. Dimension Data Holdings, PLC*, 222 F. App'x 563, 566 (9th Cir. 2007) (upholding district court's refusal to consider arguments raised for the first time on reply when considering a motion for preliminary injunction);

Federal Defendants' Objections to Plaintiffs' Response to FRE 706 Expert Report - 3

*Cleavenger v. Univ. of Or.*, No. 13-cv-1908-DOC, 2016 WL 814810, at *4 n.7 (D. Or. Feb. 29, 2016) ("The Court 'decline[s] to consider new issues raised for the first time in a reply brief'") (quoting *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir. 2003)). Plaintiffs' latest remedy proposal is even more egregious than filing a revised remedy proposal in a reply brief as it comes more than four months after the reply.

7.  In much the same way, Plaintiffs' third remedy proposal is highly prejudicial. Plaintiffs chose to request new permanent injunctive relief a mere four business days before the scheduled hearing on remedy. Plaintiffs' third remedy proposal seeks extraordinary relief that will have significant ramifications on the U.S. Army Corps of Engineers and the Willamette Valley Project. Plaintiffs' request that the Corps rush inspections and, potentially, repairs to the regulating outlets at Detroit and Lookout Point Dams could itself cause life safety issues. Plaintiffs' third remedy proposal could also potentially impact Endangered Species Act-listed salmonids and other Corps projects should the implementation of this latest request for relief necessitate the diversion of funding. By depriving Federal Defendants a full and fair opportunity to respond to the new relief, Plaintiffs ask for their requests to be considered on less than a full record. Doing so could harm the listed species that Plaintiffs claim they seek to protect and the other interests threatened by Plaintiffs' requests. "The moving nature of the target" frustrates Federal Defendants' ability to fairly evaluate and respond to the latest proposal. *See, e.g.*, *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 790 (7th Cir. 2011).

In sum, there is no justification for Plaintiffs' eleventh-hour maneuvers. By Plaintiffs' own admission, the circumstances giving rise to this lawsuit occurred "[c]ertainly, by the end of 2015." ECF 36 at 26. Plaintiffs had over five years to gather evidence and file a remedy proposal. As such, the circumstances that would excuse Plaintiffs' improper actions of presenting new relief so late in this litigation do not exist. Plaintiffs have had ample opportunity to develop and present a motion for permanent injunctive relief that heeds the requirements of the law—i.e., a *motion* that presents the law, facts, and evidence Plaintiffs contend support their request for extraordinary judicial relief. Plaintiffs' litigation by ambush prejudices Federal Defendants' ability to respond, risks important

issues being decided on an incomplete record, and should not be permitted. The Court therefore should disregard Plaintiffs' latest remedy proposal or, at a minimum, reschedule the hearing on May 6, 2021, and afford Federal Defendants with at least two weeks to address and respond to Plaintiffs' latest proposal for permanent injunctive relief.

Dated: May 3, 2021

JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

/s/ Kaitlyn Poirier
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Fax: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I certify that on May 3, 2021, the foregoing was electronically filed through the Court's electronic filing system, which will generate automatic service on all parties enrolled to receive such notice.

                                                  */s/ Kaitlyn Poirier*
                                                  Kaitlyn Poirier
                                                  Trial Attorney, U.S. Department of Justice

Federal Defendants' Objections to Plaintiffs' Response to FRE 706 Expert Report - 6