TODD KIM, Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al., | Case No.: 3:18-cv-00437-HZ |
| Plaintiffs, | FEDERAL DEFENDANTS' MOTION FOR CLARIFICATION AND RECONSIDERATION |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | |
| Defendants, | |
| and | |
| CITY OF SALEM and MARION COUNTY, | |
| Defendant-Intervenors. | |

**MOTION**

Federal Defendants respectfully request that the Court clarify aspects of its July 27, 2021 Minute Order regarding the expert panel process. *See* Minute Entry, ECF 196. Furthermore, Federal Defendants request that the Court reconsider its Order finding that the expert panel process is

1

"neither legal nor adversarial" and therefore Federal experts may not have legal counsel present and that the expert panel meetings should not be transcribed. *See id.* As explained further below, the Court should reconsider because (1) the expert panel process is indeed legal and adversarial; (2) Federal employees of the defendant agencies are entitled to legal counsel during compelled participation in legal proceedings; (3) the expert panel meetings should be transcribed for the protection of Federal employees and to provide the record of these proceedings; and (4) allowing attorneys and a court reporter in the expert panel meetings is consistent with a narrowly tailored remedy and is in the public interest. Pursuant to Local Rule 7-1, counsel for Federal Defendants conferred with counsel for Plaintiffs, who state that they do not oppose the request to reconsider the presence of counsel and a court report at the expert panel meetings.

As the proposed expert panel must convene shortly regarding upcoming operations (including the fall drawdown at Cougar Reservoir), Federal Defendants ask that the Court decide this motion as expeditiously as possible.

**ARGUMENT**

**I.     Federal Defendants request that the Court clarify aspects of Plaintiffs' proposal regarding the expert panel process.**

The purpose of a motion for clarification is to allow the Court to "explain or clarify something ambiguous or vague, not to alter or amend." *United States v. All Assets Held at Bank Julius, Baer & Company, Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018) (quoting *United States v. Phillip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011)). In the Court's July 27 Order, the Court stated that it "adopts Plaintiffs' proposed process for the expert panel's deliberations" discussed in the last paragraph of the joint letter to the Court, at pages 2-3. ECF 196. Federal Defendants ask the Court to clarify three aspects of Plaintiffs' proposal that are ambiguous.

First, Plaintiffs' proposal stated that the expert panel would confer to "determine the deadlines for the tasks identified by the Court" that are due on August 10. *Id.* (attached joint letter at 2). But the

2

Court's Draft Order states that the "parties will email the Courtroom Deputy a joint submission of the deadline(s) for the Experts' implementation proposal" and "the parties may propose different deadlines" for near-term measures and the measures that will be implemented further down the road. ECF 194 at 12-13 n.2. Federal Defendants seek clarification that, as originally ordered, the parties—informed as needed by party- and expert-conferral—should submit the estimated timelines for the implementation proposals to the Court by the August 10 deadline. Numerous Federal experts and staff must provide input on when implementation plans need to be finalized for the operations to implement, and the considerations on when an implementation plan must be developed for operators to implement the injunction actions is decidedly distinct from the task of crafting an implementation plan. One relies on dam operators indicating when they need to "pull the levers"; the other involves experts determining the best technical and scientific way to define the operation for operators to implement. To best ensure that the Court's injunction actions can be implemented, Federal Defendants request clarification to ensure the process to develop a timeline for expert panel meetings is not hamstrung by constraining participation. The process should instead allow the parties to confer, using experts as needed, and submit a schedule to the Court on August 10, along with a proposal for the timely filing of any party's comments on, or objections to, the panel's implementation plan, as discussed below.

Second, Plaintiffs' proposal did not indicate who would submit the expert panel's final implementation plan to the Court: the expert panel itself or legal counsel. *See* ECF 196 (attached joint letter at 1-3). Federal Defendants seek clarification that counsel will file the implementation plan, as provided to them by the panel, with the Court in order to prevent any ex parte contact between the expert panel and the Court.

