TODD KIM, Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al., | Case No.: 3:18-cv-00437-HZ |
| Plaintiffs, | SECOND DECLARATION OF BARRY THOM |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | |
| Defendants, | |
| and | |
| CITY OF SALEM and MARION COUNTY, | |
| Defendant-Intervenors. | |

I, Barry A. Thom, declare and state as follows:

1. I am currently the Regional Administrator of the National Oceanic and Atmospheric Administration, National Marine Fisheries Service ("NMFS"), West Coast Region. NMFS is a part of the National Oceanic and Atmospheric Administration, in the U.S. Department of Commerce. I received a Bachelor of Science from Oregon State University in fisheries science and a Master of Science in fisheries from the University of Washington. I have been employed by NMFS since 2001, and have held my current position since 2016, following nine years as the Deputy Regional Administrator (including 18 months as the acting Regional Administrator). For additional information about my background and qualifications, please refer to my previous February 22, 2019 declaration on file in this proceeding.

2. I am familiar with the Court's July 14, 2021 Draft Order, the July 26, 2021 joint letter to the Court from Plaintiffs and Federal Defendants, and the Court's July 27, 2021 Order in response to that joint letter. I am aware that through these orders the Court has requested the appointment of NMFS biologists to an expert panel that will provide specific recommendations related to certain actions the Court intends to order as part of a final order on interim injunctive relief.

3. I have discussed this request with the Office of General Counsel for the National Oceanic and Atmospheric Administration as well as litigation counsel with the U.S. Department of Justice.

4. The Department of Commerce has regulations governing testimony by employees and the production of documents in legal proceedings. See 15 C.F.R. §§ 15.11-18. These regulations set forth "the policies and procedures of the Department of Commerce regarding the testimony of employees, and former employees, as witnesses in legal proceedings and the production or disclosure of information contained in Department of Commerce documents for use in legal

proceedings pursuant to a request, order, or subpoena." *Id.* § 15.11(a). By definition, these provisions apply to all employees of the Department of Commerce and its constituent agencies. *Id.* § 15.12(d), (f).

     5.     For the purpose of these regulations, a "demand" "means a request, order, or subpoena for testimony or documents for use in a legal proceeding." *Id.* § 15.12(c). "Document means any record, paper and other property held by the Department, including without limitation, official letters, telegrams, memoranda, reports, studies, calendar and diary entries, maps, graphs, pamphlets, notes, charts, tabulations, analyses, statistical or informational accumulations, any kind of summaries of meetings and conversations, film impressions, magnetic tapes and sound or mechanical reproductions." *Id.* § 15.12(e). "Legal proceeding means all pretrial, trial and post trial stages of all existing or reasonably anticipated judicial or administrative actions, hearings, investigations, or similar proceedings before courts, commissions, boards or other tribunals, foreign or domestic. This phrase includes all phases of discovery as well as responses to formal or informal requests by attorneys or others involved in legal proceedings." *Id.* § 15.12(h). "Testimony means a statement in any form, including personal appearances before a court or other legal tribunal, interviews, depositions, telephonic, televised, or videotaped statements or any responses given during discovery or similar proceedings, which response would involve more than the production of documents." *Id.* § 15.12(l).

     6.     The regulations provide that, "in response to a demand," no employee shall "produce any documents, or provide testimony regarding any information relating to, or based upon Department of Commerce documents, or disclose any information or produce materials acquired as part of the performance of that employee's official duties, or because of that employee's official status without the prior authorization of the General Counsel, or the Solicitor, or the appropriate

agency counsel." *Id.* § 15.13. The rationales for this policy include "[t]o prevent the possibility that the public will misconstrue variances between personal opinions of Department employees and Department policy;" "[t]o preserve the integrity of the administrative process" and "[t]o protect confidential, sensitive information and the deliberative process of the Department. *Id.* §15.13 (c), (e), (f).

7. The regulations provide that, "[w]here appropriate, the General Counsel, or the Solicitor, or appropriate agency counsel, may instruct the Department employee, orally or in writing, not to give testimony or produce documents." *Id.* § 15.14(b).

8. In a legal proceeding in which the United States is a party, a "Department employee may not testify as an expert or opinion witness for any other party other than the United States." *Id.* § 15.18(a).

9. After consultation with the Office of General Counsel's regional representative, it is my belief that the authorization of staff-level employees to provide testimony and documents, as defined in 15 C.F.R. § 15.12, is contingent upon the typical litigation protections of the presence of counsel as well as on-the-record proceedings. Should these protections not be available as part of the expert panel process, the Office of General Counsel has recommended that participation in the expert panel process be limited to a more senior-level representative that is authorized to speak on behalf of the agency. In that case, I or my Assistant Regional Administrator would be the authorized participant.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 3, 2021, in Portland, Oregon.

_____
Barry A. Thom