TODD KIM, Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al. | Case No.: 3:18-cv-00437-JR |
| Plaintiffs, | **SECOND DECLARATION OF FRANCES E. "BETH" COFFEY** |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al. | |
| Defendants, | |
| and | |
| CITY OF SALEM and MARION COUNTY, | |
| Defendant-Intervenors. | |

I, Frances E. "Beth" Coffey, declare and state as follows:

1.  I am a registered Professional Engineer in the State of Washington and earned my Bachelor of Science degree in civil engineering from the University of Missouri. I have been employed in various positions by the U.S. Army Corps of Engineers ("Corps") since 1990. I was appointed to the Senior Executive Service in December 2019. At the present time, I serve as the Director of Programs in the Northwestern Division, which encompasses approximately a fourth of the continental United States. In this position, I have oversight of the implementation of the Corps' civil works mission by five district offices in the Columbia River basin, the Missouri River basin, Puget Sound, and the Pacific Northwest coast. The civil works mission includes planning, constructing, and operating projects for navigation, flood risk management, stream bank and shore protection, hydropower, water supply, recreation, and environmental protection and recovery. I am responsible for justifying, requesting funding for, and overseeing implementation of an approximately $2 billion annual program for these projects. I am also responsible for oversight of the Northwestern Division's Columbia River Management Division, which provides direction, policy guidance, and oversight of all water management functions throughout the Columbia River Basin, although the Corps Portland District Office is responsible for the day-to-day water control management and operation of the Willamette Valley Project ("WVP") dams.

2.  I am aware of the draft interim injunction order issued on July 14, 2021 directing the Corps to carry out specific interim measures, some of which will require further review, input, and recommendations by an expert panel being created pursuant to this order. I am also aware of the ordered issued on July 27, 2021, with further direction from the court about this panel following submission by both parties with differing proposals for how the expert panel process should be conducted. I understand that the court has directed that this panel will be comprised of eight members, two of whom would be "Corps' dam-operations experts," and that this panel's charge is

to create an implementation plan to recommend to the court that is "in accordance with the best available science, technically feasible, incorporates principles of adaptive management, and provides meaningful research, monitoring, and evaluation of the interim measures." I also understand the court is trying to structure this panel in such a way that it can "achieve the Court's desired outcome of comprehensive and implementable mitigation measures that can be incorporated into a final injunction" and seeks to avoid "a forum for further disagreement about the biological benefits of, or the Corps authority to carry out, the interim measures."

3. As mentioned in my declaration to the court in November 2020, since assuming my current position in April 2019, I have been working closely with my executive counterpart from the National Marine Fisheries Service to develop an operational plan for the WVP going forward that could avoid jeopardy to listed species and destruction or adverse modification of critical habitat, while at the same time ensuring the Corps can accomplish its Congressionally directed mission for the WVP. I am aware of the many complexities when exploring alternative operations or new structural solutions in this regard, and very much appreciate the court's recognition of the importance of not just factoring in biological benefits to the species for any proposed interim measure, but also in acknowledging the potential technical difficulties or unintended consequences to dam operations.

4. I have discussed these orders with my Corps attorneys and Department of Justice attorneys who are representing the Department of Army, and U.S. Government interests in this matter. While I recognize the Corps' employees we select for this expert panel will be providing technical input on dam operations, and very much appreciate inclusion of that perspective on the panel, I am also mindful that all of this work is being done within the context of on-going litigation, and the results of that panel's work will result in a judicially-enforceable remedy against the Corps and the United States.

5. The Department of the Army requires its employees to follow the policies and procedures articulated in 32 C.F.R. part 516.40-56. These regulations govern the release of official information and appearances by Department of the Army personnel "in response to requests for interviews, notices of depositions, subpoenas, and other requests or orders related to judicial or quasi-judicial proceedings." *Id.* at § 516.40. These regulations pertain to "any request for witnesses, documents, or information for all types of litigation, including requests by private litigants, requests by State or U.S. attorneys, requests by foreign officials or tribunals, subpoenas for records or testimony, notices of depositions, interview requests, civil cases, criminal proceedings, private litigation, or litigation in which the United States has an interest." *Id.* Specifically, our personnel are not allowed to disclose official information in response to subpoenas, court orders, or other requests without approval of the appropriate legal advisor, after consideration of a variety of factors to avoid inadvertent release of privileged or classified information. *Id.* at §§ 516.41, 516.44. In private litigation, personnel should have an attorney present to act as legal representative of the Army. *Id.* at § 516.48(b). In litigation in which the United States has an interest, it is implied that DOJ or other attorneys representing the United States will be present since it is DOJ or other attorneys who defend the United States in such litigation. *Id.* at §§ 516.4, 516.51-.52; *see also* 28 U.S.C. § 516. And finally, in legal proceedings in which the United States has an interest, "In no event, may present or former DA personnel furnish expert or opinion testimony in a case in which the United States has an interest for a party whose interests are adverse to the interests of the United States." *Id.* at § 516.52.

6. I am hopeful the expert panel envisioned by the court can be convened and its important duties carried out so that the court obtains the necessary and important technical details it seeks about proposed interim measures from Corps employees, while at the same time affording them the representation envisioned by our regulations in a judicial proceeding. Should these

protections be unavailable as part of this expert panel process, Corps attorneys have recommended that participation be limited to a more senior-level representative, most likely Elizabeth Wells, Deputy District Engineer for Project Management for the Corps' Portland District.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 3, 2021 in Portland, Oregon.

                                                        _____

                                                        Frances E. Coffey

Second Coffey Declaration - 5