Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave. Ste. B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, **WILDEARTH GUARDIANS**, and **NATIVE FISH SOCIETY**,<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. ARMY CORPS OF ENGINEERS** and **NATIONAL MARINE FISHERIES SERVICE**,<br><br>Defendants,<br><br>and<br><br>**CITY OF SALEM** and **MARION COUNTY**,<br><br>Defendant-Intervenors, | Case No.  3:18-cv-00437-HZ<br><br>**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR CLARIFICATION AND RECONSIDERATION (ECF No. 197)** |

Plaintiffs submit this response to Federal Defendants' Motion For Clarification and Reconsideration, filed on August 3, 2021 (ECF No. 197). First, Federal Defendants are asking the Court to reconsider its ruling from just last week that denied their request for attorneys and a court reporter to attend all meetings of the expert panel this Court established under its draft injunction order (ECF Nos. 194, 196). As noted in Federal Defendants' motion, Plaintiffs are not formally opposing the motion for reconsideration, but do not believe attorneys and a court reporter must attend the expert panel meetings for the reasons explained by the Court in its July 27, 2021 Order (ECF No. 196).[1] Such a requirement will only make the meetings more difficult to schedule and less efficient, and could stifle frank discussion between the experts.

As Plaintiffs have noted on several occasions, their ultimate concern is that NMFS biologists be able to express their opinions freely and independently. Federal Defendants' proposed path for the expert panel process, which this Court rejected, shows their continued intent to keep the NMFS biologists under wraps. *See* ECF No. 194 at 10 (noting in draft injunction order that not a single declaration from a NMFS fish biologist was submitted in the case); ECF No. 196 (Order rejecting Federal Defendants' proposed expert panel process). Having their attorneys at the expert meetings could influence the free expression of those biologists. But Plaintiffs leave to the Court's discretion whether Federal Defendants have provided sufficient legal reasons for the Court to reconsider and overturn its ruling from last

---

[1] Plaintiffs requested that Federal Defendants state in their motion that Plaintiffs' position is the following: "Plaintiffs do not believe counsel or a court reporter are necessary at the expert meetings and will only make those meetings more inefficient and difficult to schedule, but Plaintiffs do not intend to file an opposition to the motion for reconsideration." Federal Defendants inaccurately stated Plaintiffs' position in their motion multiple times. When they gave their position, Plaintiffs also were not aware of Federal Defendants' clarification points included in their motion.

PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR CLARIFICATION AND RECONSIDERATION     1

week on this issue.[2]

If the Court grants Federal Defendants' motion for reconsideration, Plaintiffs request the Court include two key conditions in its ruling. First, the expert panelists alone may determine the date and time for any meetings. If the parties want attorneys or a court reporter to attend, they must make those individuals available at whatever date and time the panel decided upon. Such direction would prevent delays in the expert panel's actions due to scheduling conflicts with non-panelists. Second, Plaintiffs request parameters to minimize participation of attorneys at the meetings to avoid their influence over discussions as much as possible. For instance, attorneys are not to lead the meetings or propose agenda items, and may interject *only* if they believe one of the panel members is revealing attorney-client privileged or confidential information. The attorneys may not offer *any* comments on the substance of the implementation plans at the meetings. Such comments may be provided only during the parties' subsequent review of the expert panel's plans.

With regard to Federal Defendants' request for clarification, Plaintiffs partially oppose that request. Federal Defendants' actions to this point concerning the expert panel call into question their willingness to fully comply with the Court's Orders. Despite clear direction in the Court's July 14 Order that an expert panel would develop implementation plans for many of the injunction actions, Federal Defendants proposed a process that would largely bypass the expert panel to develop those plans. The Court clearly rejected that approach in its July 27 Order, and specifically identified the make-up of the expert panel. Since that Order, Plaintiffs have reached out to Federal Defendants several times to again ask for the names of their proposed expert

---

[2] Plaintiffs note that Federal Defendants' suggestion that Barry Thom could be one of the NMFS experts on the panel would directly violate the Court's Order as he is not sufficiently familiar with the operations of the Willamette Valley Project. Plaintiffs will object to Mr. Thom as one of the NMFS experts on the expert panel.

PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR                    2
CLARIFICATION AND RECONSIDERATION

panelists. Federal Defendants continue to refuse to provide that information, claiming they were prioritizing their motion for reconsideration. They still have not revealed who from NMFS, the Corps, and other federal agencies they propose to be on the expert panel when they have had three weeks to contemplate that decision.[3]

Plaintiffs are concerned about this lack of disclosure for two reasons. First, Federal Defendants have taken the position that the expert panel does not need to confer and weigh in on the deadlines for the expert tasks and therefore they do not need to identify their experts yet. While it is true that the Court's Order requires the "parties" to submit the proposed deadlines to the Court by August 10, it makes no sense to decide on those deadlines without conferring with the expert panel. It is the expert panel that will be developing the implementation plans, including adaptive management and research, monitoring, and evaluation components of the plans. Those experts will have the best idea of the length of time needed to complete their tasks. The Corps' estimated timeline for when the plans must be in place to conduct the operations is certainly an important factor, but the expert panel's input on how long it needs to produce the various plans is equally important.

Yet Federal Defendants' approach does not allow for the expert panelists to confer with each other and offer their input on the deadlines because Federal Defendants will not even identify the panelists from NMFS or the Corps. Conferring generally with unnamed experts "as needed" does not ensure the panel itself has a say. Def. Motion for Recon. at 3. Instead, Federal Defendants' approach continues to keep the Corps in control by internally determining proposed deadlines that are due to the Court in less than a week without yet involving Plaintiffs and

---

[3] Plaintiffs would object to Federal Defendant's proposed expert panelists only if they believe the panelists do not have sufficient experience and knowledge about Willamette Valley Project operations and their impacts on fish.

PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR                                      3
CLARIFICATION AND RECONSIDERATION

without ever involving the expert panel. Perhaps the Corps is making best efforts to comply with the Court's Orders, but based on the agency's behavior over the past twelve years, including during this litigation, Plaintiffs have little faith the Corps has the best interest of the fish in mind. Plaintiffs request that the Court reject Federal Defendants' approach and instead clarify that Federal Defendants must immediately identify the federal members of the expert panel, the panel must immediately begin communicating with each other, via phone, email, video, or in person, to confer about deadlines for their tasks, and the parties must consider input from the panel when deciding upon those deadlines.

Second, the expert panel could, and should, already be taking initial steps for the expert panel process given the Court's deadlines for implementing some of the injunction actions. The Cougar deep drawdown this fall requires an implementation plan be in place by September 1, which must be submitted to the Court for approval in advance. Therefore, the expert panel will need to complete that particular implementation plan in the next couple weeks. Several other injunction actions will require plans in the near future in order to comply with the Court's deadlines for those actions. By failing to identify their proposed members of the expert panel, Federal Defendants are deliberately preventing the expert panel from even initiating discussions or setting meeting dates, which could prevent timely completion of a plan for the Cougar deep drawdown or other actions the Court ordered for this fall. Even if the expert panel does not begin actually developing other implementation plans beyond the Cougar drawdown until after the August 17 status conference with the Court, it could expedite that process for other imminent actions by taking early steps such as discussing key documents to review or information to gather to help prepare them for developing the plans.

By refusing to disclose the proposed federal members of the expert panel, Federal

PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR                4
CLARIFICATION AND RECONSIDERATION

Defendants are impeding implementation of the Court's draft injunction order. Federal Defendants' response to the Court's Orders to this point certainly does not comport with the Court's statement that it "has no patience for further delay or obfuscation in this matter and expects nothing short of timely implementation of the injunctive measures and the experts' proposal outlining the parameters for those measures." July 14 Order at 12.[4]

Accordingly, when ruling on Federal Defendants' motion, the Court should clarify its July 27 Order by: (1) instructing Federal Defendants to immediately (within 24 hours) provide the names and contact information for the proposed federal members of the expert panel; (2) instructing the expert panelists to confer with each other as soon as possible and provide input to the parties about the deadlines for the expert tasks set forth in the Court's July 14 Order; and (3) declaring that the expert panel may meet through email, phone, video, and/or in person communications to decide upon the Cougar deep drawdown implementation plan and begin discussions for implementation plans on other imminent actions before the August 17 status conference.

Dated: August 4, 2021					Respectfully submitted,

/s/Lauren M. Rule
Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave, Suite B
Portland, OR  97202
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs

---

[4] Plaintiffs do not necessarily object to Federal Defendants' second and third points for clarification but were under the assumption specific details such as this would be resolved at the August 17 status conference where the parties and experts would all be present to provide input and get clarification.