TODD KIM, Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al., | Case No.: 3:18-cv-00437-HZ |
| Plaintiffs, | FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE EXPERT PANELISTS |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | |
| Defendants, | |
| and | |
| CITY OF SALEM and MARION COUNTY, | |
| Defendant-Intervenors. | |

Plaintiffs sent an email to the Courtroom Deputy on August 10, 2021, objecting to four of

the U.S. Army Corps of Engineers' proffered expert panelists: Gregory Taylor, Kathryn Tackley,

Federal Defendants' Response to Plaintiffs' Objections about Expert Panelists - 1

Richard Piaskowski, and Rachel Laird. *See* Plaintiffs' Letter, Attachment 1.[1] Plaintiffs ask the Court to bar these employees from participating in the expert panel because: (1) "[t]he intention articulated by the Court as well as the parties themselves was that the Corps' experts would be engineers who could advise on the dam-operations and dam safety aspects of the measures"; (2) Plaintiffs' experts and the NMFS experts "would fulfill the biologist roles on the panel, not the Corps' experts"; and (3) two of the Corps' expert panelists have submitted declarations in this litigation opposing the measures the Court has ordered the Corps to complete. *Id.* These justifications ring hollow.

As a preliminary matter, Plaintiffs stated in their response to Federal Defendants' motion for clarification and reconsideration that they would object to the United States' expert panelists "only if [Plaintiffs] believe the panelists do not have sufficient experience and knowledge about Willamette Valley Project operations and their impacts on fish." Plaintiffs' Response, ECF 200 at 3 n.3. Tellingly, Plaintiffs do not object to any of the United States' experts on that basis. *See* Attachment 1. Thus, apparently Plaintiffs are concerned with what they expect United States' experts will say at the expert panel meetings or some unfounded suspicion these experts will stifle the expert panel through obstruction or obfuscation. But either concern is troubling. The former suggests that Plaintiffs do not want to allow opinions from experts that may differ from their own experts' opinions and are seeking to preemptively control what type of information and expertise is brought to bear in completing the expert assignments.[2] The latter concern implies (without evidence) that the United States' experts will enter into the meetings in bad faith, even though there is no risk that this

---

[1] Federal Defendants have attached the letter sent to the Courtroom Deputy because Plaintiffs chose not to submit the objections via the ECF system. Plaintiffs' objections should be included in the record of this case in the event of appeal or if the public wishes to review them.

[2] This is not the first time Plaintiffs have attempted to limit what can be said at expert panel meetings. *See* Plaintiffs' Motion for Remedy, ECF 118 at 34 ("Plaintiffs have not included the Corps' biologist, Mr. Piaskowski, due to his clear bias in favor of status quo Corps operations and against actions to benefit the fish.. . . Because it is highly questionable whether Mr. Piaskowski has the best interest of the fish in mind, he should not be on the expert team.").

Federal Defendants' Response to Plaintiffs' Objections about Expert Panelists - 2

will occur; not only are these public servants participating in the process in good faith, the meetings will be transcribed and Plaintiffs' lawyers are welcome to attend to assuage their concerns. If Plaintiffs believe the United States' experts are not participating appropriately, they can bring that evidence to the Court and seek relief at the time. Neither concern is a valid reason for the Court to anticipatorily bar experts that, even Plaintiffs seem to recognize, "have sufficient experience and knowledge about Willamette Valley Project operations and their impacts on fish." *See* Plaintiffs' Response, ECF 200 at 3 n.3.

      Plaintiffs' stated justifications for objecting to the United States' experts are also unfounded. First, Plaintiffs claim that it was the Court and the parties' intention that only Corps "engineers" who could advise on the dam-operations and dam safety aspects of the measures can participate in the expert panel. This assumes, incorrectly, that an individual's college major and whether they have obtained a professional license in engineering is relevant to whether he or she has the knowledge and expertise necessary to be on the expert panel and complete the expert assignments. *See* Fed. Rules of Evid. 702 (expert witness can be considered qualified based on "knowledge, skill, experience, training, or education."). Although Kathryn Tackley is not a licensed engineer, she is a physical scientist that has worked for the Corps for 20 years. As importantly, she is also the person responsible for coordinating the implementation of the United States' interim measures at the Willamette Valley Project. Declaration of Kathryn Tackley, ECF 178-1 ¶ 1. The Court will order the United States to continue implementing some of these interim measures (*see* Draft Order, ECF 194 at 14) and others may be implemented depending on the decisions of the expert panel (e.g., an operation to spill at Foster Dam may be similar to the United States' Interim Measure 9 that was implemented last year). Excluding Ms. Tackley from the expert panel will deprive the panel of her extensive knowledge of the Project, how the interim measures have been implemented, and any lessons learned from that implementation.

