*NEDC v. U.S. Army Corps of Engineers*, No. 18-cv-437-HZ

Plaintiffs' objections re: expert panel: August 10, 2021

Plaintiffs finally received Federal Defendants' list of experts for the expert panel on August 9, 2021, and they object to several of the individuals listed as Corps experts for the expert panel because they are not engineers. Specifically, Plaintiffs object to Greg Taylor (fish biologist), Rich Piaskowksi (fish biologist), Rachel Laird (fish biologist), and Kathryn Tackley (water quality specialist). The Court stated in its draft injunction order that the panel should consist of Plaintiffs' experts, NMFS fish biologists, and "engineer(s) for the Corps that can advise on the dam-operations aspects of the interim measures." ECF No. 194 at 11. The Court followed that direction with another order reiterating that the panel would consist of Plaintiffs' fish experts, two NFMS fish experts, two "Corps' dam-operations experts," and two ad hoc federal experts from other agencies. ECF No. 196 (docket entry).

In the letter the parties submitted to the Court with their respective positions on the expert panel and its process, *both* parties' positions included the assumption that the Corps' experts would be engineers. Plaintiffs stated that the panel should be made of their two experts, 2-3 NMFS biologists or other relevant NMFS experts, and 1 or more "Corps engineers." ECF No. 196 at 1. Later, Plaintiffs explained that "Corps engineers on the panel can offer expertise as to whether those plans are feasible to implement from a dam-operations and dam safety perspective." *Id.* at 2. Federal Defendants likewise spoke of the Corps' experts as being engineers in that letter. They stated the process would be driven by agency employees, "including NMFS biologists and Corps engineers." *Id.* at 3. Later, they acknowledged that the Court envisioned the panel would consist of Plaintiffs' experts, at least two NMFS fish biologists, and engineer(s) from the Corps that can advise on the dam-operations aspects of the interim measures, and they agreed that these experts should participate in the panel. *Id.* at 5. But they noted that the Court should not limit the number of experts because expert tasks could require NMFS biologists as well as a NMFS expert in fish passage, "multiple Corps *engineers* with expertise ranging from dam safety to hydraulic design to geology to reservoir operations, or experts from other agencies . . . ." *Id.* at 5-6 (emphasis added). "In particular, Corps *engineers* are specialty-focused, and it would be professionally irresponsible for an engineer to advise on matters outside of his or her engineering discipline. Because the potential engineering considerations posed by the Court's expert assignments cut across multiple specialty areas, multiple Corps engineers will be needed on the expert panel." *Id.* at 6 (emphasis added).

Nevertheless, the Corps has identified eight panel experts, four of whom are not engineers (*see* names above). Plaintiffs object to these four individuals being on the expert panel. The intention articulated by the Court as well as the parties themselves was that the Corps' experts would be engineers who could advise on the dam-operations and dam safety aspects of the measures. Plaintiffs' experts and NMFS experts would fulfill the biologist roles on the panel, not the Corps' experts. Plaintiffs particularly oppose inclusion of Corps biologists Greg Taylor and Rich Piaskowski. Those two biologists filed declarations in this litigation *opposing* the very measures the Court has ordered the Corps to complete. Plaintiffs request that the Court limit the Corps' experts to the four individuals who are engineers: Sean Askelson, Salina Hart, Matt Craig, and David Scofield.