TODD KIM, Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>U.S. ARMY CORPS OF ENGINEERS, et al.,<br><br>　　　　Defendants,<br><br>and<br><br>CITY OF SALEM and MARION COUNTY,<br><br>　　　　Defendant-Intervenors. | Case No.: 3:18-cv-00437-HZ<br><br>NOTICE OF THE EXPERT PANEL'S IMPLEMENTATION PLANS FOR THE COUGAR FALL DRAWDOWN AND FOSTER FALL SPILL OPERATIONS |

　　　　Federal Defendants provide notice that the expert panel has completed the Court's assignments relating to the Cougar fall drawdown (injunction action 14) and Foster fall spill (injunction action 13). *See* Draft Order, ECF 194 at 15-16. The expert panel's implementation plan

Notice of the Expert Panel's Implementation Plans - 1

for the Cougar fall drawdown is attached to this notice as Attachment 1 and the implementation plan for the Foster fall spill operation is attached to this notice as Attachment 2. Please note that the expert panel has recommended an operation for the Cougar fall drawdown that will result in the Corps exceeding flow targets outlined in the biological opinion. *See* Attachment 1 at 3 n.1 (explaining why panel recommend exceeding flow targets). This is in conflict with the Court's Draft Order stating that "[i[n carrying out the interim measures, the Corps must make every effort to comply with the various water temperature, TDG, and instream-flow requirements governing the WVP." ECF 194 at 13.

The parties have not yet addressed what the Court should do with the implementation plans. Plaintiffs and Federal Defendants provide the following positions.

**Federal Defendants' position:** In its Draft Order, the Court stated that the technical experts for the parties would confer and submit "a proposed order fleshing out the parameters of the interim measures discussed throughout this Interim Injunction." *Id.* at 12. However, Federal Defendants do not view the implementation plans as a proposed order. Federal Defendants are submitting this statement so that the Court understands how Federal Defendants view the plans, and our proposal for what the Court should do with the plans as it relates to the upcoming injunction order.

The Court intends to enter the Draft Order, or a substantially similar order, on September 1. The Draft Order is a permanent injunction that requires the Corps to conduct certain operations. *See id.* at 15 ("Beginning fall 2021, the Corps SHALL carry out spring and fall spill operations at Foster Dam."); *id.* at 16 ("Beginning fall 2021, the Corps SHALL conduct a deep drawdown at Cougar dam"). The expert panel's implementation plans outline how the Corps intends to implement the injunction actions ordered by the Court, although the plans recognize that the Corps may adjust the

Notice of the Expert Panel's Implementation Plans - 2

proposed operations depending on flood risk management operations, the results of Research, Monitoring, and Evaluation ("RM&E"), hydrologic conditions, or for adaptive management.

The United States intends to follow the implementation plans. But in recognition of the fact that these implementation plans were not developed by attorneys, and were not developed to comply with Rule 65, the Court should not enter the plans as an enforceable order of the Court that comes with the threat of contempt. *See* Fed. R. Civ. P. 65(d); *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (Rule 65 "was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." (citations omitted)). The order the Court will enter on September 1, which is enforceable, and the status reports that Federal Defendants must submit every six months (ECF 194 at 13-14), are sufficient to ensure that Federal Defendants are fulfilling their obligations. After receiving and reviewing the implementation plans, the Court should simply enter a minute order noting its acceptance of the implementation plans (or any changes that the Court may have to the implementation plans) and ensure the plans are part of the record for this case.

Alternatively, if the Court intends to adopt the implementation plans as an enforceable order, Federal Defendants request that the Court include the following language in its order: "The Corps shall comply with the implementation plan to the extent practicable given existing hydrologic conditions and necessary flood control operations. The Corps may also adjust the implementation plans based on the results of RM&E, for dam safety reasons (including, but not limited to, emergency maintenance), or for adaptive management. If Plaintiffs believe the Corps is not operating consistently with the implementation plan, they shall meet and confer and make reasonable efforts to resolve the dispute. If the parties are unable to resolve the dispute, Plaintiffs may file a motion with the Court to clarify the Corps' obligations under or address the Corps' compliance with the Implementation Plan. Disputes with the Corps' compliance with the

Notice of the Expert Panel's Implementation Plans - 3

implementation plan shall not be enforceable, in the first instance, through motions to enforce or for contempt."[1]

**Plaintiffs' Position:** The Federal Defendants' commentary and arguments should not be raised as part of the expert panel's submission. In this notice, the Federal Defendants are inappropriately attempting to speak for the expert panel about the impact of the Cougar plan on flow targets. Further, the Federal Defendants provide their position about how the Court should structure its upcoming injunction order, which is a legal argument that should not accompany a filing that purports to be made on the expert panel's behalf. Indeed, the parties agreed—in their joint submission of the expert panel deadlines that the Court subsequently adopted—to a process that allowed the *parties* to file briefs shortly *after* submission of the expert panel's implementation plan. These briefs are the most appropriate vehicle for conveying any input from the parties to prevent interference with the expert panel submission process.

Dated: August 20, 2021

                                                     Respectfully submitted,

                                                     TODD KIM, Assistant Attorney General
                                                     SETH M. BARSKY, Chief
                                                     S. JAY GOVINDAN, Assistant Chief

                                                     */s/ Kaitlyn Poirier*
                                                     KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
                                                     U.S. Department of Justice
                                                     Environment & Natural Resources Division
                                                     Wildlife & Marine Resources Section
                                                     Ben Franklin Station, P.O. Box 7611
                                                     Washington, D.C. 20044-7611
                                                     Telephone: (202) 307-6623
                                                     Facsimile: (202) 305-0275
                                                     Email: kaitlyn.poirier@usdoj.gov

---

[1] Federal Defendants propose this language to comply with the Court's Draft Order. In doing so, Federal Defendants do not waive their right to contest any aspect of the Court's orders or subsequent orders on appeal. Nor do they waive their right under the Federal Rules of Civil Procedure, including Rule 60(b), to seek to modify any order.

Notice of the Expert Panel's Implementation Plans - 4

Attorneys for Federal Defendants

Notice of the Expert Panel's Implementation Plans - 5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2021, a true and correct copy of the above document was electronically filed with the Clerk of Court using CM/ECF. Copies of the document will be served upon interested counsel via the Notices of Electronic Filing that are generated by CM/ECF.

/s/ *Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorney for Federal Defendants