TODD KIM, Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, et al., | Case No.: 3:18-cv-00437-HZ |
| Plaintiffs, | FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF (ECF 210) |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | |
| Defendants, | |
| and | |
| CITY OF SALEM and MARION COUNTY, | |
| Defendant-Intervenors. | |

Federal Defendants' Response to Plaintiffs' Brief - i

Federal Defendants provide this response to Plaintiffs' brief on the expert panel's implementation plans for fall operations at Cougar Dam and Foster Dam (ECF 210).

Plaintiffs first claim that Federal Defendants' notice was "inappropriate." ECF 210 at 1-2. To the contrary, Federal Defendants submitted the notice to inform the Court that the implementation plans themselves are plainly not proposed orders and, therefore, Federal Defendants provided their position on what the Court should do with those implementation plans. *See* Notice, ECF 208 at 2-3; Draft Order, ECF 194 at 12-13 (the technical experts for the parties would confer and submit "a proposed order fleshing out the parameters of the interim measures discussed throughout this Interim Injunction."). It was appropriate to provide this explanation at the time the implementation plans were delivered to the Court, rather than in subsequent briefing debating the substance of the implementation plans.

Despite their arguments that the notice was "inappropriate," Plaintiffs do not appear to have any serious issues with the substance of the two proposals that Federal Defendants included in their notice. *See* ECF 210 at 1-2. Federal Defendants first proposed that the Court should not enter the implementation plans as an enforceable order, but rather the Court should simply enter a minute order noting its acceptance of the plans (or any changes that the Court may have to the plans). ECF 208 at 3. Alternatively, if the Court intends to adopt the implementation plans as an enforceable order, Federal Defendants requested specific language be included in the order. *Id.* at 3-4. Plaintiffs' "only response" to Federal Defendants' first proposal "is that the Court has wide discretion when fashioning injunctive relief and Plaintiffs are confident the Court will use that discretion appropriately." ECF 210 at 2. And their response to Federal Defendants' alternative proposal is that they "do not see the need for it" when the implementation plans and Draft Order already include similar language, but they

Federal Defendants' Response to Plaintiffs' Brief - 1

"leave up to the Court the language it deems appropriate for the final injunction order."[1] *Id.* As Plaintiffs have no serious substantive objections, Federal Defendants request that the Court adopt their first proposal and not enter the implementation plans as an enforceable Court order.

With respect to the Cougar fall drawdown implementation plan, Plaintiffs argue that the expert panelists should not be allowed to consider non-scientific factors when developing the implementation plans. ECF 210 at 5. That suggestion would needlessly hamstring the expert panelists' mission to develop implementation plans that can actually be implemented. The experts need to identify and consider all factors, including non-scientific factors, when developing operations. For example, the Court has identified legal constraints in its Draft Order: "Thus, interim operations such as deep drawdowns and using water in the 'power pool' to meet water quality targets are consistent with the Corps' statutory authority, whereas 'run-of-river' operations that eliminate power production during the entirety of the 'critical power production period' are not." ECF 194 at 7. As such, per the Court's direction, the expert panelists should not be considering operations that eliminate power production during the entire critical power production period. This is not a "scientific" factor, but is nonetheless an important consideration that the expert panel has to account for and it should tailor its implementation plans accordingly. Similarly, Federal procurement and fiscal laws and regulations are not "scientific" factors, but the expert panel does need to consider them and draft its plans accordingly. It is impractical for the expert panel to willfully ignore the existence of non-scientific factors such as these.

---

[1] To Plaintiffs' point, if similar language is already in the implementation plans and Draft Order, there is no reason to exclude that language from any final order. However, the implementation plans and Draft Order do not outline a process that should be followed if Plaintiffs believe the Corps is not operating consistently with the implementation plans (assuming the Court adopts the plans as an enforceable order). Thus, Federal Defendants included language in their notice that addresses this potential situation. *See* Notice, ECF 208 at 3-4

Federal Defendants' Response to Plaintiffs' Brief - 2

Moreover, it would be a tremendous waste of the expert panel's time to develop implementation plans that are based solely on scientific factors but cannot be implemented, for the parties to file briefs with the Court explaining why the plans cannot be implemented, and for the Court to review the plans and briefs (with the end result perhaps being that the implementation plans cannot be utilized). The expert panelists should be free to consider the factors they deem relevant when developing implementation plans, whether those factors are purely "scientific" or not.

Finally, contrary to Plaintiffs' statements, the United States is not attempting to "hide behind the[] same excuses to avoid conducting actions that are important for remedying their ESA violations." ECF 210 at 4-5. The United States' experts are supportive of the type of research that Plaintiffs' experts propose and are certainly willing to discuss it when the expert panel meets to develop a more detailed RM&E plan for Cougar fall drawdown operations in 2022 and beyond. *See* Cougar Fall Drawdown Implementation Plan, ECF 208-1 at 6. The research simply cannot be carried out *this year* because of Federal procurement and fiscal laws and regulations and the short timeframe between now and when the research is proposed to begin.[2] *See* Federal Defendants' Brief, ECF 209.

For these reasons, the Court should decline to require the Corps to complete the research that Plaintiffs' experts proposed this year and deny Plaintiffs' request to limit what the expert panel can consider when developing the implementation plans.[3]

Dated: August 27, 2021

                              Respectfully submitted,

                              TODD KIM, Assistant Attorney General
                              SETH M. BARSKY, Chief
                              S. JAY GOVINDAN, Assistant Chief

---

[2] Plaintiffs also take issue with language included in the implementation plan. *See* ECF 210 at 4-5. However, Plaintiffs' expert panelists had the opportunity to remove that language from the plan and chose not to do so.
[3] It is worth mentioning that Plaintiffs have not lodged any complaints about the United States' conduct following the first expert panel meeting.

Federal Defendants' Response to Plaintiffs' Brief - 3

/s/ *Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a true and correct copy of the above document was electronically filed with the Clerk of Court using CM/ECF. Copies of the document will be served upon interested counsel via the Notices of Electronic Filing that are generated by CM/ECF.

/s/ *Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorney for Federal Defendants