**Daniel F. Mulvihill, OSB No. 230803**
dmulvihill@cablehuston.com
**Laura Maffei, OSB No. 993177**
lmaffei@cablehuston.com
CABLE HUSTON LLP
1455 S.W. Broadway Suite 1500
Portland, Oregon 97201
Telephone: (503) 224-3092
Facsimile: (503) 224-3176

*Attorneys for Proposed Intervenors-*
*Defendants City of Albany, Oregon and*
*City of Sweet Home, Oregon*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL DEFENSE CENTER, WILDEARTH GUARDIANS, and NATIVE FISH SOCIETY**, | Case No. 3:18-cv-00437-HZ |
| Plaintiffs, | **PROPOSED INTERVENOR-DEFENDANTS CITY OF ALBANY'S AND CITY OF SWEET HOME'S REPLY MEMORANDUUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE** |
| v. | |
| **UNITED STATES ARMY CORPS OF EINGINEERS and NATIONAL MARINE FISHERIES SERVICE, et al.**, | |
| Defendants, | |
| and | |
| **CITY OF SALEM and MARION COUNTY**, | |
| Defendant-Intervenors. | |

_____

Proposed Defendant-Intervenors City of Albany ("Albany") and City of Sweet Home ("Sweet Home") (together, the "Proposed Intervenors" or the "Cities") respectfully submit this Reply Memorandum of Law in further support of their motion to intervene as of right as a defendant in this action, and, in the alternative, for permission to intervene under Fed. R. Civ. P. 24(b).

## INTRODUCTION

The Court should grant the Cities' Motion to Intervene in this matter because it is the only mechanism that would allow the Cities to participate in shaping the Court-ordered drawdown of the Green Peter Reservoir in Fall 2024 and beyond. There is no question that the Cities have significant rights and interests that have been, and will continue to be, impacted by the drawdowns, and, to date, the current parties have not adequately protected those rights and interests.

To that end, the Cities moved the Court after they had determined that Plaintiffs and the Federal Defendants would not adequately protect their interests and in advance of the Court's upcoming review of the United States Army Corps' ("Corps'") Status Report, which has not yet been submitted to the Court. The Corps' Status Report will set forth what modifications, if any, the Corps will propose to the Court for review. The Cities' motion provides them the opportunity to participate in this review and by heard *by the Court*, which is the ultimate decision-maker with respect to the operation of the drawdowns, and potentially correct the oversights committed by the Corps and the Expert Panel with respect to the initial drawdown of the Green Peter Reservoir in Fall 2023 (the "Fall 2023 Drawdown"). Hopefully, with the Cities' input and participation, the Court and the parties can mitigate the disastrous impacts that the drawdowns have on downstream communities, municipal water supplies, and residents.

## ARGUMENT

As set forth in Proposed Intervenors' opening Memorandum of law, the Ninth Circuit applies a four-part test for determining if an applicant has a right to intervene under Rule 24(a)(2). These four factors include: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citation omitted).

In their respective Responses, neither Plaintiffs nor the Federal Defendants contest the Cities' conclusions that the Cities (a) have a protectable interest that will be affected by the Court's action; (b) that disposition of the case will impede Cities ability to protect their interests; and (c) that the current parties cannot adequately protect their interests. Indeed, the facts of this case clearly demonstrate that these events have already come to pass – and will do so again absent any modifications to the Corps' drawdown plan. Accordingly, the Court need only determine whether Proposed Intervenors' motion is timely. *See Wilderness Soc'y,* 630 F.3d at 1177.

Timeliness is evaluated based on: (i) the stage of the proceedings; (ii) the prejudice to the other parties if intervention were granted; and (iii) the reasons for and length of delay, if any, in seeking intervention. *See, e.g., Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997); *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). The Ninth Circuit has characterized the timeliness factor as "a flexible concept" left to the discretion of district courts. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted).

