IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST ENVIRONMENTAL
DEFENSE CENTER, WILDEARTH
GUARDIANS, and NATIVE FISH
SOCIETY,

No. 3:18-cv-00437-HZ

OPINION & ORDER

        Plaintiffs,

v.

U.S. ARMY CORPS OF ENGINEERS
and NATIONAL MARINE FISHERIES
SERVICE,

        Defendants,

and

CITY OF SALEM and MARION COUNTY,

        Defendant-Intervenors.

Lauren M. Rule
Elizabeth H. Potter
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave. Ste. B
Portland, OR 97202

        Attorneys for Plaintiffs

Todd Kim
S. Jay Govindan
Michael R. Eitel
Michelle M. Spatz
U.S. DEPARTMENT OF JUSTICE
Environmental and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044

      Attorneys for Defendants

Daniel F. Mulvihill
Laura Maffei
CABLE HUSTON LLP
1455 SW Broadway Suite 1500
Portland, OR 97201

      Attorneys for Proposed Defendant-
      Intervenors City of Albany, Oregon, and
      City of Sweet Home, Oregon.

HERNÁNDEZ, District Judge:

      This case involves an Endangered Species Act and Administrative Procedures Act

challenge to the Defendant Army Corps' operation and maintenance of the Willamette River

Basin Flood Control Project. Plaintiffs allege that Defendant Army Corps did not timely

implement mitigation measures in a 2008 Biological Opinion issued by Defendant National

Marine Fisheries Service intended to protect two salmon species designated as threatened under

the ESA. After years of litigation and a finding on summary judgment that Defendant Army

Corps had failed to fulfill some of its obligations under the ESA, the Court entered an interim

injunction requiring Defendant Army Corps to implement certain measures to protect the

salmonids while the Federal Defendants engaged in consultation under the ESA. One such

measure includes prioritizing fish passage through dams in the Willamette River Basin. Relevant

to this motion, an Expert Panel recommended drawing down the Green Peter Reservoir to 780

feet from mid-November to mid-December. Defendant Army Corps completed this drawdown in the fall, resulting in an unforeseen increase in turbidity downstream from the dam.

Now, Proposed Defendant-Intervenors City of Albany, Oregon, and City of Sweet Home, Oregon, ("Proposed Intervenors") move to intervene as of right as a defendant in this case because their communities—located downstream from the Green Peter Reservoir—were affected by the drawdown. Plaintiffs and Defendants oppose this motion and ask that any intervention be limited to prospective remedy issues associated with the 2024 fall drawdown at Green Peter Dam.[1] For the reasons that follow, the Court grants the Proposed Intervenor's motion with some limitations on their participation in this action.

## STANDARDS

Federal Rule of Civil Procedure 24 sets forth the requirements for a non-party to intervene in a pending federal action. Rule 24(a)(2) requires the Court to permit intervention as a matter of right when, on a timely motion, the intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In determining whether intervention is appropriate, federal courts are guided by practical and equitable considerations. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The applicant has the burden of showing that Rule 24's requirements are met. *Citizens for Balanced Use v. Montana Wilderness Ass'n*., 647 F.3d 893, 897 (9th Cir. 2011). Courts generally interpret the requirements broadly in favor of intervention. *Id.*

---

[1] Defendant-Intervenors City of Salem and Marion County do not oppose this motion. Mot. Intervene 2, ECF 298.

**DISCUSSION**

Proposed Intervenors seek to intervene in this action to protect "their interests with respect to future drawdowns of Green Peter Reservoir by the Corps pursuant to the Court's Interim Injunction." Mot. Intervene 2, ECF 298. According to Proposed Intervenors, the fall 2023 drawdown of the Green Peter Reservoir led to increased turbidity downstream of the dam, significantly impacting Proposed Intervenors' drinking water and local economies. *Id.* at 2–3. Proposed Intervenors would like to participate in the litigation to protect their interests as Defendants consider and refine their approach to the fall 2024 drawdown. *Id.* at 3. Defendants and Plaintiffs oppose the motion as untimely. Def. Resp. Mot. Intervene, ECF 303; Pl. Resp. Mot. Intervene, ECF 304. In the alternative, they ask the Court to limit the scope of Proposed Intervenors' participation. *Id.*

Applicants seeking to intervene as of right must show that (1) the motion to intervene is timely; (2) the applicant asserts "a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; . . . and (4) the existing parties may not adequately represent the applicant's interest." *Donnelly*, 159 F.3d at 409; Fed. R. Civ. P. 24(a)(2). "Timeliness is the threshold requirement for intervention." *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). "Timeliness hinges on 'three primary factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Kalbers v. United States Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021) (citing *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016)).