Third, Plaintiffs proposed that the parties should submit "concerns" regarding the final implementation plans proposed by the expert panel to the Court for its consideration in the final

injunction order. *Id.* (attached joint letter at 3). Federal Defendants seek confirmation that parties may submit formal comments on or objections to the expert panel's implementation plan prior to the Court entering the injunction. If so, Federal Defendants request that the final order should further specify an orderly process for doing so, providing that the proposed implementation plan be filed a certain number of days before the relevant implementation deadline and directing the parties to file any comments on, or objections to, the proposed plan within a specified amount of time in advance of the implementation deadline.

## II. Federal Defendants request that the Court reconsider its Order denying legal counsel and a court reporter at the expert panel meetings.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation and quotation marks omitted). Federal Defendants request that the Court use this power to reconsider its July 27 Order that the expert panel meetings are to be held without legal counsel and a court reporter present.

### A. The government experts are governed by Federal regulations in their appearance before court, and both counsel and a transcript would aid them in fulfilling their obligations as Federal employees.

Under Federal regulations, the Federal experts that the Court wishes to appear on the panel are required by law to represent the Federal government and its interests before the Court. *See* 5 C.F.R. § 2635.805 ("An employee shall not serve, other than on behalf of the United States, as an expert witness, with or without compensation, in any proceeding before a court or agency of the United States in which the United States is a party or has a direct and substantial interest, unless the employee's participation is authorized by the agency under paragraph (c) of this section."); *see, e.g.,* 15 C.F.R. § 15.18(a) (NMFS employees "may not testify as an expert or opinion witness for any other party other than the United States."); *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989) ("*Touhy* is part of an

unbroken line of authority which directly supports [Defendant's] contention that a Federal employee may not be compelled to obey a subpoena contrary to his Federal employer's instructions under valid agency regulations.") (citing *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 469 (1951)). As employees of the Federal government, the Federal experts will be required to represent the United States' interests, while also providing the expert advice that the Court seeks. Allowing representation by counsel and a transcript of the proceedings will assist them in meeting these various obligations.

Both the Corps and the NMFS have regulations governing whether, and how, their employees may provide testimony in legal proceedings. NMFS employees are governed by Department of Commerce regulations governing employee testimony and the production of documents in legal proceedings. *See* 15 C.F.R. §§ 15.11-18. The General Counsel's office, or appropriate agency counsel, must authorize the production of documents or provision of testimony and that authorization may be withheld, where appropriate. *Id.* §§ 15.13, 15.14(b). With respect to the Corps, its employees are required to follow Department of the Army regulations governing the release of official information as well as appearances related to judicial (or even quasi-judicial proceedings). *See* 32 C.F.R. §§ 516.40-56. Under these regulations, Corps personnel are not allowed to disclose official information without approval of the appropriate legal advisor, after consideration of a variety of factors to avoid inadvertent release of privileged or classified information. *Id.* at §§ 516.41, 516.44.

In this case, given the significant concerns discussed in this motion, each agency has determined that the presence of legal counsel is a necessary safeguard to their authorization of their employees' participation in the expert panel. *See* Second Declaration of Barry Thom, ¶ 9; Second Declaration of Frances Coffey, ¶ 6 (both declarations filed concurrently with this motion). Should the Court rule that the Federal employees must participate in the expert panel process without access to counsel, the Federal government's authorized participants in the expert panel process will be limited

5

to two senior leaders within their respective agencies who are knowledgeable about Project operations and biological impacts. *Id.*; *id.*

### B. The expert panel is a legal and adversarial process.

In its July 27 Order, the Court denied Federal Defendants' request that legal counsel be present at the expert panel meetings. Minute Entry, ECF 196. The Court explained that the "expert panel's task is neither legal nor adversarial in nature" because the panel is "simply to create an implementation plan that is in accordance with the best available science, technically feasible, incorporates principles of adaptive management, and provides meaningful research, monitoring, and evaluation of the interim measures." *Id.* Federal Defendants submit that this rationale bears reconsideration to fully account for the judicially-compelled nature of Federal employees' participation on the panel as well as the injunctive relief purpose of the panel's recommendations.