Federal Defendants' Response to Plaintiffs' Objections about Expert Panelists - 3

Plaintiffs also object to Gregory Taylor, Richard Piaskowski, and Rachel Laird, who are all fish biologists with extensive knowledge regarding dam operations and how certain operations impact fish. *See* Declaration of Gregory Taylor, ECF 133 ¶ 1 ("I have worked as a fisheries biologist in the Willamette River Basin since 1998, analyzing and managing effects of hydrology, water quality, water resources development, and other land and water use activities on fish."); Declaration of Richard Piaskowski, ECF 70 ¶ 1, 3 ("I have analyzed applied problems in fisheries and water resources in the Pacific Northwest for over 20 years with an emphasis in evaluating effects of hydropower, water supply and storage, and various other land and water use activities on hydrology, water quality, fish, and other aquatic resources. . . . I have led the Research, Monitoring, and Evaluation [] Program for the WVP and the Willamette Fish Facility Design Work Group to develop and coordinate biological and engineering aspects of fish passage designs for WVP dams.").

NMFS' expert panelists indisputably have knowledge and expertise about the ESA-listed salmonids.[3] But the Corps' biologists have expert knowledge about the dams and their operations, as such expertise is needed to address the relationships between the dams and salmonids. With NMFS' experts, these Corps' experts also can help the expert panel determine how proposed dam operations (some of which have never been implemented in the history of the Willamette Valley Project) may impact those salmonids and what Research Monitoring and Evaluation ("RM&E") is meaningful and technically feasible. Draft Order, ECF 194 at 12-13. For example, the Corps' biologists can speak to how certain size gate openings at the dams may impact fish passage rates and survival, how use of a particular dam outlet during certain conditions will impact the function of an adult fish collection facility, whether screw traps can be installed near dams, and whether those screw traps will be useful in those locations. Their expertise on how the dams and dam operations

---

[3] One of NMFS' expert panelists, Melissa Jundt, is not a biologist. Rather, she is a fish passage engineer. Ironically, Plaintiffs did not object to Ms. Jundt's inclusion on the expert panel.

Federal Defendants' Response to Plaintiffs' Objections about Expert Panelists - 4

impact fish is clearly beneficial to completing some of the expert panel's assignments. If the Court disallows the experts from attending the expert panel meetings, those meetings may be less productive and efficient.[4]

Plaintiffs' second justification for objecting to the United States' experts is that, "Plaintiffs' experts and NMFS experts would fulfill the biologist roles on the panel, not the Corps' experts." Attachment 1. As mentioned above, Ms. Tackley is not participating in the panel as a biologist, so this objection does not even apply to her. And, as stated above, Plaintiffs neglect the unique roles served by Corps' biologists—their expert knowledge on the dams and operations as they relate to salmonids and RM&E. Moreover, this objection is factually inaccurate as one of Plaintiffs' experts is not a biologist. Although Mr. Richard Domingue previously worked for NMFS, he is a hydrologist. Résumé of Richard A. Domingue, ECF 120-1. Therefore, should a particular academic major be the only inquiry for determining who should or should not serve as an expert panelist as Plaintiffs suggest, Plaintiffs' own expert suffers from the same failing.[5]

Third, Plaintiffs "particularly oppose inclusion" of Gregory Taylor and Richard Piaskowski[6] on the expert panel because they filed declarations in this litigation opining on some of the measures

---

[4] The United States intends to have the expert panelists with the most knowledge and expertise about the issues to be discussed at a particular expert panel meeting attend that meeting. The United States will not send more than two Corps employees and two NMFS employees to an expert panel meeting unless there are multiple issues to be discuss. In which case, the United States' employees can rotate in and out if necessary. For the first issue two issues to be discussed at the expert panel meeting (Cougar fall drawdown and Foster fall spill operations), the United States intends for Anne Mullan, Jim Myers, Gregory Taylor, Kathryn Tackley, and Chris Allen (representing the U.S. Fish and Wildlife Service) to attend the expert panel meeting.

[5] Federal Defendants are not waiving any objections they may make regarding the inclusion of Mr. Domingue or Mr. Schroeder on the expert panel should the Court decide that it will exclude certain United States' experts from the panel.