"Timeliness is to be determined from all the circumstances," *NAACP v. New York.*, 413 U.S. 345, 366 (1973), and is to be construed "broadly in favor of proposed intervenors." *Wilderness Soc'y,* 630 F.3d at 1179 (internal quotations omitted).

## I.    The Cities' Motion is Timely Given the Upcoming Status Report

The Cities' motion to intervene is timely under the "stage of proceedings" factor because it was filed in time for them to participate in the Court's review of the Fall 2024 drawdown plan – and any future drawdowns beyond 2024 – in a meaningful way.[1] Both Plaintiffs and Federal Defendants acknowledge the Corps' upcoming submission of its Status Report, and the Corps has indicated that it could propose changes to the implementation of drawdowns at Green Peter Reservoir in this report. *See Federal Defendants' Response to Proposed Motion to Intervene,* Document 303 at 2, 05/06/2024, Case No. 3:18-cv-00437-HZ; *Plaintiff's Response to City of Albany's and City of Sweet Home's Motion to Intervene,* Document 304 at 12, 05/08/2024, Case No. 3:18-cv-00437-HZ. The manner in which the Corps conducts the Fall 2024 Drawdown will have significant, and potentially disastrous, impacts on the Cities and their water rights if they go unchanged from 2023. Therefore, the Cities' motion is timely because it would give them the opportunity to protect their interests before the Court.

Moreover, in analyzing the "stage of the proceedings" factor, the "[m]ere lapse of time alone is not determinative." *United States v. State of Oregon,* 745 F.2d 550, 552 (9th Cir. 1984).

---

[1] Plaintiffs state that the Fall 2024 "may" be the last drawdown at Green Peter Reservoir (*Id.* at 7), but Federal Defendants' December 2023 Notice to the Court suggests that drawdowns will continue for, at least, several years. *See Federal Defendants' Notice Regarding the Fall Drawdowns at Green Peter and Lookout Point Dams,* Document 289 at 3, 12/20/2023, Case No. 3:18-cv-00437-HZ. (The Corps anticipates … that it may take multiple years for periodic increased turbidity associated with the deep drawdowns to subside."). *See also* U.S. Army Corps of Engineers, *Willamette Valley Project Injunction, Questions & Answers – South Santiam – November 30, 2023*, at Answer 3 ("The DEIS Preferred Alternative includes deep drawdowns for long-term fish passage at Cougar, Fall Creek and Green Peter reservoirs and structural downstream fish passage as a solution at Lookout Point Dam.") (*available at* https://www.nwp.usace.army.mil/Locations/Willamette-Valley/Injunction/) (last visited on May 14, 2024).

"Where a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation." *Smith v. Los Angeles Unified School Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (*citing State of Oregon*, 745 F.2d at 552). As set forth *infra* at Section III, the "change in circumstance" at issue here is the unanticipated turbidity in the South Santiam River that resulted from the Fall 2023 Drawdown and the unexpected and severe impacts it had on the Cities and their residents. Accordingly, based on the "stage of proceedings" factor, the Cities' motion to intervene is timely.

## II.    The Existing Parties Will Not Be Substantially Prejudiced by Intervention

As noted above, both Plaintiffs and Federal Defendants acknowledge that the Court will be reviewing the Corps' upcoming Status Report soon. The Cities' participation in the Court's review of the Status Report will not add any significant burden on the parties. The "only 'prejudice' that is relevant ... is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented —and not from the fact that including another party in the case might make resolution more 'difficult.'" *Smith v. Los Angeles Unified School Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (*quoting United States v. Oregon*, 745 F.2d 550, 552–53 (9th Cir. 1984)). Plaintiffs and Federal Defendants both argue that they could be prejudiced if they are forced to relitigate matters that have been decided, but these arguments ignore the precedents of *Smith* and *Oregon* which require the Court to focus on whatever prejudice, if any, resulted during the period starting when the Cities learned that their interests were not being adequately represented (late 2023) and the time they filed this motion. As there has been no prejudice, this factor weighs in favor of intervention.