The Court finds that the motion is timely. First, there was a minimal delay in bringing the motion. As Plaintiffs and the Federal Defendants point out, Proposed Intervenors seek to join this lawsuit after many years of litigation in the final implementation phase of this case. But "[d]elay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation." *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996). Here, the specific impacts of the drawdown at issue—the increased turbidity of the river and its associated effects on water quality in late 2023, *see* Young Decl., ECF 299; Bailey Decl., ECF 300—were not anticipated by any party to this case. Proposed Intervenors sought to intervene just five months after they first experienced issues with water quality and in advance of the next status report, which is due in August 2024. Because Proposed Intervenors were not aware that their interests were no longer adequately protected by the parties until November 2023, the Court finds that any delay was minimal. This weighs in favor of timeliness.

Second, there is no prejudice to the parties in allowing the Proposed Intervenors to participate at this juncture. "[T]he only 'prejudice' that is relevant . . . is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented." *Smith*, 830 F.3d at 857. "'[T]he fact that including another party in the case might make resolution more 'difficult[]' does not constitute prejudice." *Kalbers*, 22 F.4th at 825 (citing *Smith* 830 F.3d at 857). Here, again, Proposed Intervenors sought to intervene within a few months of the negative effects of the drawdown. The parties have not identified any significant prejudice from this short delay as opposed to the general complexity of adding another party to the case. "This lack of prejudice

weighs heavily in favor of timeliness." *See id.* at 826. Any prejudice is further mitigated by limiting Proposed Intervenors' participation, as described below.

Finally, the late stage of the litigation does not weigh against intervention because there was "a change of circumstances . . . that . . . is the 'major reason' for the motion to intervene." *Smith*, 830 F.3d at 854 (citation omitted). Again, the parties and Proposed Intervenors did not foresee the water quality issues from the drawdown. Thus, there was a change of circumstances in the winter of 2023 that prompted this motion to intervene. As all three factors weigh in favor of timeliness, the Court grants the Proposed Intervenors' motion to intervene.[2]

As this case is now in the final implementation phase, however, the Court limits Proposed Intervenor's participation in this suit to issues involving the drawdown of the Green Peter Reservoir. *See State of Or.*, 913 F.2d at 588 (citing cases where courts have found that "no previously litigated issues may be reopened" when intervention is allowed in the remedial phase of a lawsuit where relief had "an unexpected effect on a nonparty"). In other words, Proposed Intervenors may respond to the upcoming status report and seek judicial relief related to the 2024 drawdown of the Green Peter Reservoir should they have concerns over the Federal Defendant's proposed modifications to the drawdown and their associated impacts on the cities of Sweet Home and Albany. Proposed Intervenors are not permitted to relitigate the merits or reopen past issues beyond operations at Green Peter dam. *See State of Wash.*, 86 F.3d at 1504 ("The period of final implementation is too late a stage of the proceeding to permit intervention to relitigate such basic questions.").

---

[2] The parties do not dispute the other elements required to intervene as of right, and the Court finds that Proposed Intervenors have otherwise demonstrated that they have a significant protectable interest related to the property that is the subject of the action, that the disposition of the action may impede their ability to protect their interests, and that the exiting parties may not adequately represent their interests.

**CONCLUSION**

The Court GRANTS in part the City of Albany and City of Sweet Home's Proposed

Motion to Intervene [298]. The Cities may intervene in this action, but the Court limits the

Cities' intervention to issues involving the 2024 drawdown of the Green Peter Reservoir and its

associated impacts on their communities.

IT IS SO ORDERED.


DATED:_____July 2, 2024_____.




MARCO A. HERNANDEZ
United States District Judge