The expert panel process is a legal one. The Draft Order (once entered) and the July 27 Order establish the expert panel, require Federal employees to participate in the panel, and constrain how the panel will function. ECF 194; Minute Entry, ECF 196. Without the Court's Orders, there would be no expert panel. Because the Court is responsible for establishing the expert panel, the panel is unquestionably a legal process. *See Legal*, Black's Law Dictionary (11th ed. 2019), *available at* Westlaw ("1. Of, relating to, or involving law generally; falling within the province of law. 2. Established, required, or permitted by law."). As further evidence that the expert panel is a legal process, the Court is establishing the panel for the purpose of having the panel craft an implementation plan to serve as the basis for a Court-ordered *injunction*. *See* ECF 194. That injunction conceivably could result in Federal Defendants and their employees (including some of the expert panelists) being held in contempt if the implementation plan is not fully implemented. In other words, there will be legal consequences that flow directly from the expert panel meetings; thus, the expert panel proceedings are decidedly legal in nature.

The expert panel process is also adversarial. While the process need not be—nor do Federal Defendants expect the process to be—confrontational, the experts are employed or retained by parties who are adversaries in litigation. The experts that will participate on the panel are charged with creating an injunction that will bind Federal Defendants (including those experts who are Corps and NMFS employees). The Court is not establishing an expert panel made of neutral third party experts.[1] Moreover, the Federal experts that the Court has directed to sit on the panel are employed by parties that are still in the midst of litigation. In addition, the various experts are likely to disagree about certain issues and the nuances of the implementation plan, and the presence of counsel will assist the experts in resolving disagreements or fleshing them out in writing such that the Court can resolve those areas of disagreement.

### C. If Federal employees are required to attend the expert panel meetings, they are entitled to legal counsel.

Because the expert panel meetings are indeed part of a litigation process and Federal employees are required to participate, legal counsel should be allowed to attend. Currently, the July 27, 2021 order forces Federal agency employees to appear in a legal proceeding (not dissimilar to a mediation) without legal representation to safeguard their own interests as well as the broader interests of the United States.

For example, the Court dismissed Federal Defendants' concern that the expert meetings could lead to the inadvertent release of confidential and/or privileged information without counsel being present. *See* Minute Entry, ECF 196 ("The government's experts need not disclose any privileged information to carry out this undertaking [(creating an implementation plan)]."). But Federal

---

[1] Indeed, the Court has already appointed one neutral expert to serve as an expert witness, pursuant to Federal Rule of Evidence 706. *See* ECF 149. It could use a similar process, with similar safeguards and defined procedures, to appoint expert witnesses to advise the Court in crafting the injunction set forth in the Draft Order. Alternatively, the Court could require additional briefing from the parties on specific issues before crafting an injunction order or require the parties to engage in a mediation process to develop an implementation plan.

Defendants respectfully request the Court reconsider this point. Corps engineers have knowledge of, and access to, sensitive information about critical infrastructure (such as Corps' dams and their components, their capabilities, reliability, and vulnerabilities, and the consequences of system failure). *See* ECF 154-55. As previously established, this information could be exploited by malignant actors to disrupt operation of the Willamette Valley System and cause partial or complete system failure and subsequent loss of life and property. *Id.* Indeed, the Court previously entered a protective order in this case to limit the distribution of this type of confidential information, but, as currently formulated, that order would not apply to the expert panel discussions. *See* ECF 159. Given the expert assignments the Court outlined in its Draft Order, including assignments that could involve discussing dam safety or dam structures, the expert panelists' discussions could lead to the necessity of confidential information being discussed or shared. In addition, the Federal employees that may participate in the panel are privy to information regarding the Environmental Impact Statement for the Willamette Valley Project that is currently being developed. At this time, this information is confidential (or, at a minimum, is pre-decisional and/or deliberative and, as such, should not be released).