[6] Plaintiffs noted in their motion for remedy that they "would not necessarily oppose a more neutral Corps biologist on the [expert panel] team, such as the biologist quoted in the Fall Creek article." ECF 118 at 30 n.9. That biologist is Gregory Taylor, who Plaintiffs now object to. *See* ECF 118-24.

the Court will order the United States to complete. Attachment 1. Plaintiffs' reasoning is confounding as Sean Askelson, who Plaintiffs do not object to being on the expert panel, also submitted declarations to the Court discussing Plaintiffs' proposed injunction actions. Declaration of Sean Askelson, ECF 132; Third Declaration of Sean Askelson, ECF 182. Moreover, Plaintiffs' reasoning assumes that any Federal employee that submitted a declaration in this litigation is incapable of developing implementation plans for the injunction actions the Court will enter. In other words, Plaintiffs are assuming that Federal employees cannot act professionally, within their areas of expertise, and will not participate in the expert panel process in good faith. The record shows otherwise. *See* Second Declaration of Richard Piaskowski, ECF 134 at 35-36 (stating that some of Plaintiffs' proposed remedies could increase passage and passage survival); Declaration of Gregory Taylor, ECF 133 ¶ 43 (same).

Plaintiffs have repeatedly argued that the United States has acted improperly in this case, and they continue to advance unfounded arguments that the United States will not act in good faith prospectively (i.e., that the United States' expert panelists cannot be trusted to act professionally and within their areas of expertise). *See, e.g.*, ECF 196 at 2 ("Federal Defendants have silenced NMFS biologists throughout this litigation[.]"). The United States is examining the prospect of subjecting staff-level Federal employees to an adversarial and potentially hostile process as Plaintiffs continually level accusations of bad faith without evidence. Should these tactics continue, the government may elect to simply send senior level agency employees from both the NMFS and Corps—employees with ample expert knowledge over the issues raised in the Court's order—to participate in the process. *See* Second Declaration of Barry A. Thom, ECF 198; Second Declaration of France E. "Beth" Coffey, ECF 199.

Furthermore, Plaintiffs' suggestion that submission of a declaration is immediately disqualifying cannot survive even the barest scrutiny. Both of Plaintiffs' experts submitted no less

Federal Defendants' Response to Plaintiffs' Objections about Expert Panelists - 6

than five declarations each in this litigation. ECF 37, 76, 97, 119 144 (Declarations of Kirk Schroeder); ECF 38, 98, 120, 145, 186 (Declarations of Richard Domingue). Nor is it relevant whether the United States' experts submitted declarations, in Plaintiffs' words, "opposing" Plaintiffs' proposed injunction action. As the Court stated in its Draft Order:

> The Court has already determined that the Corps has discretionary authority and must provide volitional downstream fish passage and water quality mitigation measures to mitigate irreparable harm to the listed salmonids. Those issues are therefore beyond debate and need not be taken into consideration during the experts' deliberations. Simply put, the expert panel's task is to hammer out the details and propose an order containing the best means for effectuating the ends the Court has determined equity demands.

ECF 194 at 11-12. The expert panel's task is not to dispute the injunction actions the Court will order, but to craft implementation plans for those injunction actions. *Id.* The United States and its experts will participate in good faith, in conformance with the Court orders, unless and until relieved of the obligations by this Court or a higher court, and it will do so to the best of its abilities.[7]

\* \* \*

Plaintiffs' objections are unfounded; they appear more focused on controlling the flow of information than doing what the Court ordered—participate in good faith in a collaborative process to define the terms of a plan to implement the Court's injunction order. Worse, Plaintiffs are presuming that competent and professional employees cannot be trusted to follow the Court's orders. Plaintiffs present no evidence to support their presumption, and the Court has already discredited it. *See* Draft Order, ECF 194 at 9 ("[T]he Court has no basis to believe that the Corps will not follow the Court's orders."). Federal Defendants respectfully request that the Court not credit allegations of bad faith without substantial evidence proffered to support it. For these reasons and those set forth above,

---

[7] The United States' experts should not be excluded simply because they may raise considerations and opinions that differ from Plaintiffs' experts. Scientists and professionals may disagree or reach different conclusions based on the same information.

the Court should deny the objections and allow the United States the flexibility to identify the most appropriate experts for the task at hand.

Dated: August 16, 2021

                                                 Respectfully submitted,

                                                 TODD KIM, Assistant Attorney General
                                                 SETH M. BARSKY, Chief
                                                 S. JAY GOVINDAN, Assistant Chief

                                                 /s/ *Kaitlyn Poirier*
                                                 KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
                                                 U.S. Department of Justice
                                                 Environment & Natural Resources Division
                                                 Wildlife & Marine Resources Section
                                                 Ben Franklin Station, P.O. Box 7611
                                                 Washington, D.C. 20044-7611
                                                 Telephone: (202) 307-6623
                                                 Facsimile: (202) 305-0275
                                                 Email: kaitlyn.poirier@usdoj.gov

                                               Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2021, a true and correct copy of the above document was electronically filed with the Clerk of Court using CM/ECF. Copies of the document will be served upon interested counsel via the Notices of Electronic Filing that are generated by CM/ECF.

/s/ *Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorney for Federal Defendants