5 –   **PROPOSED DEFENDANT-INTERVENORS CITY OF ALBANY'S AND CITY OF SWEET HOME'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE**

Tacitly acknowledging the test set forth in *Smith* and *Oregon*, Plaintiffs also complain that the Cities should have intervened five months ago "if they wanted to address their concerns through litigation before the next drawdown begins." (*Plaintiff's Response to City of Albany's and City of Sweet Home's Motion to Intervene,* Document 304 at 10). However, Plaintiffs also acknowledge that the Court's consideration of potential modifications has not yet occurred. *Id.* at 12. Thus, neither Plaintiffs nor Defendants will have to relitigate anything that was decided after the Cities became aware that their interests were not being adequately protected. *See Smith*, 830 F.3d at 859 (district court erred in finding that "prejudice" factor weighted against intervention where "neither the district court nor [plaintiff] has pointed to any evidence whatsoever of additional costs or other prejudice suffered between August 2013 and October 2013."). Importantly, the Cities cannot comment on, support, or object to the Corps' modifications until they are presented to the Court, so their participation in this case would look no different had they intervened in November 2023 rather than April 2024.

Finally, any prejudice to the existing litigants from the Cities' intervention is vastly outweighed by the potential impacts to the Cities if the next drawdown is conducted in the same manner as the Fall 2023 Drawdown. This is particularly true for the Corps, which is a federal agency whose mission is to serve and protect the general public. The Corps' actions contravene the requirement, imposed by President Biden in Executive Order 14096, that all federal agencies

> identify, analyze, and address disproportionate and adverse human
> health and environmental effects (including risks) and hazards of
> Federal activities, including those related to climate change *and
> cumulative impacts of environmental and other burdens on
> communities with environmental justice concerns*.

E.O. 14096 of Apr 21, 2023, at Sec. 3(i) (emphasis added). In her Declaration submitted in support of the Cities' motion, Sweet Home City Manager Kelcey Young described the effects

that the Fall 2023 Drawdown had on low-income residents of Sweet Home who rely on fishing

for subsistence. *See Declaration of Kelcey Young in Support of Proposed Intervenor-Defendants*

*City of Albany and City of Sweet Home's FRCP 24 Motion to Intervene*, Document 299 at ¶ 7,

04/24/2024, Case No. 3:18-cv-00437-HZ. Federal Defendants have a legal duty to analyze the

environmental justice impacts of their actions, and thus far have failed to do so. Accordingly, the

Court should not weigh the "prejudice" factor against intervention solely because the parties may

be required to expend more resources addressing the environmental quality and environmental

justice issues that they have been ignoring.

### III.    Proposed Intervenors Timely Moved for Intervention Following the Fall 2023 Drawdown

Under Ninth Circuit precedent, the length of delay in moving to intervene is "measured

from the date the proposed intervenor should have been aware that its interests would no longer

be protected adequately by the parties[.]" *United States v. State of Washington*, 86 F.3d 1499,

1503 (9th Cir. 1996). Plaintiffs and Federal Defendants both argue that the Cities' motion is

untimely because, according to them, the Cities should have been aware of this litigation and its

potential impacts as early as 2018, but their arguments ignore the *United States v. Washington*

precedent. It only became clear to the Cities that the Federal Defendants would no longer

adequately protect downstream rights and interests when the turbidity issues (and fish kills)

occurred in late 2023.[2]

Since the disastrous effects of the Fall 2023 Drawdown came to light, the Corps has

acknowledged that the magnitude of the turbidity caused by the drawdowns was unexpected. In

---

[2] Plaintiffs also argue that the Cities should have moved to intervene in November 2023 (*Plaintiff's Response to City of Albany's and City of Sweet Home's Motion to Intervene,* Document 304 at 10) but, as explained *supra* at Section II, the time that elapsed between November 2023 and April 2024 was not substantial and did not cause any prejudice to the parties.