Federal employees that may be on the panel also have access to, and know of, significant amounts of attorney-client privileged information. Some of this information relates to the expert assignments that the Court outlined in its Draft Order and may be unintentionally mentioned during the expert panel discussions on those assignments. If the Court's July 27 Order stands and no legal counsel is present at the expert panel meetings, the Federal employees could accidentally waive attorney-client privilege and the Federal agencies and Department of Justice would never know. For these reasons, it is critical that legal counsel be present at the expert panel meetings to prevent this type of information from being inadvertently released.[2]

---

[2] The Court denied Federal Defendants' request for legal counsel in part because the Court had "already determined Defendants' liability" and the expert panel's task is merely to create an implementation plan for completing injunction actions. Minute Entry, ECF 196. But that is not a

8

The rules of professional responsibility also contemplate that legal counsel should be present at the expert panel meetings. The Department of Justice,[3] and the agency counsel representing the Corps and NMFS, have a duty to competently represent the Federal government, render candid advice, and act with reasonable diligence. Model Rules of Pro. Conduct 1.1, 1.3, 2.1 (Am. Bar Ass'n 1983). Moreover, because the Federal employees who may be on the panel know and/or have confidential and privileged information, it is impossible to ensure that the government's rights are protected and the Oregon Rules of Professional Conduct are being complied with if Plaintiffs have ex parte access to, and contact with, the government's experts (through their own experts) at the panel meetings. *See* Or. Rules of Pro. Conduct 4.2, 4.4 (2020) (Respectively, in representing a client, "a lawyer shall not communicate or cause another to communicate on the subject of the representation with a person the lawyer knows to be represented by a lawyer on that subject" unless certain exceptions apply . . .); *Brown v. Or. Dep't of Corr.*, 173 F.R.D. 265, 269 (D. Or. 1997) ("[T]he Oregon State Bar states that an attorney making ex parte contacts with either current or former employees must be extremely cautious to avoid invading the attorney-client privilege claimed by the opposing party.").

Legal counsel is also necessary at the expert panel meetings because the experts' implementation plans could be adopted by the Court in its injunction and therefore come with the

---

reason to deny legal counsel. In the criminal context, defendants that have already been convicted are still entitled to legal counsel when they meet with a probation officer who drafts an advisory pre-sentencing memo. *See* Fed. R. Crim. P. 32(c).

[3] Being unable to be present at the expert panel meetings would also hinder the Department of Justice attorneys' fulfillment of their delegated authority to represent the United States in this matter. *See* 28 U.S.C. §§ 516, 519 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."), ("Except as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party, and shall direct all United States attorneys, assistant United States attorneys, and special attorneys appointed under section 543 of this title in the discharge of their respective duties.")

9

threat of contempt. It is therefore critical that the proposed order the panelists submit to the Court for consideration be implementable not only from a sound scientific and technical perspective, but also from a legal perspective (e.g., the language used does not inadvertently mean Federal Defendants could be held in contempt due to factors beyond their control or for any negligible deviation). *See, e.g.*, Fed. R. Civ. P. 65.

Accordingly, legal counsel should be present at the expert panel meetings. Plaintiffs, in fact, do not oppose this request. *See* ECF 196 (attached joint letter at 3). However, as stated above, should the Court rule that Federal employees must participate in the expert panel process without access to counsel, the Federal government's authorized participants in the expert panel process will be limited to two senior leaders within their respective agencies who are knowledgeable about Project operations and biological impacts. Second Thom Decl., ¶ 9; Second Coffey Decl. ¶ 6.

### D. The Court should allow a court reporter at the expert panel meetings.

The Court denied Federal Defendants' request for a court reporter to be present at the expert panel meetings because the "implementation plan ultimately recommended by the expert panel will speak for itself and this Court is capable of resolving disagreements, if any, that result from that process without a transcript." ECF 196. Federal Defendants request that the Court reconsider its decision and allow a court reporter at the expert panel meeting for a number of reasons.