the document that Federal Defendants attached to their Response as an exhibit, the Corps admits that "[w]hile some increase in turbidity was expected, *the full effects of complying with the court order were not known until they were experienced*." *Federal Defendants' Response to Proposed Motion to Intervene,* Document 303-1 at 12 (emphasis added). Further, as set forth in the Cities' opening memorandum, the current parties and the Expert Panel did not discuss or consider turbidity in any report or court filings. Thus, it is undisputed that the effects of the Fall 2023 Drawdown were not foreseeable, and there was no reason for the Cities to intervene in this case prior to November 2023.

Further, it was not until the effects of the Fall Drawdown impacted the Cities that it learned that its interests were no longer being adequately protected by the parties. *See State of Washington*, 86 F.3d at 1503. There are no provisions in either the Interim Injunction or the Green Peter Implementation Plan that suggest that the Corps' actions would violate Oregon's water quality laws and standards. Thus, the Cities had no knowledge that the Fall 2023 Drawdown would result in violations of those standards until December 2023 when the Cities learned that the Oregon Department of Environmental Quality had determined that the Corps had violated numerous provisions of Oregon's water quality regulations. *See Notice Regarding the Fall Drawdown at Green Peter and Lookout Point Dams,* Document 289-1 at 1-2. Accordingly, the Cities did not delay their intervention and the Court should grant their motion to intervene.

## IV.    PLAINTIFFS' AND FEDERAL DEFENDANTS' PROPOSED ALTERNATIVES TO INTERVENTION ARE INADEQUATE

The Court should grant the Cities' motion to intervene because the alternatives proposed by Plaintiffs and Federal Defendants are inadequate and will not give the Cities an adequate means to protect their interests because they would not allow the Cities to raise their concerns

with *the Court*. For example, the Corps has offered to "coordinate" with the public (*Id.* at 5) and to "keep the public informed" leading up to and during future drawdown events. (*Pre-Enforcement Notice,* Document 303-1 at 15, 12/20/2023, Case No. 3:18-cv-00437-HZ). According to the Corps, the Cities can learn about drawdowns, and potentially voice their concerns, in "information sessions" with the Corps. *Federal Defendants' Response to Proposed Motion to Intervene,* Document 303 at 5.

However, since the Fall 2023 Drawdown, the Corps has often deflected blame for heightened turbidity and other deleterious effects of the drawdown from itself, citing the mandatory terms of the Interim Injunction for these events. For example, in its response to ODEQ's Pre-Enforcement Notice (which Federal Defendants included in their Response), the Corps cited the "non-discretionary" and "Court-imposed" actions as a defense to ODEQ's enforcement of Oregon's water quality regulations. The Corps added that while it "may request modifications to the injunction terms, whether the court will alter its deep drawdown order *is a matter that rests with it*." *Pre-Enforcement Notice,* Document 301-1 at 1 (emphasis added).[3]

The Corps cannot have it both ways: they cannot throw up their hands, saying that the Court is the ultimate authority in this matter (which it is) but then argue that forums outside of the legal process are sufficient alternatives for the Cities. The Cities must have an opportunity to be heard by the ultimate decision-maker and have the opportunity to press the Court for modifications that would lessen the drastic impacts of drawdowns on their communities and

---

[3] *See also* U.S. Army Corps of Engineers, *Kokanee salmon loss below Green Peter Dam* ("**6 - Why doesn't the Corps stop the drawdown now that you know the fish are dying?** The court injunction requires the Corps to carry out the deep drawdown. … **9 - You knew that fish would die as a result of this action, why didn't you do anything?** The court injunction requires the Corps to carry out the deep drawdown and did not identify the impact to other fish as a constraint on the operation.") (emphasis in original) (available at https://www.nwp.usace.army.mil/Locations/Willamette-Valley/Green-Peter/Green-Peter-Kokanee/) (last visited on May 14, 2024).