First, the Ninth Circuit has made clear that, while courts can appoint non-judicial officers to make recommendations in complex litigation, such "appointments specifically limit[] the expert to making recommendations subject to review by the district court." *Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014). The Court therefore has a duty to review the expert panel's implementation plan and independently decide whether the plan should be incorporated into the injunction. *See id.* To conduct a meaningful review, the Court would have to consider evidence and information such as transcripts of the expert panel meetings. Otherwise, the Court is unlawfully turning its judicial

authority over to the expert panel by assuming, without evidence, that the expert panel's implementation plan correctly "balances the potential tradeoffs, accounts for the multifarious variables, and provides the most benefit to the listed salmonids." ECF 194 at 10; *Armstrong*, 768 F.3d at 987; *Ruiz v. Estelle*, 679 F.2d 1115, 1159-63 (5th Cir. 1982) (the findings of the special master appointed by the court cannot be accorded the presumption of correctness), *amended in part, vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982) (per curiam). Neither the Court nor the parties can adequately review the expert panel's implementation plan if the meetings are not transcribed. Furthermore, a transcript will provide an undisputed basis for the development of the panel's plan, which will simplify the Court's resolution of any party's comments on, or objections to, the plan (which Plaintiffs concede should be allowed). *See* ECF 196 (attached joint letter at 3).

Second, even if the Court does not believe it is necessary to have a transcript of the expert panel meetings before it enters an injunction, any appellate panel would require a full record should they be called upon to consider the Court's decision and injunction. Part of that record is undoubtedly what basis the Court had, and/or what the Court relied on, when ordering the Corps to comply with a certain implementation plan. The Court entering an injunction (which will incorporate the expert panel's implementation plans) without a record of the expert panel meetings is akin to a Federal agency making a decision but not supplying an administrative record for the Court's review. Both the Court's injunction and the hypothetical Federal agency's decision will exist, but the reviewing court will not have a fulsome explanation about why and how the injunction/decision was made. If this Court had remanded this matter to the agency, the Court's review of the agency's actions on remand would be on "the whole record," 5 U.S.C. § 706, and in much the same way, this Court should ensure that it creates the whole record for review of its decisions here.

Third, because the Court has also ordered that the expert panel meet without attorneys present, there is no way for Federal Defendants' attorneys to know whether any confidential and/or

11

privileged information was discussed or shared without the expert panel meetings being transcribed. *See supra* Argument Section II.C. Without a transcript, Federal Defendants cannot attempt to take remedial action to limit the disclosure of confidential information or file a motion for a protective order. Additionally, without the transcript, counsel would not be able to comply with professional rules requiring reporting violations to the bar if such a violation was to occur.

Fourth, Federal Defendants maintain that having a transcript will assist the Court in the likely event the experts disagree about how an injunction action should be implemented—particularly as there is no alternative procedure in place for the expert panelists to brief the Court on why their particular plan should be chosen or for the Court to ask the expert panelists questions. For example, Plaintiff's experts and the Federal government's experts may disagree over the best course for implementing the Court's injunction.

Fifth, the absence of a court reporter is prejudicial to both Plaintiffs and Federal Defendants. Without a Court reporter to transcribe the expert panel meeting and deliberations, Plaintiffs and Federal Defendants' capacity to object to the expert panel's recommendation[4]—which is likely to be adopted as the Court's injunction—will be diminished. Plaintiffs and Federal Defendants will be forced to rely on second-hand information from expert panelists (who are not attorneys) to ascertain how or why an implementation plan or certain conclusion was reached when making their objections. The experts may not even recollect or agree on the manner/conduct of the meetings, and any account on which the parties would rely to support their objections would be hearsay. Each party's right to appeal the Court's injunction (if necessary) will similarly be diminished as there will be no record of why the expert panel reached the conclusions it did.

---

[4] Federal Defendants are asking the Court for clarification on whether such objections are allowed. *See supra* Argument Section I.

Sixth, the absence of a court reporter is prejudicial to Intervenors and members of the public, who do not have any representation on the panel but have a real interest in the operations of the Willamette Valley Project. The public will have an interest in understanding how operations were selected and the reasons for various choices made in developing the implementation plan.

Seventh, Plaintiffs have raised—multiple times—the unsupported argument that NMFS is being "silenced" during this litigation, and the Court has ordered that employees of NMFS participate in the expert panel. *See* ECF 196 (attached joint letter at 2). Should the conduct of any expert panel member or the parties be again questioned, the Court's and parties' review of the alleged conduct would be impossible without a transcript of the proceedings. A transcript of the proceedings would not only allow the Court to assure itself that NMFS is in fact fully participating in the case, but also assures that the undersigned attorney would no longer be accused of such misconduct without evidence.