9 – **PROPOSED DEFENDANT-INTERVENORS CITY OF ALBANY'S AND CITY OF SWEET HOME'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE**

residents. Accordingly, the Court should not entertain Plaintiffs' and Federal Defendants' proposed alternatives and should grant the Cities' motion to intervene.

## V.    THE COURT SHOULD NOT LIMIT THE CITIES' INVOLVEMENT IN THIS CASE

The Cities acknowledge that the Court has discretion to limit the Cities' intervention to responding to the Corps' upcoming Status Report, as both Plaintiffs and Federal Defendants have suggested. The Cities, however, cannot voluntarily consent to such limitations at this time. The Cities do not know what modifications, if any, the Corps will make to the drawdown plan, and whether such modifications would be protective of the Cities' water rights and their residents, and therefore cannot rule out the possibility of seeking judicial relief in response to the Corps' Status Report.

It is imperative that the Court understand that disastrous effects the Fall 2023 Drawdown had on the Cities, in particular Sweet Home. A similar drawdown of the Green Peter Reservoir in Fall 2024 literally threatens Sweet Home's existence as a city, as the South Santiam River and the reservoirs are the key basis for its local economy. A similar drawdown would also have major impacts on Sweet Home's low-income community, many of whom rely on fishing in the river and reservoirs for subsistence. Thus, the Cities cannot voluntarily waive the possibility of seeking relief from the Interim Injunction because they have a *duty* to protect their residents and their rights to clean drinking water if the Corps ignores their concerns and maintains the status quo.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that the Court grant their motion for leave to intervene as of right pursuant to Fed. R. Civ. P. 24(a), or, in the

alternative, that the Court permit them to intervene pursuant to Fed. R. Civ. P. 24(b), so that they

may adequately protect their legal interests before the Court.

     DATED this 20th day of May, 2024.

CABLE HUSTON LLP

/s/ Daniel F. Mulvihill
Daniel F. Mulvihill, OSB No. 230803
dmulvihill@cablehuston.com
Laura Maffei, OSB No. 993177
lmaffei@cablehuston.com
Telephone:  (503) 224-3092
Facsimile:  (503) 224-3176

*Attorneys for Proposed Defendant-*
*Intervenors City of Albany, Oregon and City*
*Sweet Home, Oregon*

I hereby certify that I served the foregoing **PROPOSED INTERVENOR-DEFENDANTS CITY OF ALBANY'S AND CITY OF SWEET HOME'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE** on:

Elizabeth Hunter Potter
Lauren M. Rule
Advocates for the West
3701 SE Milwaukie Avenue, Suite B
Portland, OR 97202

*Attorney for Plaintiffs*

Michael R. Eitel
United States Department of Justice
Environment & Natural Resources Division
999 18th Street
South Terrace, Suite 302
Denver, CO 80202

*Attorneys for Defendants*

Jane E. Vetto
Marion County Counsel
555 Court Street NE, Suite 5242
Salem, OR 97309

*Attorneys for Intervenor-Defendants*

Kaitlyn Poirier
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044

*Attorneys for Defendants*

Ashley L. Vulin
Lawrence B. Burke
Robert E. Miller
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201

*Attorneys for Intervenor-Defendants*

Thomas V. Cupani
555 Liberty Street SE, Room 205
Salem, OR 97301

*Attorneys for Intervenor-Defendants*

by the following indicated method or methods on the date set forth below:

☒  **CM/ECF system transmission**.

☐  **E-mail.** As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐  **I.     Facsimile communication device.**

☐  **II.    First-class mail, postage prepaid.**

☐  **III.   Hand-delivery.**

DATED this 20th day of May, 2024.

/s/ Daniel F. Mulvihill
Daniel F. Mulvihill
Oregon State Bar No. 28083
*Of Attorneys for Proposed Intervenor-Defendants City of Albany*

Page 1 – Certificate of Service