Finally, a court reporter is not an imposition on the proceedings. Court reporters do not interfere with depositions or court hearings. Here, there is no reason a court reporter would interfere with the expert panel meetings or the ability of experts to complete their assignments, or have any chilling effect on the proceedings. If anything, transcripts will be helpful for the experts to remind them the issues that have already been discussed and any decisions that have been reached. Furthermore, Federal Defendants have offered to schedule, and pay for, the court reporter.[5] It bears noting that Plaintiffs did not object to the presence of a court reporter in the letter submitted to the Court and do not object to this motion for reconsideration of this issue. *See* ECF 196 (attached joint letter at 3).

---

[5] Alternatively, the panel meetings could be electronically recorded and transcribed as need be. If this option were utilized, Federal Defendants also volunteer to arrange for, and pay for, the service.

### E. An injunction requiring the parties to attend the expert panel without counsel or a court reporter present is not narrowly tailored or in the public interest.

Once entered, the Court's Draft Order (ECF 194) establishing the expert panel will become an injunction. *See Nken v. Holder*, 556 U.S. 418, 428 (2009) (injunction "is a means by which a court tells someone what to do or not to do"). The Court's July 27 Minute Order also constitutes an injunction as it dictates how the expert panel will operate—without legal counsel and a court reporter present. *See id.* All injunctions must be "narrowly tailored . . . to remedy only the specific harms shown by the plaintiffs." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004); *see also United States v. AMC Ent., Inc.*, 549 F.3d 760, 768 (9th Cir. 2008) ("a trial court abuses its discretion by fashioning an injunction which is overly broad"). Denying the parties, including Federal agencies and their employees, legal counsel during the panel meetings and prohibiting transcription of the panel meetings is not narrowly tailored to remedying the alleged harms shown by Plaintiffs in this lawsuit (i.e., harms to ESA-listed salmon). The expert panel process can still function as intended with attorneys present, and transcribing the meetings should not inhibit the good faith participation of experts in meeting the intent of the Court's order. Many judicial proceedings (depositions, court hearings) are on the record, which does not inhibit good faith discussions or the progress of the proceedings. And as discussed above, there are important public interest considerations impacted by the limitation on the presence of counsel or transcription of the meetings: the protections that should be afforded to Federal employees participating in the panel, the United States' interest in avoiding the inadvertent disclosure of sensitive information, and the clarity and transparency to be provided by an accurate transcription of panel meetings. Furthermore, the panel's implementation plan may potentially impact broader public interests associated with operating the Willamette Valley Project. Given the basin-wide importance of the decisions being made and the potential impacts of the interim plan, it is in the public interest for the Federal government—which represents the interests of the United States as a whole— to be represented by counsel during the expert panel meetings and to have records of those meetings.

Finally, as further evidence that allowing attorneys to be present and the meetings to be transcribed is compatible with the Court's order and narrowly tailored, Plaintiffs themselves have stated that they do not oppose the presence of counsel and a court reporter. *See* ECF 196 (attached joint letter at 3). In short, whether construed as an injunction or just part of the Court's remedy order, the Court has an obligation "to consider less drastic relief" than an order compelling Federal staff to participate in an adversarial process without any recording of the meeting and without legal counsel present. *Salazar v. Buono*, 559 U.S. 700, 721-22 (2010).

## CONCLUSION

For the above reasons, the Court should grant Federal Defendants' motion for clarification and to reconsider its previous order denying legal counsel and a court reporter at the expert panel meetings. Plaintiffs do not oppose the presence of legal counsel or a court reporter at the expert panel meetings.

Dated: August 3, 2021

TODD KIM, Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief
MICHAEL R. EITEL, Senior Trial Attorney

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Fax: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August 3, 2021, the foregoing was electronically filed through the Court's electronic filing system, which will generate automatic service on all Parties enrolled to receive such notice.

*/s/ Kaitlyn Poirier*
Kaitlyn Poirier
Trial Attorney, U.S. Department of Justice
